UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

          **Plaintiff,**

-vs-                                        Case No. 2:10-cv-577-FtM-29DNF

BIH CORPORATION, WAYNE A.
BURMASTER, EDWARD A. HAYTER,
NORTH BAY SOUTH CORPORATION,
BIMINI REEF REAL ESTATE, INC.,
RIVERVIEW CAPITAL INC.,
CHRISTPHER L. ASTROM, DAMIAN B.
GUTHRIE, BARON INTERNATIONAL
INC., THE CADDO CORPORATION,
BEAVER CREEK FINANCIAL
CORPORATION,

          **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on the Plaintiff, Securities and Exchange Commission's ("SEC") Motion for Entry of Clerk's Default Against Defendants BIH Corporation and North Bay South Corporation and Relief Defendants Baron International, Inc.[1], The Caddo Corporation, and Beaver Creek Financial Corporation (Doc. 92) filed on May 10, 2012.

---

[1] The Honorable John E. Steele, United States District Judge entered an Order (Doc. 98) which denied the Motion for Entry of Clerk's Default (Doc. 92) as to the Relief Defendant, Baron International, Inc. who filed an appeal of the Order (Doc. 90) requiring it to retain counsel.

On April 16, 2012, Judge Steele entered an Order (Doc. 90) which allowed counsel for BIH Corporation, North Bay South Corporation, The Caddo Corporation, and Beaver Creek Financial Corporation to withdraw. Judge Steele required these Defendants to obtain counsel within twenty-one (21) days from the date of this Order. Pursuant to 28 U.S.C. §1654, a party may appear and conduct their own cases personally. However, a lay person is not permitted to represent any other person or entity. *United States of America v. Blake Medical Center*, 2003 WL 21004734, *1 (M.D. Fla. 2003). Non-natural persons or artificial entities such as corporations, partnerships, and associations, may appear in federal court only through licensed counsel. *Id.*, (citing, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993)), see also, Local Rule 2.03(e). Therefore, BIH Corporation, North Bay South Corporation, The Caddo Corporation, and Beaver Creek Financial Corporation were required to retain counsel to represent them. No appearances by counsel on behalf of these corporations have been made, and the twenty-one day time period has passed.

**IT IS RESPECTFULLY RECOMMENDED:**

1) The Motion for Entry of Clerk's Default Against Defendant BIH Corporation and North Bay South Corporation, and Relief Defendants The Caddo Corporation and Beaver Creek Financial Corporation (Doc. 92) be **GRANTED** and the Motion for Entry of Clerk's Default Against Relief Defendant Baron International, Inc. be **DENIED**.

2) The Clerk be directed to enter defaults against Defendants, BIH Corporation and North Bay South Corporation, and Relief Defendants The Caddo Corporation and Beaver Creek Financial Corporation, and that the Answer (Doc. 61) be stricken as to these Defendants and Relief Defendants.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ___30th___ day of May, 2012.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record