```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

vs.                                    Case No.  2:10-cv-577-FtM-29DNF

BIH CORPORATION, WAYNE A. BURMASTER,
EDWARD A. HAYTER, NORTH BAY SOUTH
CORPORATION, BIMINI REEF REAL
ESTATE, INC., RIVERVIEW CAPITAL
INC., CHRISTOPHER L. ASTROM, DAMIAN
B. GUTHRIE, BARON INTERNATIONAL
INC., THE CADDO CORPORATION, BEAVER
CREEK FINANCIAL CORPORATION,

                    Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on the Securities and Exchange Commission's Motion for Default Final Judgment Against Defendants BIH Corporation and North Bay South Corporation and Relief Defendants The Caddo Corporation and Beaver Creek Financial Corporation (Doc. #111) filed on August 28, 2012.  No responses have been filed and the time to respond has expired.  The Court finds that an evidentiary hearing on the motion is not required in this case and will render a decision based on the documents submitted.

On June 27, 2012, a Clerk's Entry of Default (Doc. #104) was entered as to defendants BIH Corporation, Beaver Creek Financial Corporation, North Bay South Corporation, and The Caddo

Corporation. Therefore, plaintiff has complied with the necessary prerequisite under Fed. R. Civ. P. 55(a) for a default judgment.

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ]  A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ]  A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof."  Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009)(internal quotations and citations omitted).

Deeming all the allegations in the Complaint (Doc. #1) as admitted, certain individuals implemented a "pump-and-dump" scheme involving the sale of unregistered shares of BIH Corporation's (BIH) stock to the investing public.  BIH was a penny stock and claimed to be a holding company specializing in the restaurant and hospitality industry.  As part of the scheme, stock was illegally distributed to North Bay South Corporation (North Bay) and other companies, with $1 million of the stock being dumped on investors and the illegally obtained sales proceeds being split amongst the individuals, including relief defendants Beaver Creek Financial Corporation (Beaver Creek) and The Caddo Corporation (Caddo). North Bay acted as an underwriter by selling the unregistered

shares of BIH and as a conduit of the individuals to distribute BIH shares to the public. North Bay generated more than $110,000 from selling shares of BIH. Beaver Creek received more than $230,000 in proceeds from the securities fraud for purportedly providing consulting services. Caddo, an investment banking business, received more than $240,000 in proceeds from the securities fraud.

Plaintiff alleges defendants violated the Securities Act of 1933, the Securities Exchange Act of 1934, and/or Exchange Act Rule 10b-5. Count I (Sections 5(a) and 5(c) of the Securities Act) pertains to both defendants BIH and North Bay. In Count I, plaintiff states that no registration statement was filed or in effect with the Commission and defendants sold securities, carried securities, or offered to sell or offered to buy securities through interstate commerce without a registration statement.

Counts II through IV (Section 17 of the Securities Act and Section 10(b) of the Exchange Act) pertain to BIH only. In Count II, plaintiff states that BIH used interstate commerce to offer or sell securities knowingly, willfully, or recklessly employing devices, schemes, or artifices to defraud. In Count III, plaintiff states that BIH obtained money or property by means of untrue statements of material facts and omissions or engaged in transactions, practices and courses of business to operate as a fraud or deceit upon purchasers and prospective purchasers through interstate commerce. In Count IV, plaintiff states that BIH,

through interstate commerce, knowingly, willfully, or recklessly employed devices, schemes, or artifices to defraud, made untrue statements of material facts, or engaged in acts, practices, and courses of business to defraud purchasers of securities.

In the Complaint, plaintiff sought declaratory relief that defendants violated federal securities laws, a permanent injunction against defendants from further violations, a disgorgement of all ill-gotten gains, including prejudgment interest, civil monetary penalties, and the retention of jurisdiction.  Upon review, the Court finds that plaintiff has established that it is entitled to a default judgment against defendants and the relief defendants.

Accordingly, it is now

**ORDERED**:

1.  Securities and Exchange Commission's Motion for Default Final Judgment Against Defendants BIH Corporation and North Bay South Corporation and Relief Defendants The Caddo Corporation and Beaver Creek Financial Corporation (Doc. #111) is **GRANTED** and Judgment will be entered in favor of plaintiff and against Defendants BIH Corporation and North Bay South Corporation and Relief Defendants The Caddo Corporation and Beaver Creek Financial Corporation as more fully set forth below:

A.  Judgment as to Count I of the Complaint shall be in favor of the SEC and against BIH and North Bay as follows:

> Defendants BIH Corporation and North Bay South Corporation, any of their officers, agents, servants,

representatives, employees, attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

B. Judgment as to Counts II through IV shall be in favor of the SEC and against BIH with particularized permanent injunctive relief to be determined upon motion by plaintiff to be filed within **ONE HUNDRED AND TWENTY (120) DAYS** of this Order.

C. The Securities and Exchange Commission is entitled to disgorgement of all ill-gotten gains as to BIH and North Bay, jointly and severally, in the amount of $1,137,106, plus $143,421 in prejudgment interest;

D.   The Securities and Exchange Commission is entitled to disgorgement of all ill-gotten gains as to Caddo, jointly and severally with BIH and North Bay, in the amount of $245,356.00, plus $41,872.00 of prejudgment interest (with any payments made by Caddo Corp. proportionally reducing the Defendants total disgorgement and prejudgment amount);

E.   The Securities and Exchange Commission is entitled to disgorgement of all ill-gotten gains as to Beaver Creek, jointly and severally with BIH and North Bay, in the amount of $238,676.00, plus $37,036.00 of prejudgment interest (with any payments made by Beaver Creek proportionally reducing the Defendants total disgorgement and prejudgment amount);

F.   The Securities and Exchange Commission is entitled to civil penalties against BIH and North Bay in an amount to be set and determined under separate notice upon motion by plaintiff to be filed within **ONE HUNDRED AND TWENTY (120) DAYS** of this Order.

G.   All amounts ordered shall be due and payable within **THIRTY (30) DAYS** of the entry of judgment.  Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961.  All payments shall be made by sending a United States postal money order, certified check, bank cashier's check or bank money order payable to the Registry of the Court of the United States District Court for the Middle District of Florida under cover of a letter that identifies the name and number of this action, with a copy of said cover letter and money

order or check to Christopher E. Martin, Esq., Securities and Exchange Commission, Senior Trial Counsel, 801 Brickell Avenue, Suite 1800, Miami, Florida, 33131.

For any payments made, the party shall relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to any of them. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

2. The Clerk shall withhold the entry of judgment in favor of the SEC and against defendants BIH Corporation and North Bay South

Corporation and Relief Defendants The Caddo Corporation and Beaver Creek Financial Corporation pending submission of a motion by the SEC with the permanent injunction language and the amount of civil penalties.

    3.  The Court will retain jurisdiction over the enforcement of the judgment upon entry.

    **DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of September, 2012.

                                              JOHN E. STEELE
                                              United States District Judge

Copies:
Counsel of record