**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

-vs-                                            Case No.  2:10-cv-577-FtM-29DNF

BIH CORPORATION, WAYNE A.
BURMASTER, EDWARD A. HAYTER,
NORTH BAY SOUTH CORPORATION,
BIMINI REEF REAL ESTATE, INC.,
RIVERVIEW CAPITAL INC.,
CHRISTPHER L. ASTROM, DAMIAN B.
GUTHRIE, BARON INTERNATIONAL
INC., THE CADDO CORPORATION,
BEAVER CREEK FINANCIAL
CORPORATION,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST RELIEF DEFENDANT BARON INTERNATIONAL, INC. (Doc. No. 113)** |
| **FILED:** | **September 4, 2012** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

-1-

The Plaintiff, the Securities and Exchange Commission is requesting that the Court direct the Clerk to enter a default against the Relief Defendant Baron International, Inc. for failure to plead or otherwise defend.  On April 16, 2012, the Honorable John E. Steele, United States District Judge entered an Order (Doc. 90) which required  the corporate defendants including Baron International, Inc. to retain counsel within twenty-one (21) days from the date of the Order.  The Court cautioned that "[i]f no appearance is filed by counsel, the Answer (Doc. #61) [Answer and Affirmative Defenses] will be stricken and plaintiff may file a motion for default against the corporations." (Doc. 90, p. 5).  On May 17, 2012, the Relief Defendant, Baron International filed a Notice of Appeal (Doc. 96) and appealed the Order (Doc. 90).  On August 10, 2012, the Eleventh Circuit Court of Appeals entered a dismissal of the appeal for want of prosecution due to Baron International, Inc. failing to retain counsel.  (Doc. 109).  Barron International, Inc. has failed to comply with the Order (Doc.90) by failing to retain counsel to represent it.

Pursuant to 28 U.S.C. §1654, a party may appear and conduct their own cases personally. However, a lay person is not permitted to represent any other person or entity.  *United States of America v. Blake Medical Center*, 2003 WL 21004734, *1 (M.D. Fla. Feb. 13, 2003).  Non-natural persons or artificial entities such as corporations, partnerships, and associations, may appear in federal court only through licensed counsel.  *Id.*, (citing, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993)), see also, Local Rule 2.03(e).   Therefore, Baron International, Inc. was required to retain counsel and failed to comply with the Order (Doc. 90) directing it to retain counsel.

**IT IS FURTHER RESPECTFULLY RECOMMENDED:**

1) That the Clerk be directed to enter a default against Baron International, Inc. for failing to comply with a Court Order and failing to retain counsel to represent it.

2) That the Answer and Affirmative Defenses (Doc. 61) be stricken as to Baron International, Inc.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ___28th___ day of September, 2012.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record