UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

vs.                                        Case No.  2:10-cv-577-FtM-29DNF

BIH CORPORATION, WAYNE A. BURMASTER,
EDWARD A. HAYTER, NORTH BAY SOUTH
CORPORATION,  BIMINI  REEF  REAL
ESTATE,  INC.,  RIVERVIEW  CAPITAL
INC., CHRISTPHER L. ASTROM, DAMIAN
B.  GUTHRIE,  BARON  INTERNATIONAL
INC., THE CADDO CORPORATION, BEAVER
CREEK FINANCIAL CORPORATION,

       Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Default Final Judgment Against Relief Defendant Baron International, Inc. (Doc. #126) filed on November 1, 2012.  No response has been filed and the time to respond has expired.  The Court finds that an evidentiary hearing on the motion is not required in this case and will render a decision based on the documents submitted.

On October 19, 2012, the Court issued an Opinion and Order (Doc. #124) adopting the Magistrate Judge's Report and Recommendation (Doc. #122) recommending that the Securities and Exchange Commission's (SEC) motion for entry of Clerk's default for failure to comply with the Court's Orders and retain counsel be granted and that the Answer and Affirmative Defenses (Doc. #61) of

Baron International, Inc. (Baron International) be stricken.   A Clerk's Entry of Default (Doc. #127) was issued on November 27, 2012 against Baron International.   Therefore, plaintiff has complied with the necessary prerequisite under Fed. R. Civ. P. 55(a) for a default judgment.[1]

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ]  A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof."   Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009)(internal quotations and citations omitted).

Deeming all the allegations in the Complaint (Doc. #1) as admitted, certain individuals implemented a "pump-and-dump" scheme involving the sale of unregistered shares of BIH Corporation's (BIH) stock to the investing public.   BIH was a penny stock and claimed to be a holding company specializing in the restaurant and hospitality industry.   BIH's website claimed that Galo, an

---

[1]On September 26, 2012, the Court issued an Opinion and Order (Doc. #121) granting a default final judgment against defendants BIH Corporation and North Bay South Corporation and Relief Defendants The Caddo Corporation and Beaver Creek Financial Corporation.

"accomplished entrepreneur", was the president and CEO of BIH but Glao is an alter ego and never existed.

As part of the scheme, $1 million of the stock was dumped on "unwitting" investors and the illegally obtained sales proceeds split amongst companies, including relief defendant Baron International. Baron International builds restaurants and sells beverage systems and equipment. In 2008, Baron International became a subsidiary of BIH and received more than $90,000 in proceeds without any legitimate basis from defendants' securities fraud.

On June 25, 2008, and the day after, a press release was issued by BIH and individuals announcing that Baron International would sell for between 19 and 23 cents a share and if the sale was completed, BIH would pay a one time cash dividend of between 7 and 9 cents a share. On August 19, 2008, another press release was issued regarding the "pending sale" and claimed additional revenues Baron International generated would create a higher sales price. On November 11, 2008, a press release was issued quoting the fictitious Galo and claiming another purchase price increase. On November 13, 2008, a press release quoted the fictitious Galo and falsely reported that Baron International has signed a multi-million dollar renovation deal. The press releases were false and misleading. North Bay sold more than 21 million BIH shares for more than $110,000, and in turn wired more than $90,000 in sales

proceeds to Baron International.   No registration statement was filed or in effect with regard to the securities offered for sale by BIH and sold to North Bay.

Only Count I pertains to Baron International.   Plaintiff alleges all defendants violated the Securities Act of 1933, the Securities Exchange Act of 1934, and/or Exchange Act Rule 10b-5. Count I (Sections 5(a) and 5(c) of the Securities Act) states that no registration statement was filed or in effect with the Commission and defendants sold securities, carried securities, or offered to sell or offered to buy securities through interstate commerce without a registration statement.   In the Complaint, plaintiff sought declaratory relief that defendants violated federal securities laws, a permanent injunction against defendants from further violations, a disgorgement of all ill-gotten gains, including prejudgment interest, civil monetary penalties, and the retention of jurisdiction.   Upon review, the Court finds that plaintiff has established that it is entitled to a default judgment against Baron International.

Accordingly, it is now

**ORDERED**:

1.   Plaintiff's Motion for Default Final Judgment Against Relief Defendant Baron International, Inc. (Doc. #126) is **GRANTED** and Judgment will be entered in favor of plaintiff and against Defendant Baron International as to Count I as follows:

A.   The Commission is entitled to disgorgement of all ill-gotten gains as to Relief Defendant Baron International, Inc., jointly and severally with Defendants BIH Corporation and North Bay South Corporation, in the amount of $13,000, plus $1,917 of prejudgment interest (with any payments made by Baron proportionally reducing the Defendants total disgorgement and prejudgment amount);

B.   All amounts ordered shall be due and payable within **thirty (30) days** of the Court entering this Final Judgment.   Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961.   All payments shall be made by sending a United States postal money order, certified check, bank cashier's check or bank money order payable to the Registry of the Court of the United States District Court for the Middle District of Florida under cover letter that identifies the name and number of this action, with a copy of said cover letter and money order or check to Christopher E. Martin, Esq., Securities and Exchange Commission, Senior Trial Counsel, 801 Brickell Avenue, Suite 1800, Miami, Florida, 33131;

C.   For any payments made, the party shall relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to any of them.   The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.   These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.   In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.   The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.   Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002; and

   D. The Court will retain jurisdiction over the enforcement of the judgment upon entry.

   2. The Clerk shall enter judgment accordingly, send a copy of this Opinion and Order to Mr. Ingala, and terminate Baron International as a pending defendant in this case.

   **DONE AND ORDERED** at Fort Myers, Florida, this  17th  day of December, 2012.

             JOHN E. STEELE
             United States District Judge

Copies:
Counsel of record

-6-