UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

vs.                     Case No. 2:10-cv-577-FtM-29DNF

BIH CORPORATION, WAYNE A. BURMASTER, EDWARD A. HAYTER, NORTH BAY SOUTH CORPORATION, BIMINI REEF REAL ESTATE, INC., RIVERVIEW CAPITAL INC., CHRISTOPHER L. ASTROM, DAMIAN B. GUTHRIE, BARON INTERNATIONAL INC., THE CADDO CORPORATION, BEAVER CREEK FINANCIAL CORPORATION,

          Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court on Plaintiff Securities and Exchange Commission's Motion to Strike Defendant Wayne A. Burmaster Jr.'s Amended Answer and Affirmative Defenses to Complaint and Crossclaim Against BIH Corporation (Doc. #100) filed on May 29, 2012 and Plaintiff Securities and Exchange Commission's Motion to Strike Defendant Edward W. Hayter's Amended Answer and Affirmative Defenses to Complaint (Doc. #102) filed on May 30, 2012. Defendants Burmaster and Hayter filed a joint Response in Opposition (Doc. #108) on August 8, 2012.

Plaintiff filed a Complaint (Doc. #1) alleging violations of the Securities Act and the Exchange Act. In response, defendants Burmaster and Hayter joined by other defendants filed a Motion to Transfer or Dismiss (Docs. ##28, 29), which was denied (Doc. #45).

Burmaster and Hayter then joined the other defendants in filing an Answer and Affirmative Defenses (Doc. #61). Subsequently, Burmaster filed an Amended Answer and Affirmative Defenses to Complaint and Crossclaim Against BIH Corporation (Doc. #93) and Hayter filed an Amended Answer and Affirmative Defenses (Doc. #95). Now, plaintiff seeks to strike Burmaster's counter claims and third party complaints as well as most of Hayter and Burmaster's affirmative defenses.

**I.**

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored, and will be denied unless the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties. Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1302 (11th Cir. 1999). Affirmative defenses are subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R.

Civ. P. 8(b)(1)(A). As with any pleading, an affirmative defense must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 553 (2007), and state a plausible defense, Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009).

**II.**

Burmaster has responded to the Complaint (Doc. #1) with thirty-eight affirmative defenses, labeled ¶¶ 52-89. (Doc. #93.) Hayter has similarly responded to the Complaint with forty-three affirmative defenses, labeled ¶¶ 52-94. (Doc. #95.) Many of the affirmative defenses in Burmaster's Amended Answer and Affirmative Defenses are identical to Hayter's. Plaintiff seeks to strike all but one affirmative defense in each of defendants' responses. The Court will address these affirmative defenses below, grouping together certain defenses when appropriate.

**A. Affirmative Defenses that are not Actual Defenses**

The following affirmative defenses in Burmaster's Amended Answer and Affirmative Defenses are denials rather than affirmative defenses:

56. The SEC's demand for disgorgement against Burmaster appears improper since there is no allegation that he earned any money from the sale of securities.

57. The SEC's request for a permanent injunction appears improper since there is no likelihood that Burmaster will engage in any further unintentional violations of the law.

58. The SEC's request for a penny stock bar appears improper since there exists no allegation that Burmaster previously engaged in any improper activities relating to a stock.

62. Burmaster did not personally engage in any securities fraud violations and, since any activities were not intentional, if a violation occurred Burmaster is not a proper party.

63. The SEC has not alleged sufficient allegations to pierce the corporate veil of any entity Burmaster may be affiliated with.

65. Burmaster acted in good faith as to any activity he engaged in.

67. No allegations made by the SEC constitute material misrepresentations.

70. The alleged statements made in press releases or via dissemination on websites were true at the time that they were made and there was no obligation to update forward looking statements.

71. The SEC paraphrasing of press releases changed their meaning and exaggerated their meaning for the purpose of enhancing the allegations in the Complaint. The press releases, when read in their totality, indicate accurate events with only non-material mistakes therein.

