UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 2:10-cv-00577-JES-DNF

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| BIH CORPORATION, et al. | ) ) |
| Defendants. | ) ) ) |

**DAMIAN B. GUTHRIE'S DECLARATION IN OPPOSITION TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR FINAL JUDGMENTS AGAINST DEFENDANTS BIH CORPORATION, NORTH BAY SOUTH CORPORATION, BIMINI REEF REAL ESTATE, INC., RIVERVIEW CAPITAL, INC., CHRISTOPHER L. ASTROM, AND DAMIAN B. GUTHRIE**

In accordance with 28 U.S.C. § 1746, I, Damian B. Guthrie, declare as follows:

1.  I am the Chief Executive Officer of Riverview Capital, Inc. ("Riverview"), which is a Minnesota corporation founded in 2005 to engage in investments. I am fully familiar with the facts and circumstances surrounding this action, and I make this Declaration in opposition to Plaintiff Securities and Exchange Commission's Motion for Final Judgments Against Defendants BIH Corporation, North Bay South Corporation, Bimini Reef Real Estate, Inc., Riverview Capital, Inc., Christopher L. Astrom, and Damian B. Guthrie ("Motion for Judgments").

2.  Riverview sold its shares of BIH Corporation's stock at issue in this case in reliance upon an opinion letter from attorney Cassandra Armento that indicated such shares were eligible for sale and exempt from the registration requirements of the federal securities laws. If Riverview or I had know that the shares were not eligible for sale as indicated in Cassandra Armento's opinion letter, Riverview would never have sold the shares at issue in this case. Neither Riverview nor I ever intended to violate any securities law. However, nothing in this Declaration should be

construed as a denial of any of the allegations relating to Riverview or me in Plaintiff's Complaint for Injunctive and Other Relief ("Complaint").

3. In its Motion for Judgments, Plaintiff relies upon the Declaration of Timothy Galdencio ("Galdencio Declaration"). The Galdencio Declaration acknowledges that Riverview wired $238,676 to Beaver Creek between May 2008 and November 2008. However, the Galdencio Declaration fails to acknowledge multiple other payments made from Riverview's Alarion Bank Business Checking Account (the same account that sent the wires to Beaver Creek that the Galdencio Declaration acknowledges) to other companies from the proceeds of the BIH stock sales at issue. For example, Riverview's Alarion Bank statements (attached hereto as "Exhibit A") show the following payments made from the proceeds of the BIH stock sales at issue in this matter:

| Date | Check No. | Payee Name | Amount of Payment |
|---|---|---|---|
| May 5, 2008 | 1558 | Wahoo Funding, Inc. | $769.00 |
| May 12, 2008 | 1560 | Wahoo Funding, Inc. | $518.50 |
| June 19, 2008 | 1568 | Wahoo Funding, Inc. | $2,653.00 |
| June 30, 2008 | 1570 | Wahoo Funding, Inc. | $37,497.00 |
| September 22, 2008 | 1528 | Bonn Capital | $12,675.00 |
| September 28, 2008 | 1533 | Wahoo Funding, Inc. | $29,400.00 |
| October 20, 2008 | 1535 | Bonn Capital | $3,482.00 |
| October 20, 2008 | 1536 | Bonn Capital | $2,580.00 |
| October 20, 2008 | 1534 | Bonn Capital | $3,900.00 |
| October 20, 2008 | 1531 | Bonn Capital | $16,223.00 |
| October 27, 2008 | 1538 | Wahoo Funding, Inc. | $7,447.00 |
| October 27, 2008 | 1537 | Wahoo Funding, Inc. | $34,725.00 |

| Date | Check No. | Payee Name/Payment Reason | Amount of Payment |
|---|---|---|---|
| October 31, 2008 | 1539 | Wahoo Funding, Inc. | $3,440.00 |
| November 4, 2008 | 1541 | Wahoo Funding, Inc. | $3,712.00 |
| | | TOTAL PAYMENTS | $159,021.50 |

See Exhibit A.

4.     The Galdencio Declaration also fails to calculate many expenses relating to the BIH stock sales in question in this matter (most of which were paid from the proceeds of the BIH stock sales), all of which are also reflected in Riverview's Alarion Bank statements:

| Date | Check No. | Payee Name/Payment Reason | Amount of Payment |
|---|---|---|---|
| January 22, 2008 | 1523 | Heritage Management Group/Office Lease | $1,631.72 |
| February 27, 2008 | 1525 | Heritage Management Group/Office Lease | $1,631.72 |
| April 4, 2008 | 1553 | Heritage Management Group/Office Lease | $1,631.13 |
| April 30, 2008 | 1557 | Heritage Management Group/Office Lease | $1,631.13 |
| May 27, 2008 | 1561 | Heritage Management Group/Office Lease | $1,632.90 |
| June 23, 2008 | 1567 | Heritage Management Group/Office Lease | $1,631.72 |
| July 23, 2008 | 1572 | Heritage Management Group/Office Lease | $1,696.98 |
| August 20, 2008 | 1575 | Heritage Management Group/Office Lease | $1,696.98 |
| September 12, 2008 | 1526 | Heritage Management Group/Office Lease | $1,696.98 |
| October 3, 2008 | 1532 | Heritage Management Group/Office Lease | $1,696.98 |
| November 19, 2008 | 1542 | Heritage Management Group/Office Lease | $1,696.98 |
| December 15, 2008 | 1544 | Heritage Management Group/Office Lease | $1,696.98 |
| March 28, 2008 | 1552 | Minnesota Revenue/Minnesota State Taxes | $300.00 |
| April 30, 2008 | 1556 | United States Treasury/Federal | $112.00 |

|  |  | Taxes |  |
| --- | --- | --- | --- |
| June 16, 2008 | 1565 | Minnesota Revenue/Minnesota State Taxes | $1,852.31 |
| August 15, 2008 | 1574 | Berryhill Hoffman & Getsee P.A./Corporate Accounting Invoice | $1,000.00 |
|  |  | TOTAL PAYMENTS | $23,236.51 |

<u>See</u> Exhibit A.

5.     I am not employed, and have not been employed since 2008 when I was employed in the real estate industry. I am the primary care provider for my children and do not work outside my home in any manner. I have no current source of income, and am not seeking employment due to caring for my children.

6.     I do not own any real estate and have no funds in savings other than a SEP IRA with a nominal balance.

7.     I do not own any vehicle. I drive a 2002 Ford 350 pickup truck that is in my wife's name and is worth approximately $5,000.00.

8.     I have over $9,000.00 in credit card debt individually, and over $35,000.00 in credit card debt jointly with my wife. I have a negative net worth.

9.     I have never declared bankruptcy.

I, Damian B. Guthrie, declare under penalty of perjury that the foregoing is true and correct.

**DATED:**    May 20, 2013

                                                            Damian B. Guthrie