```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

vs.                                  Case No.   2:10-cv-577-FtM-29DNF

BIH CORPORATION, WAYNE A. BURMASTER,
EDWARD A. HAYTER, NORTH BAY SOUTH
CORPORATION, BIMINI REEF REAL
ESTATE, INC., RIVERVIEW CAPITAL
INC., CHRISTPHER L. ASTROM, DAMIAN
B. GUTHRIE, BARON INTERNATIONAL
INC., THE CADDO CORPORATION, BEAVER
CREEK FINANCIAL CORPORATION,

                Defendants.
_____

**<u>ORDER</u>**

This matter comes before the Court on Plaintiff Securities and Exchange Commission's Motion to Strike Declaration of Wayne Burmaster and Affidavit of Christian Gallo from the Defendants Response to the Commission's Statement of Undisputed Facts in Support of its Motion for Summary Judgment (Doc. #139) filed on March 7, 2013. Defendants Edward Hayter and Wayne Burmaster filed an Opposition (Doc. #146) on April 2, 2013.

Plaintiff filed a Motion for Summary Judgment (Doc. #67) against defendants Wayne A. Burmaster, Jr. (Burmaster) and Edward W. Hayter (Hayter) on March 2, 2012.[1] After discovery concluded in this matter and after a number of extensions granted by the Court,

---

[1]The Court has ordered default judgments against the remaining defendants and relief defendants named in the Motion for Summary Judgment. (Docs. ## 121, 131.)

on February 14, 2013, Hayter and Burmaster filed an Opposition to the Securities and Exchange Commission's Motion for Summary Judgment (Doc. #136) and Response to the Securities and Exchange Commission's Statement of Undisputed Facts in Support of its Motion for Summary Judgment (Doc. #137). In their response to plaintiff's statement of undisputed facts, Hayter and Burmaster submitted a declaration by Burmaster and an affidavit by non-party Christian Gallo (Gallo), which included testimony on subjects that Burmaster and Gallo refused to testify to in their investigative testimony and depositions by invoking the Fifth Amendment privilege against self incrimination. (Doc. #137, pp. 34-44.) Plaintiff seeks to strike Burmaster's declaration and Gallo's affidavit.

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

In filing Gallo's affidavit and Burmaster's declaration, which included testimony on subjects that Burmaster and Gallo refused to respond to in their investigative testimony and depositions, Burmaster and Gallo have now withdrawn their assertion of the Fifth Amendment privilege. The issue before the Court is whether they should be allowed to do so at this late stage in the proceedings.

"Withdrawal 'is dependent on the particular facts and circumstances of each case.'" SEC v. Smart, 678 F.3d 850, 855 (10th

Cir. 2012)(quoting <u>Davis-Lynch, Inc. v. Moreno</u>, 667 F.3d 539, 546 (5th Cir. 2012)).

> Generally, "[t]he court should be especially inclined to permit withdrawal of the privilege if there are no grounds for believing that opposing parties suffered undue prejudice from the litigant's later-regretted decision to invoke the Fifth Amendment." Conversely, withdrawal is not permitted if the litigant is trying to "abuse, manipulate or gain an unfair strategic advantage over opposing parties."

<u>Davis-Lynch, Inc.</u>, 667 F.3d at 547 (footnote and citation omitted). An example of impermissible withdrawal is "when [a party] invoked the privilege throughout discovery and then sought to withdraw the privilege either to support or defend against a motion for summary judgment." <u>Id.</u> (collecting cases). Under those circumstances, the opposing party is often placed "at a significant disadvantage because of increased costs, delays, and the need for a new investigation." <u>Id.</u> at 548. "On the other hand, factors that favor permitting withdrawal include the pro se status of the party who asserted the privilege and now seeks its withdrawal, coupled with a lack of awareness of the consequences of taking the Fifth, and possession by the opposing party of sufficient substitute evidence from the invoking party." <u>Smart</u>, 678 F.3d at 855 (citing <u>Davis-Lynch, Inc.</u>, 667 F.3d at 548)).

Here, Burmaster and Gallo are withdrawing their assertion of the Fifth Amendment privilege well after the discovery period has ended and in an attempt to defend against plaintiff's motion for summary judgment. In order to balance the significant disadvantage

to plaintiff the late withdrawal would cause with defendants' *pro se* status, the Court will defer its ruling on this motion and reopen discovery for the limited purpose of allowing depositions for defendant Burmaster and non-party Gallo.  After the completion of the limited discovery, the parties will have an opportunity to supplement their briefs as to plaintiff's Motion for Summary Judgment (Doc. #67).  The deadlines will be reset under a separate scheduling order.

Accordingly, it is now

**ORDERED**:

1.  Plaintiff Securities and Exchange Commission's Motion to Strike Declaration of Wayne Burmaster and Affidavit of Christian Gallo from the Defendants Response to the Commission's Statement of Undisputed Facts in Support of its Motion for Summary Judgment (Doc. #139) is **DEFERRED.**

2.  Discovery will be reopened for the limited purpose of allowing depositions for defendant Wayne Burmaster and non-party Christian Gallo.  The remaining deadlines will be reset under a separate amended scheduling order.

**DONE AND ORDERED** at Fort Myers, Florida, this 23rd day of May, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Pro se parties
Counsel of record