```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SECURITIES AND EXCHANGE COMMISSION,

                 Plaintiff,

vs.                                        Case No. 2:10-cv-577-FtM-29DNF

BIH CORPORATION, WAYNE A. BURMASTER, EDWARD A. HAYTER, NORTH BAY SOUTH CORPORATION, BIMINI REEF REAL ESTATE, INC., RIVERVIEW CAPITAL INC., CHRISTPHER L. ASTROM, DAMIAN B. GUTHRIE, BARON INTERNATIONAL INC., THE CADDO CORPORATION, BEAVER CREEK FINANCIAL CORPORATION,

                 Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Securities and Exchange Commission's Renewed Motion to Strike Declaration of Wayne Burmaster and Affidavit of Christian Gallo from the Defendants Response to the Commission's Statement of Undisputed Facts in Support of its Motion for Summary Judgment (Doc. #159) filed on July 19, 2013. Defendant Edward W. Hayter (Hayter) filed an Opposition (Doc. #160) on August 13, 2013. On October 11, 2013, plaintiff filed its Reply (Doc. #164). On October 18, 2013, the Court deferred its ruling on the motion and reopened discovery for the limited purpose of allowing depositions for defendant Wayne A. Burmaster Jr. (Burmaster) and non-party Christian Gallo (Gallo). (Doc. #165.) After the depositions were taken, on November 21,

2013, plaintiff filed a Notice of Filing Supplemental Authority and Evidence in Further Support of its Renewed Motion (Doc. #166). For the reasons set forth below, the motion is granted.

**I.**

Some procedural history is warranted. Plaintiff filed a Motion for Summary Judgment (Doc. #67) against defendants Burmaster and Hayter on March 2, 2012. After discovery concluded and after a number of extensions granted by the Court, nearly a year later, on February 14, 2013, Hayter and Burmaster filed an Opposition to the Securities and Exchange Commission's Motion for Summary Judgment (Doc. #136) and Response to the Securities and Exchange Commission's Statement of Undisputed Facts in Support of its Motion for Summary Judgment (Doc. #137). In their response to plaintiff's statement of undisputed facts, Hayter and Burmaster submitted a declaration by Burmaster and an affidavit by non-party Gallo, which included testimony on subjects that Burmaster and Gallo refused to testify to in their investigative testimony and depositions by invoking the Fifth Amendment privilege against self incrimination. (Doc. #137, pp. 34-44.) Plaintiff requested the Court strike Burmaster's declaration and Gallo's affidavit. (Doc. #139.) In its May 23, 2013 Order, the Court held that:

> In order to balance the significant disadvantage to plaintiff the late withdrawal would cause with defendants' *pro se* status, the Court will defer its ruling on this motion and reopen discovery for the limited purpose of allowing depositions for defendant Burmaster and non-party Gallo. After the completion of

>     the limited discovery, the parties will have an opportunity to supplement their briefs as to plaintiff's Motion for Summary Judgment (Doc. #67).

(Doc. #157.)

On July 19, 2013, plaintiff filed a Renewed Motion to Strike (Doc. #159), in which plaintiff asserted that Burmaster failed to appear for his duly noticed deposition and that Gallo evaded service. Because plaintiff failed to properly serve Burmaster with a notice of deposition, the Court deferred its ruling on the motion and again reopened discovery for thirty days for the limited purpose of allowing depositions for defendant Burmaster and non-party Gallo. (Doc. #161.)

On November 21, 2013, plaintiff filed a Notice of Filing Supplemental Authority and Evidence in Support of its Renewed Motion (Doc. #166), in which plaintiff included the transcripts of Burmaster and Gallo's depositions. During Burmaster's deposition, with the exception of testifying that "as far as the press releases go, I had no knowledge before the press releases came out; nor did I write any press releases for this," Burmaster asserted his Fifth Amendment privilege to plaintiff's questions. (Doc. #166-1, p. 2.) In Gallo's deposition, Gallo stated: "Anything I said in my affidavit is the truth and any other question you ask me pertaining to anything, I am going to plead the Fifth." (Doc. #166-2, p. 1.) Gallo then proceeded to assert his Fifth Amendment privilege to plaintiff's questions. (Doc. #166-2.)

