**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**CASE NO. 2:10-CV-577-FTM-29 DNF**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **BIH CORPORATION,** | ) |
| **WAYNE A. BURMASTER, JR.,** | ) |
| **EDWARD W. HAYTER,** | ) |
| **NORTH BAY SOUTH CORPORATION,** | ) |
| **BIMINI REEF REAL ESTATE, INC.,** | ) |
| **RIVERVIEW CAPITAL INC.,** | ) |
| **CHRISTOPHER L. ASTROM, and** | ) |
| **DAMIAN B. GUTHRIE,** | ) |
| **Defendants,** | ) |
| | ) |
| **BARON INTERNATIONAL, INC.,** | ) |
| **THE CADDO CORPORATION, and** | ) |
| **BEAVER CREEK FINANCIAL CORPORATION,** | ) |
| | ) |
| **Relief Defendants.** | ) |
| | ) |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO STRIKE DEFENDANT EDWARD HAYTER'S DEPOSITION DESIGNATIONS AND CERTAIN OF HIS TRIAL WITNESSES**

Plaintiff Securities and Exchange Commission hereby files this Motion to Strike Defendant Edward Hayter's deposition designations and certain of his trial witnesses. In the Joint Final Pre-Trial Statement of Hayter and the Commission ("Joint Pre-Trial Statement"), Hayter listed numerous undisclosed witnesses, including Commission attorneys, including lead trial counsel for the Commission, and other irrelevant witnesses, such as his former counsel. In addition, Hayter failed to designate the page and line numbers of the depositions he designated (instead he designated entire depositions) and otherwise designated objectionable, unfairly prejudicial, or irrelevant testimony.

**Factual Background**

On Hayter's Witness List (Joint Final Pre-Trial Statement, DE 179-3), he identified numerous undisclosed witnesses. Specifically, Hayter listed as witnesses, among others: (1) undersigned counsel, Christopher E. Martin, Senior Trial Counsel, Commission's Miami Regional Office ("MIRO"); (2) Eric Bustillo, Regional Director, MIRO; (3) Glenn S. Gordon, Associate Regional Director, MIRO; (4) Elisha Frank, Assistant Regional Director, MIRO; (5) Robert K. Levenson, Regional Trial Counsel, MIRO; (6) Gary Miller, Senior Counsel, MIRO; (7) Custodian of Records, Trust Services, S.A., La Pitahaya, Calle 34, Avenida 7, San Jose, Costa Rica;[1] (8) Cassandra Armento, Attorney at Law; and (9) his former counsel, Sam Israel, Esq.[2] [*See* DE 179, at p. 5 & Ex. 3]. Years prior, in February 2011, *while represented by counsel*, Hayter, Wayne Burmaster, and other Defendants provided the Commission with the disclosures required by Federal Rule of Civil Procedure 26. [*See* BIH Defendants' Required Disclosures, attached as Exhibit A]. Therein, they listed their witnesses, which did not include any of the above-referenced witnesses. [*See Id.*, at pp. 1-3]. Also, they did not provide any supplemental disclosures.

Moreover, in the Joint Final Pre-Trial Statement, Hayter designated "all depositions of Christian Gallo taken by the SEC in their totality and all depositions, except for privileged statements, that the [Commission] took from Wayne Burmaster." [*See* DE 179, at p. 11].[3]   In

---

[1] Hayter's listing of a custodian of records for Trust Services does not make any sense. Hayter does not have trial exhibits (*see* DE 179 at p. 5); no documents were produced from Trust Services; and Hayter did not list any documents from Trust Services on his disclosure statement. Hence, there are no documents or exhibits for a records custodian from Trust Services to certify.

[2] None of these witnesses were listed on the Commission's witness list. In addition, the Commission expressly stated in the Joint Pre-Trial Statement that it reserved "its right to object to Hayter's Trial Witnesses." [*See Id.*, at p. 5, fn. 2].

