UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:10-CV-577-FTM-29 DNF

SECURITIES AND EXCHANGE COMMISSION,          )
                                             )
                           Plaintiff,        )
v.                                           )
                                             )
BIH CORPORATION,                             )
WAYNE A. BURMASTER, JR.,                     )
EDWARD W. HAYTER,                            )
NORTH BAY SOUTH CORPORATION,                 )
BIMINI REEF REAL ESTATE, INC.,               )
RIVERVIEW CAPITAL INC.,                      )
CHRISTOPHER L. ASTROM, and                   )
DAMIAN B. GUTHRIE,                           )
                           Defendants,       )
                                             )
BARON INTERNATIONAL, INC.,                   )
THE CADDO CORPORATION, and                   )
BEAVER CREEK FINANCIAL CORPORATION,          )
                                             )
                           Relief Defendants.)
_____)

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR COURT TO RECONSIDER ITS ORDER PARTIALLY GRANTING AND PARTIALLY DENYING THE SEC'S MOTION TO STRIKE DEFENDANT EDWARD HAYTER'S DEPOSITION DESIGNATIONS AND CERTAIN OF HIS TRIAL WITNESSES AND IN THE ALTERNATIVE THE COMMISSION'S MOTION FOR LEAVE TO TAKE BRIEF DEPOSITIONS OF HAYTER'S UNDISCLOSED WITNESSES**

Plaintiff Securities and Exchange Commission hereby files this Motion for the Court to Reconsider its March 17, 2014 Order (DE 193) that granted in part and denied in part the Commission's Motion to Strike Defendant Edward Hayter's deposition designations and certain of his trial witnesses ("Motion to Strike"). In the alternative, the Commission files this Motion for leave to take brief depositions of the three remaining witnesses on Hayter's witness list that he previously failed to disclose.

## BACKGROUND

On March 3, 2014, the Commission filed its Motion to Strike: (1) Hayter's deposition designations that did not comply with the Court's scheduling order, that contained unsolicited statements or did not follow the proper question and answer format, or contained substantive testimony in areas where the witnesses asserted the 5th Amendment; and (2) certain of Hayter's trial witnesses that he previously failed to disclose. [DE 184].

On March 17, 2014, the Court heard oral argument at the Final Pre-Trial Conference in this matter regarding the latter issues but substantive argument was not held on the former issue.[1] Later that same day, the Court issued its Order granting in part and denying in part the Commission's Motion to Strike for the reasons stated on the record during the Final Pre-Trial Conference.[2] Specifically, the Court struck from Hayter's witness list six Commission attorneys, and otherwise denied the Motion to Strike.[3]

Hence, as it stands now, Hayter can call three previously undisclosed witnesses, who the Commission did not have any reason to depose during the discovery period since Hayter did not disclose them on his disclosure statement, and he can use deposition designations that do not comply with the Court's scheduling order, contain unsolicited statements or do not follow the proper question and answer format, or contain substantive testimony in areas where Burmaster

---

[1] In connection with the Commission's pending Motion *In Limine* Regarding Invocations of the 5th Amendment by Defendants Wayne Burmaster and Hayter and Christian Gallo (DE 179), there was some oral argument on 5th amendment issues.

[2] Since there was not any substantive oral argument at the Final Pre-Trial conference regarding Hayter's deposition designations, no reasons were stated on the record why the Court denied the Commission's Motion to Strike as to these issues.

[3] Stated another way, the Court denied the Commission's Motion to Strike as to three witnesses that Hayter had previously undisclosed – (1) Custodian of Records, Trust Services, S.A., La Pitahaya, Calle 34, Avenida 7, San Jose, Costa Rica; (2) Cassandra Armento, Attorney at Law; and (3) his former counsel, Sam Israel, Esq., and allowed Hayter to use deposition designations that did not comply with the Court's scheduling order, contain unsolicited statements or do not follow the proper question and answer format, or contain substantive testimony in areas where the witnesses asserted the 5th Amendment.

and Gallo also asserted the 5th Amendment. To prevent Hayter from engaging in litigation by ambush, the Court should reconsider its March 17th Order and grant in its entirety the Commission's Motion to Strike.