75. All of Burmaster's activities were done in a corporate capacity rather than in an individual capacity.

77. Any monies recurred by Burmaster was in the form of recompense rather than stock sales and therefore not subject to fine or penalty.

78. Burmaster did not sell any stock in his personal capacity and, therefore, is not subject to fine or penalty.

86. The SEC improperly lumped together the alleged actions of each of the defendants and attributed them to all defendants.

87. The SEC's request for injunctive relief should be dismissed because they have an adequate remedy at law and there is no likelihood that Burmaster will commit any further violations if he did commit a violation.

88. The Commission may not use disgorgement punitively. The Commission has not alleged any connection between the alleged fraudulent acts and any money paid to Burmaster. Indeed, it has not alleged Burmaster personally received anything.

The following affirmative defenses in Hayter's Amended Answer and Affirmative Defenses are denials rather than affirmative defenses:

57. The SEC's demand for disgorgement against Hayter appears improper since there is no allegation that he earned any money from the sale of securities.

58. The SEC's request for a permanent injunction appears improper since there is no likelihood that Hayter will engage in any further unintentional violations of the law.

59. The SEC's request for a penny stock bar appears improper since there exists no allegation that Hayter previously engaged in any improper activities relating to a stock.

63. Hayter did not personally engage in any securities fraud violations and, since any activities were not intentional, if a violation occurred Hayter is not a proper party.

64. The SEC has not alleged sufficient allegations to pierce the corporate veil of any entity Hayter may be affiliated with.

66. Hayter acted in good faith as to any activity he engaged in.

68. No allegations made by the SEC constitute material misrepresentations.

71. The alleged statements made in press releases or via dissemination on websites were true at the time that they were made and there was no obligation to update forward looking statements.

72. The SEC paraphrasing of press releases changed their meaning and exaggerated their meaning for the purpose of enhancing the allegations in the Complaint. The press

releases, when read in their totality, indicate accurate events with only non-material mistakes therein.

77. Any monies recurred by Hayter was in the form of recompense rather than stock sales and therefore not subject to fine or penalty.

78. Hayter did not sell any stock in his personal capacity and, therefore, is not subject to fine or penalty.

86. The SEC improperly lumped together the alleged actions of each of the defendants and attributed them to all defendants.

87. The SEC's request for injunctive relief should be dismissed because they have an adequate remedy at law and there is no likelihood that Hayter will commit any further violations if he did commit a violation.

88. The Commission may not use disgorgement punitively. The Commission has not alleged any connection between the alleged fraudulent acts and any money paid to Hayter. Indeed, it has not alleged Hayter personally received anything.

89. The SEC is not entitled to a penny stock bar.

90. The SEC is not entitled to penalties.

91. There is no case in controversy warranting declaratory relief.

94. Any violation of the statutes was solely technical and was harmless and immaterial.

These defenses are, in effect, denials because they allege defects in plaintiff's prima facie case. See In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). However, when a party incorrectly labels a "negative averment as an affirmative defense rather than as a specific denial[,] . . . the proper remedy is not [to] strike the

claim, but rather to treat [it] as a specific denial ." <u>Gonzalez v. Spears Holdings, Inc.</u>, No. 09-60501-CIV, 2009 WL 2391233 (S.D. Fla. July 31, 2009)(citation omitted); <u>Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia</u>, 777 F. Supp. 2d 1322, 1328 (S.D. Fla. 2011). Therefore, the Court will treat Burmaster's Affirmative Defenses ¶¶ 56, 57, 58, 62, 63, 65, 67, 70, 71, 75, 77, 78, 86, 87, 88 and Hayter's Affirmative Defenses ¶¶ 57, 58, 59, 63, 64, 66, 68, 71, 72, 77, 78, 86, 87, 88, 89, 90, 91, 94 as denials and will not strike them.