**II.**

Plaintiff again seeks to strike Burmaster's declaration and Gallo's affidavit. Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

As stated in the Court's earlier Order:

> In filing Gallo's affidavit and Burmaster's declaration, which included testimony on subjects that Burmaster and Gallo refused to respond to in their investigative testimony and depositions, Burmaster and Gallo have now withdrawn their assertion of the Fifth Amendment privilege. The issue before the Court is whether they should be allowed to do so at this late stage in the proceedings.

(Doc. #157, p. 2.)

"Withdrawal 'is dependent on the particular facts and circumstances of each case.'" SEC v. Smart, 678 F.3d 850, 855 (10th Cir. 2012)(quoting Davis-Lynch, Inc. v. Moreno, 667 F.3d 539, 546 (5th Cir. 2012)).

> Generally, "[t]he court should be especially inclined to permit withdrawal of the privilege if there are no grounds for believing that opposing parties suffered undue prejudice from the litigant's later-regretted decision to invoke the Fifth Amendment." Conversely, withdrawal is not permitted if the litigant is trying to "abuse, manipulate or gain an unfair strategic advantage over opposing parties."

Davis-Lynch, Inc., 667 F.3d at 547 (footnote and citation omitted). An example of impermissible withdrawal is "when [a party] invoked the privilege throughout discovery and then sought to withdraw the privilege either to support or defend against a motion for summary

judgment." Id. (collecting cases). Under those circumstances, the opposing party is often placed "at a significant disadvantage because of increased costs, delays, and the need for a new investigation." Id. at 548. "On the other hand, factors that favor permitting withdrawal include the pro se status of the party who asserted the privilege and now seeks its withdrawal, coupled with a lack of awareness of the consequences of taking the Fifth, and possession by the opposing party of sufficient substitute evidence from the invoking party." Smart, 678 F.3d at 855 (citing Davis-Lynch, Inc., 667 F.3d at 548)).

Here, Burmaster and Gallo withdrew their assertion of the Fifth Amendment privilege well after the discovery period ended and in an attempt to defend against plaintiff's motion for summary judgment. The Court attempted to "balance the significant disadvantage to plaintiff the late withdrawal would cause with defendants' *pro se* status" by reopening discovery for the limited purpose of allowing depositions; however, at their depositions, Burmaster and Gallo attempted to again reassert their Fifth Amendment privilege.

In light of Burmaster and Gallo's depositions, the Court has no doubt that their attempt to withdraw their Fifth Amendment privilege was to "abuse, manipulate or gain an unfair strategic advantage over opposing parties." Therefore, the Court will grant plaintiff's motion and the Declaration of Wayne Burmaster and

Affidavit of Christian Gallo will be stricken.

### III.

Within his opposition to plaintiff's motion, defendant Hayter filed, in the alternative, a Cross-Motion for Leave to Submit Supplemental Evidence in Opposition to Plaintiff's Motion for Summary Judgment. (Doc. #160.) Hayter requests that the Court allow him to replace Gallo's affidavit with his own declaration or a declaration of a third-party with direct knowledge of Gallo's identity and his position as an officer of BIH Corporation. (Id., pp. 1, 2.)

The Court will deny Hayter's request. Hayter had nearly a year to file an opposition to plaintiff's motion for summary judgment and the Court will not allow Hayter to file another declaration at this late stage in the proceedings.

Accordingly, it is now

**ORDERED**:

1. Plaintiff Securities and Exchange Commission's Renewed Motion to Strike Declaration of Wayne Burmaster and Affidavit of Christian Gallo from the Defendants Response to the Commission's Statement of Undisputed Facts in Support of its Motion for Summary Judgment (Doc. #159) is **GRANTED**. The Declaration of Wayne Burmaster (Doc. #137, pp. 34-37) and Affidavit of Christian Gallo (Doc. #137, pp. 38-44) attached to defendants' Response (Doc. #137) are **stricken**.

2. Plaintiff Securities and Exchange Commission's Motion to Strike Declaration of Wayne Burmaster and Affidavit of Christian Gallo from the Defendants Response to the Commission's Statement of Undisputed Facts in Support of its Motion for Summary Judgment (Doc. #139) is **DENIED as moot.**

3. Defendant Edward Hayter's Cross-Motion for Leave to Submit Supplemental Evidence in Opposition to Plaintiff's Motion for Summary Judgment (Doc. #160) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this <u>13th</u> day of December, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record
Pro se parties