[3] Hayter's overly broad and vague designations do not comply with the Court's Order (that requires the specific pages and lines). Also, it appears that Hayter is trying to designate portions of these depositions were the witnesses made speeches (not in response to any questions posed) and other objectionable testimony.

response, the Commission stated in the Joint Final Pre-Trial Statement that it specifically objected to:  "(1) Hayter's failure to abide by the Court's Order, since he did not specify the pages and lines he is designating; (2) any deposition testimony not designated by the Commission; and (3) any designated testimony of Gallo or Burmaster where they do not assert the 5th Amendment.  [*See* DE 177 - the Commission's February 3, 2014 Motion *In Limine* Regarding Invocations of the 5th Amendment]."

## Legal Memorandum

### A.   The Court Should Grant the Motion to Strike

Fed.R.Civ.P. 12 allows this Court to strike any pleading, such as this one, that contains any insufficient defense.  In pertinent part Rule 12 states that:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Federal Rule of Civil Procedure 12(f) allows the Court to strike any legally insufficient defense or immaterial matter.  *Florida Software Sys., Inc. v. Columbia/HCA Healthcare Corp.*, No. 97-2866-CIV-T-17B, 1999 WL 781812 at *1 (M.D. Fla. Sept. 16, 1999); *Bank Tejarat v. Varsho-Saz*, 723 F. Supp. 516, 517 (C.D. Cal. 1989).  The Court should, therefore, strike certain of Hayter's trial witnesses and deposition objections, because they contain legally insufficient or immaterial witnesses and deposition designations.

### 1.   The Court Should Strike Hayter's Undisclosed Witnesses

Hayter failed to disclose witnesses as required by Fed.R.Civ.P. 26.  Pursuant to Fed.R.Civ.P. 37(c)(1) Hayter faces sanctions for failing to disclose witnesses as required by Fed. R. Civ. P. 26:

3

> *A party* that without substantial justification *fails to disclose information required by Rule 26(a) or 26(e)(1) shall not,* unless such failure is harmless, *be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.* [Fed.R.Civ.P. 37(c)(1), emphasis added].

The Advisory Committee Notes for the 1993 Amendments to Rule 37 state that this is a "self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion . . . ." Fed. R. Civ. P. 37 advisory committee's note; *see Coles v. Perry*, 217 F.R.D. 1, 5 (D.D.C. 2003) (district court found that defendant did not comply with obligation to disclose documents and witnesses and invoked automatic sanction required by Fed. R. Civ. P. 37(c)(1) of excluding evidence); *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20-21 (1st Cir. 2001) (district court did not abuse its discretion in imposing Rule 37(c)(1)'s self-executing sanction).  Accordingly, the Court should strike from Hayter's witness list his undisclosed witnesses -- Commission attorneys (Martin, Bustillo, Gordon, Frank, Levenson, Miller); his former counsel, Israel; Armento, Attorney at Law; and Custodian of Records from Trust Services.

Moreover, the Eleventh Circuit uses a three-part test in determining whether a court should allow a late-disclosed witness to testify, and the district court's decision is reviewable only for abuse of discretion.  *Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 780 (11th Cir. 1982). In evaluating whether the exclusion of a late witness was an abuse of discretion, an appellate court should consider:

(1) the explanation for the failure to disclose the witness,

(2) the importance of the testimony, and

(3) the prejudice to the opposing party if the witness had been allowed to testify.

*Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1321 (11th Cir. 2008); *see also R.M.R. ex rel. P.A.L. v. Muscogee Cnty. Sch. Dist.*, 165 F.3d 812, 818 (11th Cir. 1999) (no abuse of discretion for excluding witness not disclosed in pretrial witness list); *Bearint ex rel. Bearint v. Dorell*

*Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) (same).  In the Eleventh Circuit, the first and third factors, together, can outweigh the second.  *Bearint*, 389 F.3d at 1353 ("Regardless of the importance of [the] testimony, the reasons for the delay in the . . . disclosure and the consequent prejudice that [the] testimony would have caused [the nonmoving party] require us to affirm the district court's ruling.").  Even the decision to retain new counsel does not justify failure of a party to comply with orders and deadlines established by the Court.  *Perez-Santiago v. Volusia Cnty.*, 2009 WL 8523925 (M.D. Fla. Oct. 30, 2009).