In the alternative, if the Court allows the Custodian of Records for Trust Services, Cassandra Armento, Esq. or Hayter's former counsel, Sam Israel to provide trial testimony, then to prevent Hayter from engaging in litigation by ambush, the Court should require Hayter to make these witnesses available for brief depositions (not to exceed three hours) in the Fort Myers area starting at 9 a.m. on Friday, August 1, 2014.[4] If Hayter fails to timely give this notice or any of these witnesses fail to appear for depositions then the Court should prevent them from giving trial testimony at the jury trial in this matter that is specially set for Tuesday, August 5, 2014. [*See* DE 196]. In further support the Commission states:

On Hayter's Witness List (Joint Final Pre-Trial Statement, DE 179-3), he identified numerous undisclosed witnesses. Specifically, Hayter listed as witnesses, among others: (1) Custodian of Records, Trust Services, S.A., La Pitahaya, Calle 34, Avenida 7, San Jose, Costa Rica; (2) Cassandra Armento, Attorney at Law; and (3) his former counsel, Sam Israel, Esq.[5] [*See* DE 179, at p. 5 & Ex. 3].

Years prior, in February 2011, *while represented by counsel*, Hayter and other Defendants provided the Commission with the disclosures required by Federal Rule of Civil Procedure 26. [*See* DE 184, Ex. A - BIH Defendants' Required Disclosures]. Therein, they listed their witnesses, which did not include any of the above-referenced witnesses. [*See* DE

---

[4] At the Final Pre-Trial conference, the Court indicated that it may limit the scope of these witnesses' testimonies.

[5] Notably, the Commission expressly stated in the Joint Pre-Trial Statement that it reserved "its right to object to Hayter's Trial Witnesses." [*See Id*., at p. 5, fn. 2].

184-1 at pp. 1-3]. Also, they did not provide any supplemental disclosures. Notably, Hayter does not dispute that he failed to disclose these witnesses.

Moreover, in the Joint Final Pre-Trial Statement, Hayter designated "all depositions of Christian Gallo taken by the SEC in their totality and all depositions, except for privileged statements, that the [Commission] took from Wayne Burmaster." [*See* DE 179, at p. 11]. Hayter's overly broad and vague designations do not comply with the Court's Order (that requires the specific pages and lines). Also, it appears that Hayter is trying to designate portions of these depositions where the witness makes speeches (not in response to any questions posed) and other objectionable testimony. In response, the Commission stated in the Joint Final Pre-Trial Statement that it specifically objected to: "(1) Hayter's failure to abide by the Court's Order, since he did not specify the pages and lines he is designating; (2) any deposition testimony not designated by the Commission; and (3) any designated testimony of Gallo or Burmaster where they do not assert the 5th Amendment. [*See* DE 177 - the Commission's February 3, 2014 Omnibus Motion *In Limine* Regarding Invocations of the 5th Amendment]."

## Legal Memorandum

### A.   The Court Should Grant the Motion to Strike in All Respects

Fed.R.Civ.P. 12 allows this Court to strike any pleading, such as this one, that contains any insufficient defense. In pertinent part Rule 12 states that:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Federal Rule of Civil Procedure 12(f) allows the Court to strike any legally insufficient defense or immaterial matter. *Florida Software Sys., Inc. v. Columbia/HCA Healthcare Corp.*, No. 97-

2866-CIV-T-17B, 1999 WL 781812 at *1 (M.D. Fla. Sept. 16, 1999); *Bank Tejarat v. Varsho-Saz*, 723 F. Supp. 516, 517 (C.D. Cal. 1989). The Court should, therefore, strike certain of Hayter's trial witnesses who were undisclosed and his deposition objections.

### 1. The Court Should Strike All of Hayter's Undisclosed Witnesses

Hayter failed to disclose witnesses as required by Fed.R.Civ.P. 26. Pursuant to Fed.R.Civ.P. 37(c)(1) Hayter faces sanctions for failing to disclose witnesses as required by Fed. R. Civ. P. 26:

> *A party* that without substantial justification *fails to disclose information required by Rule 26(a) or 26(e)(1) shall not*, unless such failure is harmless, *be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed*. [Fed.R.Civ.P. 37(c)(1), emphasis added].

The Advisory Committee Notes for the 1993 Amendments to Rule 37 state that this is a "self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion . . . ." Fed. R. Civ. P. 37 advisory committee's note; *see Coles v. Perry*, 217 F.R.D. 1, 5 (D.D.C. 2003) (district court found that defendant did not comply with obligation to disclose documents and witnesses and invoked automatic sanction required by Fed. R. Civ. P. 37(c)(1) of excluding evidence); *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20-21 (1st Cir. 2001) (district court did not abuse its discretion in imposing Rule 37(c)(1)'s self-executing sanction). Accordingly, in addition to the Commission attorneys the Court has already struck from Hayter's witness list (*see* DE 193), the Court should also strike the following undisclosed witnesses -- his former counsel, Israel; Armento, Attorney at Law; and Custodian of Records from Trust Services.