**B. Affirmative Defenses Previously Decided by the Court or Waived**

The following affirmative defenses in Burmaster's Amended Answer and Affirmative Defenses are defenses that have been waived or previously denied by the Court:

52. The Complaint fails to state a claim upon which relief may be granted.

59. This Court lacks personal jurisdiction over Burmaster.

61. Venue is improper in Florida when, during the material times of the allegations herein, no conduct occurred in Florida.

81. The SEC did not allege sufficient facts to show scienter.

82. The SEC did not allege sufficient facts to show damage.

85. Pursuant to the Federal Rules of Civil Procedure 12(b)(6), 9(b), and 10, the Complaint fails to state a claim upon which relief could be granted and fails to plead fraud with the requisite degree of particularity for alleged violations of the Securities Act and the Exchange Act.

The following affirmative defenses in Hayter's Amended Answer and Affirmative Defenses are defenses that have been waived or previously denied by the Court:

> 53. The Complaint fails to state a claim upon which relief may be granted.
>
> 60. This Court lacks personal jurisdiction over Hayter.
>
> 62. Venue is improper in Florida when, during the material times of the allegations herein, no conduct occurred in Florida.
>
> 81. The SEC did not allege sufficient facts to show scienter.
>
> 82. The SEC did not allege sufficient facts to show damage.
>
> 85. Pursuant to the Federal Rules of Civil Procedure 12(b)(6), 9(b), and 10, the Complaint fails to state a claim upon which relief could be granted and fails to plead fraud with the requisite degree of particularity for alleged violations of the Securities Act and the Exchange Act.

These defenses are issues already raised, argued, and decided by this Court in its prior Opinion and Order (Doc. #45), or have been waived because they were not raised in defendants' motion to dismiss (Docs. ##28, 29), Fed. R. Civ. P. 12(h)(1). A motion to strike is appropriate here. See, e.g., Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294-95 (7th Cir. 1989). Therefore, the Court will strike Burmaster's Affirmative Defenses ¶¶ 59, 61, 81, 82, 85 and Hayter's Affirmative Defenses ¶¶ 60, 62, 81, 82, 85.

**C. Legally Insufficient or Irrelevant Defenses**

Plaintiff seeks to strike the following affirmative defenses

in Burmaster's Amended Answer and Affirmative Defenses as legally insufficient or irrelevant:

> 68. No investor relied on the allegations made by the SEC when deciding whether to make an investment and, [therefore], any erroneous information was not material.
>
> 69. Investors who invest in securities that are traded over the counter are sophisticated investors who would not plausibly have relied on the alleged incorrect information cited by the SEC.
>
> 73. Any damage to investors was caused by the SEC, not by Burmaster, in that the SEC knowingly suspended trading of the stock leaving shareholders without an ability to sell their stock.
>
> 79. Any and all damages were caused by third parties over which Burmaster has no control.
>
> 83. No harm to the investors resulted from any acts or omission of Burmaster.
>
> 84. This enforcement action and the relief sought by the Plaintiff has hurt the shareholders of BIH and will continue to harm them. The action is not in the best interests of investors generally or the BIH shareholders specifically and therefore is contrary to public policy.

Plaintiff seeks to strike the following affirmative defenses in Hayter's Amended Answer and Affirmative Defenses as legally insufficient or irrelevant:

> 69. No investor relied on the allegations made by the SEC when deciding whether to make an investment and, [therefore], any erroneous information was not material.
>
> 70. Investors who invest in securities that are traded over the counter are sophisticated investors who would not plausibly have relied on the alleged incorrect information cited by the SEC.
>
> 74. Any damage to investors was caused by the SEC, not by Hayter, in that the SEC knowingly suspended trading of the stock leaving shareholders without an ability to sell their stock.

79. Any and all damages were caused by third parties over which Burmaster has no control.

83. No harm to the investors resulted from any acts or omission of Hayter.

84. This enforcement action and the relief sought by the Plaintiff has hurt the shareholders of BIH and will continue to harm them. The action is not in the best interests of investors generally or the BIH shareholders specifically and therefore is contrary to public policy.