Here, Hayter does not have any substantial justification for his delay, and it would be unduly prejudicial to the Commission to develop or rebut these witnesses' testimonies that are disclosed so close to trial.  The Court should not allow Hayter to engage in litigation by ambush and should, therefore, strike from Hayter's witness list Commission attorneys (Martin, Bustillo, Gordon, Frank, Levenson, Miller); Israel; Armento; and Custodian of Records from Trust Services**.**

## 2.  <u>Hayter Listed Numerous Irrelevant Witnesses</u>

Hayter has listed a number of Commission attorneys, which do not have any relevancy to the issue at hand – whether Hayter violated the anti-fraud and registration provisions of the federal securities laws?  A party's attorney should not be called as a witness unless his or her testimony is both necessary and unobtainable from other sources. *United States v. Crockett*, 506 F.2d 759, 760 (5th Cir.1975).   It is a part of the general "advocate-witness" rule that counsel should avoid appearing as both advocate and witness except under extraordinary circumstances." *United States v. Hosford*, 782 F.2d 936, 938 (11th Cir. 1986).  In *Hosford*, the Eleventh Circuit expounded on the issue, laying out four policy reasons underlying this general rule in a criminal context:

(1)     The rule eliminates the risk that a testifying prosecutor will not be a fully objective witness given his position as an advocate for the government.

(2)     There is fear that the prestige or prominence of a government prosecutor's office will artificially enhance his credibility as a witness.

(3)     The performance of dual roles by a prosecutor might create confusion on the part of the trier of fact as to whether the prosecutor is speaking in the capacity of an advocate or of a witness, thus raising the possibility of the trier according testimonial credit to the prosecutor's closing argument.

(4)     The rule reflects a broader concern for public confidence in the administration of justice, and implements the maxim that "justice must satisfy the appearance of justice." This concern is especially significant where the testifying attorney represents the prosecuting arm of the federal government.

782 F.2d at 938-39 (quoting *United States v. Johnston*, 690 F.2d 638, 643 (7th Cir. 1982)).  Here, no such extraordinary circumstances exist.  Allowing Hayter to call Commission attorneys, including opposing counsel, as witnesses would serve no legitimate purpose and would violate well-established principles.[4]

Moreover, Hayter's former counsel and the various Commission lawyers he lists are irrelevant as they cannot testify to any fact of consequence in determining whether Hayter violated the law during the relevant time period.  Hayter has not listed any expert witnesses and there has been no showing that any of these witnesses have any relevant knowledge regarding what the jury must consider:  whether Hayter violated the anti-fraud and registration provisions of the federal securities laws?  The Court should, therefore, strike from Hayter's witness list the above referenced witnesses.

Furthermore, Hayter's listing of a custodian of records for Trust Services is puzzling,

---

[4] Also, it is a waste of governmental resources to call high-ranking Commission attorneys, such as Bustillo, the Director of the MIRO; Gordon, the head of enforcement for MIRO; and Levenson, Regional Trial Counsel for MIRO, to testify at trial without a substantial showing from Hayter that they are absolutely necessary, which he has failed to do.

because Hayter does not have trial exhibits (*see* DE 179 at p. 5), no documents were produced from Trust Services, and Hayter did not list any documents from Trust Services on his disclosure statement.  Hence, there are no documents or exhibits for a records custodian from Trust Services to certify.  Hence, the Court should also strike from Hayter's witness list the custodian of records of Trust Services.

### 3.   <u>The Court Should Strike All of Hayter's Deposition Designations</u>

Hayter designated "all depositions of Christian Gallo taken by the SEC in their totality and all depositions, except for privileged statements, that the SEC took from Wayne Burmaster." [*See* DE 179, at p. 11].  Hayter's designation does not comply with the Court's Order, because he did not specify the pages and lines he is designating. [*See* Court's Case Management and Scheduling Order, DE 42 at p. 6].   The Court should, therefore, strike all of Hayter's deposition designations.