Moreover, the Eleventh Circuit uses a three-part test in determining whether a court should allow a late-disclosed witness to testify, and the district court's decision is reviewable only for abuse of discretion. *Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser*

*Aluminum & Chem. Corp.*, 684 F.2d 776, 780 (11th Cir. 1982). In evaluating whether the exclusion of a late witness was an abuse of discretion, an appellate court should consider:

> (1) the explanation for the failure to disclose the witness,
>
> (2) the importance of the testimony, and
>
> (3) the prejudice to the opposing party if the witness had been allowed to testify.

*Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1321 (11th Cir. 2008); *see also R.M.R. ex rel. P.A.L. v. Muscogee Cnty. Sch. Dist.*, 165 F.3d 812, 818 (11th Cir. 1999) (no abuse of discretion for excluding witness not disclosed in pretrial witness list); *Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) (same). In the Eleventh Circuit, the first and third factors, together, can outweigh the second. *Bearint*, 389 F.3d at 1353 ("Regardless of the importance of [the] testimony, the reasons for the delay in the . . . disclosure and the consequent prejudice that [the] testimony would have caused [the nonmoving party] require us to affirm the district court's ruling."). Even the decision to retain new counsel does not justify failure of a party to comply with orders and deadlines established by the Court. *Perez-Santiago v. Volusia Cnty.*, 2009 WL 8523925 (M.D. Fla. Oct. 30, 2009).

Here, Hayter does not have any legitimate explanation for his failure to not disclose these witnesses, and it would be unduly prejudicial to the Commission to develop or rebut these witnesses' testimonies that are disclosed well after the close of discovery and so close to trial. Since these witnesses were not disclosed during the discovery period in this matter, the Commission did not have any reason to depose them. The Court should not allow Hayter to engage in litigation by ambush and benefit from failing to disclose these witnesses; the Court

should, therefore, also strike from Hayter's witness list -- Israel;[6] Armento;[7] and Custodian of Records from Trust Services.[8]

### 2. The Court Should Strike All of Hayter's Deposition Designations

Hayter designated "all depositions of Christian Gallo taken by the SEC in their totality and all depositions, except for privileged statements, that the SEC took from Wayne Burmaster." [*See* DE 179, at p. 11]. Hayter's designation does not comply with the Court's Order, because he did not specify the pages and lines he is designating. [*See* Court's Case Management and Scheduling Order, DE 42 at p. 6]. The Court should, therefore, strike all of Hayter's deposition designations.

### 3. The Court Should Strike Any Deposition Designation Containing Unsolicited Statements or Do Not Follow the Proper Question and Answer Format

Hayter designated portions of Gallo and Burmaster's depositions, which contain unsolicited statements or do not follow the proper question and answer format. Accordingly, pursuant to Federal Rules of Evidence 403 and 611(a), the Court should exclude any unsolicited statements or statements that do not follow the proper question and answer format. In this case, it is without question that a court would strike such extraneous comments and instruct the jury to disregard trial testimony that a witness blurted out on his or her own accord rather than in

---

[6] Moreover, Israel's testimony, Hayter's former counsel, is irrelevant as he cannot testify to any fact of consequence in determining whether Hayter violated the law during the relevant time period. Hayter has not listed him as an expert witness and there has been no showing that his former counsel has any relevant knowledge regarding what the jury must consider: whether Hayter violated the anti-fraud and registration provisions of the federal securities laws?

[7] Furthermore, Armento's testimony, is irrelevant as she cannot testify to any fact of consequence as she was not Hayter's attorney, reliance of counsel is not a defense to registration violations, and her opinion letters do not involve the transactions at issue which violated the registration provisions of the federal securities laws – the stock sales by Defendants Riverview Capital, Inc. and Bimini Reef Real Estate, Inc. to the investing public and the subsequent transfer of a significant amount of these sales proceeds to Hayter.

[8] In addition, Hayter's listing of a custodian of records for Trust Services is puzzling, because Hayter does not have trial exhibits (*see* DE 179 at p. 5), no documents were produced from Trust Services, and Hayter did not list any documents from Trust Services on his disclosure statement. Hence, there are no documents or exhibits for a records custodian from Trust Services to certify.

response to counsel's question. With no question posed by counsel, such testimony would be nonresponsive, unsolicited, and clearly inadmissible. Because the testimonies at issue would be inadmissible if the witness were present, the Commission objects (pursuant to Fed.R.Civ.P. 32(b)) to the unsolicited deposition testimony or statements that do not follow the proper question and answer format that Hayter apparently seeks to admit.