In support, plaintiff asserts that it is not seeking damages and "'does not need to prove investor reliance, loss causation, or damages' in actions under Sections 10(b) and 17(a)." (Doc. #100, p. 8 n. 4.) The Court agrees. See SEC v. Goble, 682 F.3d 934, 943 (11th Cir. 2012)("Because this is a civil enforcement action brought by the SEC, reliance, damages, and loss causation are not required elements.")(citations omitted). Additionally, these defenses are irrelevant as to Count I because Section 5 imposes strict liability. See SEC v. Simmons, No. 8:04-CV-2477-T-17MAP, 2008 WL 7935266, at *14 (M.D. Fla. Apr. 25, 2008)(citing Swenson v. Engelstad, 626 F.2d 421, 424 (5th Cir. 1980)). Therefore, the Court will strike Burmaster's Affirmative Defenses ¶¶ 68, 69, 73, 79, 83, 84 and Hayter's Affirmative Defenses ¶¶ 69, 70, 74, 79, 83, 84.

### D. Laches

Burmaster's Affirmative Defense ¶ 74 and Hayter's Affirmative Defense ¶ 75 state that:

74. The action is barred by the doctrine of laches.

75. The action is barred by the doctrine of laches.

Plaintiff asserts that the laches defense does not apply to the government, (Doc. #100, p. 9; Doc. #102, p. 7), and defendants respond that there are exceptions to that general rule, (Doc. #108, p. 5). Because there are exceptions to the general rule, <u>United States v. Delgado</u>, 321 F.3d 1338, 1349 (11th Cir. 2003), the Court can not strike on the basis that this issue is insufficient as a matter of law. However, defendants do not allege any facts as to the theory and applicable exception which would establish a plausible defense. The motion will be granted without prejudice to filing an amended affirmative defense.

**E. Remainder of the Affirmative Defenses**

**(1) Burmaster Affirmative Defense ¶ 53 and Hayter Affirmative Defense ¶ 54**

Plaintiff argues that the following affirmative defenses should be stricken because the defense is irrelevant to defendants Burmaster and Hayter:

53. There is no such thing as a relief defendant where the SEC did not include any allegations against said defendants under any Count in the Complaint.

54. There is no such thing as a relief defendant where the SEC did not include any allegations against said defendants under any Count in the Complaint.

Defendants Burmaster and Hayter are not relief defendants and have no standing to raise this defense on behalf of the relief defendants. Therefore, the motion to strike is granted as to these affirmative defenses.

### (2) Burmaster Affirmative Defense ¶ 54 and Hayter Affirmative Defense ¶ 55

Plaintiff seeks to strike the following affirmative defenses:

54. The Complaint is barred by the Plaintiff's failure to join indispensable parties such as Cris Galo (Christian Gallo).

55. The Complaint is barred by the Plaintiff's failure to join indispensable parties such as Cris Galo (Christian Gallo).

In support, plaintiff argues that because defendants failed to raise this defense in their motion to dismiss (Docs. ##28, 29), it has been waived. The Court disagrees. The defense of failure to join a party under Fed. R. Civ. P. 19 may be raised, "in any pleading allowed or ordered under Rule 7(a)," "by a motion under Rule 12(c)," or "at trial," Fed. R. Civ. P. 12(h)(2), and is not among the defenses waived by Fed. R. Civ. P. 12(h)(1). Therefore, the motion to strike is denied.

### (3) Burmaster Affirmative Defense ¶¶ 55, 80 and Hayter Affirmative Defense ¶¶ 56, 80

Plaintiff seeks to strike the following affirmative defenses:

55. The SEC's demand for disgorgement is unconstitutional as, if a violation of the Securities Act did occur, any so-called disgorgement should be awarded to and distributed to the shareholders that purchased the stock.