### 4.   <u>The Court Should Strike Any Deposition Designation Containing Unsolicited Statements or Do Not Follow the Proper Question and Answer Format</u>

Hayter apparently designated portions of Gallo and Burmaster's depositions, which contain unsolicited statements or do not follow the proper question and answer format. Accordingly, pursuant to Federal Rules of Evidence 403 and 611(a), the Court should exclude any unsolicited statements or statements that do not follow the proper question and answer format.  In this case, it is without question that any court would both strike and instruct the jury to disregard trial testimony that a witness blurted out on his or her own accord rather than in response to counsel's question.  With no question posed by counsel, such testimony would be nonresponsive, unsolicited, and clearly inadmissible.  Because the testimony at issue would be inadmissible if the witness were present, the Commission objects (pursuant to Fed.R.Civ.P.

32(b)) to the unsolicited deposition testimony or statements that do not follow the proper question and answer format that Hayter apparently seeks to admit.

Specifically, the Commission moves to strike the unsolicited statement by Christian Gallo at his November 14, 2013 deposition where he stated (not in response to any question) that "anything I said in my affidavit is the truth and any other question you ask me pertaining to anything, I am going to plead the 5th."[5]  [*See* Christian Gallo Deposition, Nov. 14, 2013, DE 166-2, p. 4, ll 10-15].  In addition, the Commission moves to strike the questions asked by Burmaster during his deposition to undersigned counsel regarding whether the Commission can appoint him an attorney or immunity and that he did not have knowledge of or write the press releases.  [*See* Wayne Burmaster Deposition, Nov. 13, 2013, DE 166-1, pp. 4-5, ll 8-25].

### 5.   The Court Should Strike Any Deposition Designations by Hayter Where Gallo or Burmaster Did Not Assert the 5th Amendment

In the Commission's Omnibus Motion *In Limine*, the Commission has moved to prevent Gallo and Burmaster from giving substantive testimony at trial, because allowing them to provide substantive testimony while shielding themselves from follow-up questioning from the Commission imposes an "unfair prejudice" on the Commission.  [*See* DE 177 at pp. 8-10].  It is "well accepted" that a witness' testimony is subject to being stricken when a deponent asserts the 5th Amendment privilege against self-incrimination and afterwards attempts to testify.  *United States v. Parcels of Land,* 903 F.2d 36, 44 (1st Cir. 1990); *see also United States v. Certain Real Prop. & Premises Known as: 4003-4005 5th Ave.*, 55 F.3d 78, 84-86 (2d Cir. 1995) (rejecting defendant's attempt to withdraw the invocation of the privilege); *United States v. Doddington*, 822 F.2d 818, 822 (8th Cir. 1987) (granting the government's motion to strike defendant's

---

[5] Also, this statement is vague and ambiguous as it is unclear what affidavit he is referring.  In addition, what purported to be an affidavit attached to the Defendants opposition to the Commission's Motion for Summary Judgment has already been stricken from the record, so the Court should not allow any testimony about it.

testimony after he asserted the 5th Amendment during the government's cross examination); *United States v. Real Prop. & Premises Known as 4408 Hillside Court*, 1992 WL 120217 at *3, 966 F.2d 144-45 (4th Cir. June 2, 1992) (striking defendant's affidavit filed after an assertion of the 5th Amendment).  A civil litigant is free to invoke the 5th Amendment, but once the privilege is invoked, "the privilege cannot be tossed aside to support a party's assertions during trial or during summary judgment proceedings." *Pond v. Bd. of Trs.*, 2004 WL 2538645 at *4 (S.D. Ind. Sept. 9, 2004) (citing *SEC v. Zimmerman*, 854 F. Supp. 896 (N.D. Ga. 1993)).  "Federal courts find such a preclusive effect grounded in the reasoning that a defendant may not use the Fifth Amendment to shield himself from the opposition's inquiries during discovery only to impale his accusers with surprise testimony in the summary judgment stage." *Id*.  To allow a defendant to engage in such tactics would constitute "a positive invitation to mutilate the truth." *Parcels of Land*, 903 F.2d at 43 (quoting *Lawson v. Murray*, 837 F.2d 653, 656 (4th Cir. 1988)).  This Court should decline Hayter's invitation to mutilate the truth and not allow him to read to the jury any deposition designation where Gallo or Burmaster did not assert the 5th.