Specifically, the Commission moves to strike the unsolicited statement by Christian Gallo at his November 14, 2013 deposition where he stated (not in response to any question) that "anything I said in my affidavit is the truth and any other question you ask me pertaining to anything, I am going to plead the 5th."[9] [*See* Christian Gallo Deposition, Nov. 14, 2013, DE 166-2, p. 4, ll 10-15]. In addition, the Commission moves to strike the questions asked by Burmaster during his deposition to undersigned counsel regarding whether the Commission can appoint him an attorney or immunity and that he did not have knowledge of or write the press releases. [*See* Wayne Burmaster Deposition, Nov. 13, 2013, DE 166-1, pp. 4-5, ll 8-25].

### 4. The Court Should Strike Any Deposition Designations by Hayter Where Gallo or Burmaster Did Not Assert the 5th Amendment

In the Commission's Omnibus Motion *In Limine*, it moved to prevent Gallo and Burmaster from giving substantive testimony at trial, because allowing them to provide substantive testimony while shielding themselves from follow-up questioning from the Commission imposed an "unfair prejudice" on the Commission. [*See* DE 177 at pp. 8-10]. It is "well accepted" that a witness' testimony is subject to being stricken when a deponent asserts the 5th Amendment privilege against self-incrimination and afterwards attempts to testify. *United States v. Parcels of Land,* 903 F.2d 36, 44 (1st Cir. 1990); *see also United States v. Certain Real*

---

[9] Also, this statement is vague and ambiguous as it is unclear what affidavit he is referring to. In addition, the purported affidavit attached to the Defendants opposition to the Commission's Motion for Summary Judgment has indicia it is a forgery and has already been stricken from the record. Hence, the Court should not allow any testimony about it.

*Prop. & Premises Known as: 4003-4005 5th Ave.*, 55 F.3d 78, 84-86 (2d Cir. 1995) (rejecting defendant's attempt to withdraw the invocation of the privilege); *United States v. Doddington*, 822 F.2d 818, 822 (8th Cir. 1987) (granting the government's motion to strike defendant's testimony after he asserted the 5th Amendment during the government's cross examination); *United States v. Real Prop. & Premises Known as 4408 Hillside Court*, 1992 WL 120217 at *3, 966 F.2d 144-45 (4th Cir. June 2, 1992) (striking defendant's affidavit filed after an assertion of the 5th Amendment). A civil litigant is free to invoke the 5th Amendment, but once the privilege is invoked, "the privilege cannot be tossed aside to support a party's assertions during trial or during summary judgment proceedings." *Pond v. Bd. of Trs.*, 2004 WL 2538645 at *4 (S.D. Ind. Sept. 9, 2004) (citing *SEC v. Zimmerman*, 854 F. Supp. 896 (N.D. Ga. 1993)). "Federal courts find such a preclusive effect grounded in the reasoning that a defendant may not use the Fifth Amendment to shield himself from the opposition's inquiries during discovery only to impale his accusers with surprise testimony in the summary judgment stage." *Id*. To allow a defendant to engage in such tactics would constitute "a positive invitation to mutilate the truth." *Parcels of Land*, 903 F.2d at 43 (quoting *Lawson v. Murray*, 837 F.2d 653, 656 (4th Cir. 1988)). This Court should decline Hayter's invitation to mutilate the truth and should not allow him to read to the jury any deposition designation where Gallo or Burmaster did not assert the 5th.

Further, to allow Burmaster and Gallo to substantively testify after years of asserting the 5th Amendment is not allowed. As one court noted:

> In those instances in which a party asserts the Fifth Amendment across-the-board in civil litigation to prevent an opponent from obtaining any discovery at all of evidence of the facts at issue and of the position of the party invoking the privilege on those facts, the injustice of allowing that party to put on evidence at a hearing or trial on the same facts is especially manifest.

*SEC v. Interlink Data Network of Los Angeles, Inc.*, 1993 WL 603274, at *8 n.97 (C.D. Cal. Nov. 15, 1993). *Accord SEC v. Cross Financial Services, Inc.*, 908 F.Supp. 718, 721 n.3 (C.D. Cal. 1995) (same).