80. The Securities Act and the Exchange Act, as applied to Burmaster, are unconstitutional.

56. The SEC's demand for disgorgement is unconstitutional as, if a violation of the Securities Act did occur, any so-called disgorgement should be awarded to and distributed to the shareholders that purchased the stock.

80. The Securities Act and the Exchange Act, as applied to Hayter are unconstitutional.

The Court finds these affirmative defenses contain no factual allegations which would establish a plausible defense and are insufficiently pled for purposes of Fed. R. Civ. P. 8. The motion to strike will be granted without prejudice to filing amended affirmative defenses.

### (4) Burmaster Affirmative Defense ¶ 60 and Hayter Affirmative Defense ¶ 61

Plaintiff seeks to strike the following affirmative defenses:

60. This Court lacks subject matter jurisdiction over this action.

61. This Court lacks subject matter jurisdiction over this action.

Subject matter jurisdiction is not an affirmative defense, and must be raised by a motion to dismiss. The motion to strike will be granted.

### (5) Burmaster Affirmative Defense ¶ 64 and Hayter Affirmative Defense ¶¶ 65, 93

Plaintiff seeks to strike the following affirmative defenses:

64. Burmaster properly relied on opinions of licensed legal counsel in taking the actions he did and, therefore, did not knowingly engage in any unlawful or improper conduct.

65. Hayter properly relied on opinions of licensed legal counsel in taking the actions he did and, therefore, did not knowingly engage in any unlawful or improper conduct.

93. Any action taken related to the stock was done on good faith reliance on the advice of legal counsel.

The Court finds these affirmative defenses contain sufficient factual allegations to establish a plausible defense and are sufficiently pled for purposes of Fed. R. Civ. P. 8. The motion to

strike will be denied as to these affirmative defenses.

### (6) Burmaster Affirmative Defense ¶ 72 and Hayter Affirmative Defense ¶ 73

Plaintiff seeks to strike the following affirmative defenses as legally insufficient:

72. The Complaint is barred by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995.

73. The Complaint is barred by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995.

"The [Private Securities Litigation Reform Act] applies only to private actions, not to actions filed by the SEC." SEC v. Betta, No. 09-80803-Civ, 2010 WL 963212, at *5 (S.D. Fla. March 15, 2010)(citations omitted). Therefore, the motion to strike is granted as to these defenses, which are stricken with prejudice.

### (7) Burmaster Affirmative Defense ¶ 76 and Hayter Affirmative Defense ¶ 76

Plaintiff seeks to strike the following affirmative defenses:

76. All allegations that parties or non parties raised rights under the Fifth Amendment during administrative proceedings constitute immaterial, irrelevant, and prejudicial material that is inappropriately contained in the Complaint.

76. All allegations that parties or non parties raised rights under the Fifth Amendment during administrative proceedings constitute immaterial, irrelevant, and prejudicial material that is inappropriately contained in the Complaint.

Since this is not an affirmative defense and would be more appropriately addressed in a motion to strike, as Hayter has filed (Doc. #94), the motion to strike will be granted.

### (8) Burmaster Affirmative Defense ¶ 89 and Hayter Affirmative Defense ¶ 92

Plaintiff seeks to strike the following affirmative defenses:

89. Burmaster reserves the right to raise additional defenses that are not presently known to him as a result of the lack of discovery materials provided to him.

92. Hayter reserves the right to raise additional defenses that are not presently known to him as a result of the lack of discovery materials provided to him.

Since this is not an affirmative defense, and defendants have not cited to any federal rule which allows a "placeholder," the motion to strike the affirmative defenses will be granted.

### III.

Burmaster, in his Amended Answer and Affirmative Defenses to Complaint and Crossclaim Against BIH Corporation (Doc. #93), brings three counter claims against plaintiff under the Right to Financial Privacy Act and the Privacy Act of 1974 as well as three third party complaints for indemnification and contribution against the United States of America, Trust Services, S.A., and Cassandra Armento.[1]  Plaintiff moves to strike and in support argues that: (1) pursuant to Section 21(g) of the Securities Exchange Act of 1934, Burmaster is not allowed to bring counter claims and third party claims without plaintiff's consent, which has not been given; and (2) the deadline to add parties expired more than a year before the counter claims and third party claims were filed. (Doc. #100.)