Moreover, to allow Burmaster and Gallo to substantively testify after years of asserting the 5th Amendment is not allowed.  As one court noted:

> In those instances in which a party asserts the Fifth Amendment across-the-board in civil litigation to prevent an opponent from obtaining any discovery at all of evidence of the facts at issue and of the position of the party invoking the privilege on those facts, the injustice of allowing that party to put on evidence at a hearing or trial on the same facts is especially manifest.

*SEC v. Interlink Data Network of Los Angeles, Inc.*, 1993 WL 603274, at *8 n.97 (C.D. Cal. Nov. 15, 1993).  *Accord SEC v. Cross Financial Services, Inc.*, 908 F.Supp. 718, 721 n.3 (C.D. Cal. 1995) (same).

As one court held when striking a declaration opposing summary judgment, "it would be abuse of the Fifth Amendment privilege to allow a civil litigant to use it to offer proofs while denying the adversary discovery of his contentions." *SEC v. Benson*, 657 F. Supp. 1122, 1129 (S.D.N.Y. 1987).  *Accord SEC v. Smart*, 678 F.3d 850, 854-56 (10th Cir. 2012) (declaration properly stricken where defendant "did not attempt to withdraw his assertion of the Fifth Amendment until after the SEC had moved for summary judgment and the discovery cut-off date had expired").[6]  At this late juncture, for the Court to allow Burmaster and Gallo to substantively testify after frustrating the Commission's attempt to obtain discovery on these issues would constitute "a positive invitation to mutilate the truth."  *Brown v. United States*, 356 U.S. 148, 156 (1958); *Certain Real Property*, 55 F.3d at 86 (affirming order rejecting evidence from defendant, noting prejudice inherent "when a litigant relies on the Fifth Amendment during discovery and then decides to waive the privilege much later in the proceeding").  The Court should, therefore, not allow Hayter to read to the jury any deposition designation where Gallo or Burmaster did not assert the 5th.  Accordingly, the Court should strike from Hayter's deposition designations any testimony where Gallo or Burmaster did not assert the 5th.

## Certification

Undersigned counsel conferred with Hayter via email whether he opposed the relief sought in this Motion, but as of the time of filing had not received a response.  Undersigned counsel will promptly inform the Court, if he learns that Hayter does not oppose some or all of the requested relief.

---

[6] *See also SEC v. Softpoint, Inc.*, 958 F. Supp. 846, 855-58 (S.D.N.Y. 1997) (barring defendant from offering testimony after invoking the Fifth Amendment during discovery); *SEC v. Cassano*, 2000 U.S. Dist. LEXIS 12152, at *2-4 (S.D.N.Y.  June 19, 2000) (precluding defendants from testifying on their own behalf after invoking the privilege against self-incrimination).

A proposed Order is submitted herewith.

Respectfully submitted,

March 3, 2014                    By:  s/Christopher E. Martin
                                      Christopher E. Martin
                                      Senior Trial Counsel
                                      martinc@sec.gov
                                      Arizona Bar No. 018486
                                      Direct Dial No.:  (305) 982-6386

                                      Attorney for Plaintiff
                                      **SECURITIES AND EXCHANGE COMMISSION**
                                      801 Brickell Avenue, Suite 1800
                                      Miami, Florida  33131
                                      Telephone:  (305) 982-6300
                                       Facsimile:   (305) 536-4154

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Mark David Hunter, Esq.
Leser Hunter Taubman & Taubman, PLLC
255 University Drive
Coral Gables, FL 33134
Tel:  (305) 629-8816
Fax: (305) 629-8877
*Counsel for Defendants Bimini Reef Real Estate, Inc.,*
*Riverview Capital Inc., Christopher L. Astrom, and Damian B. Guthrie*

and that on March 4, 2014, I served the foregoing document and the notice of electronic filing by U.S. mail to the following non-CM/ECF participants:

Edward Hayter, *pro se*
2167 East 21st Street, #103
Brooklyn, NY 11229

Wayne Burmaster, *pro se*
88 Moffitt Street
Staten Island, NY 10312

s/Christopher Martin
Christopher Martin