As one court held when striking a declaration opposing summary judgment, "it would be abuse of the Fifth Amendment privilege to allow a civil litigant to use it to offer proofs while denying the adversary discovery of his contentions." *SEC v. Benson*, 657 F. Supp. 1122, 1129 (S.D.N.Y. 1987). *Accord SEC v. Smart*, 678 F.3d 850, 854-56 (10th Cir. 2012) (declaration properly stricken where defendant "did not attempt to withdraw his assertion of the Fifth Amendment until after the SEC had moved for summary judgment and the discovery cut-off date had expired").[10] At this late juncture, for the Court to allow Burmaster and Gallo to substantively testify after frustrating the Commission's attempt to obtain discovery on these issues would constitute "a positive invitation to mutilate the truth." *Brown v. United States*, 356 U.S. 148, 156 (1958); *Certain Real Property*, 55 F.3d at 86 (affirming order rejecting evidence from defendant, noting prejudice inherent "when a litigant relies on the Fifth Amendment during discovery and then decides to waive the privilege much later in the proceeding"). The Court should, therefore, not allow Hayter to read to the jury any deposition designation where Gallo or Burmaster did not assert the 5th.

      **B.    Alternatively, the Court Should Allow the Commission to Depose Israel, Armento, and the Custodian of Records for Trust Services**

In the alternative, if the Court allows the Custodian of Records for Trust Services, Armento or Israel to provide trial testimony, then to prevent Hayter from engaging in litigation

---

[10] *See also SEC v. Softpoint, Inc.*, 958 F. Supp. 846, 855-58 (S.D.N.Y. 1997) (barring defendant from offering testimony after invoking the Fifth Amendment during discovery); *SEC v. Cassano*, 2000 U.S. Dist. LEXIS 12152, at *2-4 (S.D.N.Y. June 19, 2000) (precluding defendants from testifying on their own behalf after invoking the privilege against self-incrimination).

by ambush, the Court should require Hayter to make these witnesses available for brief depositions (not to exceed three hours) in the Fort Myers area starting at 9 a.m. on Friday, August 1, 2014. It is unknown whether Hayter will actually bring these witnesses to trial (and it is unknown who the purported witness for Trust Services will be). Hence, to avoid unnecessary costs and expenses, the Commission proposes taking these depositions in Fort Myers just before trial. This will allow Hayter time to determine if he will actually call these witnesses (and to identify who the witness for Trust Services is), and ensure the parties are expending time and resources deposing parties who Hayter cannot get to appear for trial or he does not actually intend to call at trial.

If any of these witnesses fail to appear for depositions then the Court should prevent them from giving trial testimony at the jury trial in this matter that is specially set for Tuesday, August 5, 2014. [*See* DE 196]. Moreover, the Court should further require the parties to take reasonable steps to agree upon the specific location (in the Fort Myers area) and respective start times of the August 1st depositions, and for Hayter to notify the Commission at least one week before August 1st, which of the witnesses, if any, (and the identity of the Trust Services custodian of records) who will be appearing for their August 1st depositions.

By allowing the Commission to take these brief depositions before trial will alleviate some of the prejudice the Commission has suffered by Hayter not disclosing these witnesses until well after discovery had ended. Also, allowing these depositions before trial will prevent Hayter from gaining from his overt strategy of engaging in litigation by ambush.

### **Certification**

Undersigned counsel conferred with Hayter via email whether he opposed the relief sought in this Motion, and Hayter informed him that he does oppose the requested relief.

11

A proposed Order is submitted herewith.

Respectfully submitted,

April 3, 2014                         By: s/Christopher E. Martin
                                             Christopher E. Martin
                                             Senior Trial Counsel
                                             martinc@sec.gov
                                             Arizona Bar No. 018486
                                             Direct Dial No.: (305) 982-6386

                                             Attorney for Plaintiff
                                             **SECURITIES AND EXCHANGE COMMISSION**
                                             801 Brickell Avenue, Suite 1800
                                             Miami, Florida 33131
                                             Telephone: (305) 982-6300
                                             Facsimile: (305) 536-4154

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Mark David Hunter, Esq.
Leser Hunter Taubman & Taubman, PLLC
255 University Drive
Coral Gables, FL 33134
Tel: (305) 629-8816
Fax: (305) 629-8877
*Counsel for Defendants Bimini Reef Real Estate, Inc.,*
*Riverview Capital Inc., Christopher L. Astrom, and Damian B. Guthrie*

and that on April 4, 2014, I served the foregoing document and the notice of electronic filing by U.S. mail to the following non-CM/ECF participants:

Edward Hayter, *pro se*
2167 East 21st Street, #103
Brooklyn, NY 11229

Wayne Burmaster, *pro se*
88 Moffitt Street
Staten Island, NY 10312

                                                  s/Christopher Martin
                                                  Christopher Martin