---

[1] No proof of service has been filed as to the third party complaints.

Burmaster makes the following arguments in response: (1) Section 21(g) only applies to equitable actions and, here, the SEC is also seeking legal remedies; (2) Section 21(g) only applies to actions filed under the Exchange Act; (3) the Right to Financial Privacy claims are authorized by statute; and (4) plaintiff's counsel cannot deny the request to pursue the claims. (Doc. #108.)

Section 21(g) of the Exchange Act provides:

> Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g). While no federal circuit court of appeals has considered whether Section 21(g) applies when the SEC seeks both legal and equitable relief, many district courts have considered the issue and have held that Section 21(g) does apply. See, e.g., SEC v. Wealth Mgmt. LLC, No. 09-C-506, 2009 WL 3765395 (E.D. Wis. Nov. 9, 2009)(collecting cases); SEC v. Bradt, 93-8521-CIVGONZALEZ, 1995 WL 215220 (S.D. Fla. March 7, 1995)); see also SEC v. Weintraub, No. 11-21549-CIV, 2011 WL 4346580 (S.D. Fla. Sept. 16, 2011). The Court similarly finds that Section 21(g) is not limited to actions where the SEC only seeks equitable relief.

Burmaster's remaining arguments are unavailing. First, the application of Section 21(g) does not seem limited to Exchange Act

claims as it applies more generally to actions "instituted by the Commission pursuant to the securities laws." 15 U.S.C. § 78u(g). Second, Section 21(h)'s application of the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401 et seq., to the SEC does not effect the application of Section 21(g). Third, Burmaster's assertion that "[c]ounsel for the SEC does not maintain authority to deny the request himself," (Doc. #108, p. 2), fails to show that consent has been given. Therefore, because Section 21(g) prevents Burmaster from bringing his counter claims and third party claims without the consent of plaintiff and no such consent has been given, the Court will strike Burmaster's counter claims and third party complaints.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Securities and Exchange Commission's Motion to Strike Defendant Wayne A. Burmaster Jr.'s Amended Answer and Affirmative Defenses to Complaint and Crossclaim Against BIH Corporation (Doc. #100) and Plaintiff Securities and Exchange Commission's Motion to Strike Defendant Edward W. Hayter's Amended Answer and Affirmative Defenses to Complaint (Doc. #102) are **GRANTED in part and DENIED in part.**

2. Burmaster's Affirmative Defenses ¶¶ 56, 57, 58, 62, 63, 65, 67, 70, 71, 75, 77, 78, 86, 87, 88 and Hayter's Affirmative Defenses ¶¶ 57, 58, 59, 63, 64, 66, 68, 71, 72, 77, 78, 86, 87, 88,

89, 90, 91, 94 will be treated as denials and as such will not be stricken.

3. Burmaster's Affirmative Defenses ¶¶ 53, 59, 60, 61, 68, 69, 72, 73, 76, 79, 81, 82, 83, 84, 85, 89 and Hayter's Affirmative Defenses ¶¶ 54, 60, 61, 62, 69, 70, 73, 74, 76, 79, 81, 82, 83, 84, 85, 92 will be stricken with prejudice.

4. Burmaster's Affirmative Defenses ¶¶ 55, 74, 80 and Hayter's Affirmative Defenses ¶¶ 56, 75, 80 will be stricken without prejudice to filing amended affirmative defenses as to these defenses within FOURTEEN (14) DAYS of this Opinion and Order.

5. Burmaster's counter claims and third party complaints are stricken.

**DONE AND ORDERED** at Fort Myers, Florida, this 25th day of March, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Pro se parties