UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:10-CV-577-FTM-29 DNF

SECURITIES AND EXCHANGE COMMISSION,          )
                                             )
                    Plaintiff,               )
                                             )
v.                                           )
                                             )
BIH CORPORATION,                             )
WAYNE A. BURMASTER, JR.,                     )
EDWARD W. HAYTER,                            )
NORTH BAY SOUTH CORPORATION,                 )
BIMINI REEF REAL ESTATE, INC.,               )
RIVERVIEW CAPITAL INC.,                      )
CHRISTOPHER L. ASTROM, and                   )
DAMIAN B. GUTHRIE,                           )
                    Defendants,              )
                                             )
BARON INTERNATIONAL, INC.,                   )
THE CADDO CORPORATION, and                   )
BEAVER CREEK FINANCIAL CORPORATION,          )
                                             )
                    Relief Defendants.       )
_____)

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT WAYNE A. BURMASTER, JR.
AND ENTERING JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF
AGAINST BURMASTER**

**THIS MATTER** is before the Court on Plaintiff Securities and Exchange Commission's Motion for Entry of a Default Judgment of Permanent Injunction against Defendant Wayne A. Burmaster, Jr. (DE # ____), having considered the motion and the entire record, the Court enters the following order granting the Plaintiff's motion, and imposing a Judgment of Permanent Injunction and Other Relief Against Burmaster:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. This Court has personal jurisdiction over Burmaster and the subject matter of this action. Venue is proper in the Middle District of Florida.

2. On October 25, 2010, the Commission filed the acknowledgement and acceptance of service of the Complaint by counsel for Burmaster and others. [DE 26]. On May 8, 2012, Burmaster filed his amended answer and affirmative defenses and a cross-claim. [DE 93]. On May 29, 2012 the Commission filed a motion to strike Burmaster's amended answer and affirmative defenses, which Burmaster responded to on August 8, 2012. [DE 100 & 108]. Subsequently, the Court granted the motion to strike in part and denied it in part, by among other things, striking numerous affirmative defenses, treating other affirmative defenses as denials, and striking Burmaster's counter claims and third party complaints. [DE 145].

3. By Court Orders (DE 170 & DE 175), the parties were to meet and confer to prepare the Final Joint Pretrial Statement. Burmaster, however, failed to attend the meeting or participate. [DE 178]. The Court gave him an opportunity to show cause why sanctions should not be imposed for his failure to cooperate. The Court warned Burmaster that his failure to show cause would result in striking his amended answer and remaining affirmative defenses. [DE 180]. Burmaster did not respond to the Court's order to show cause.

4. On March 3, 2014, the Commission notified the Court of Burmaster's failure to show cause. [DE 182]. Thereafter, the Court struck Burmaster's amended answer and remaining affirmative defenses. [DE 185]. On March 6, 2014, Burmaster's amended answer (DE 93) was stricken. On March 11, 2014, the Commission moved for entry of clerk's default against Burmaster. [DE 186].[1] On April 4, 2014, the Magistrate issued an Order granting the Commission's Motion for Entry of a Clerk's Default, and the clerk entered a default against Burmaster on April 8, 2014. [DE 199-200].

---

[1] The Commission filed its Motion for Summary Judgment against Burmaster and others on March 2, 2012. [DE 67] Ultimately, on March 13, 2014, the Court denied without prejudice the Commission's Motion for Summary Judgment as to Burmaster to allow the Commission "to move for default and default judgment" against him. [DE 189 at pp. 14-15].

5. By virtue of the default and the failure to respond to the Complaint, Burmaster is deemed to have admitted the allegations of the Complaint, and the Commission has established liability against him. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). Thus, the Court finds Burmaster committed the violations alleged in the Complaint. Accordingly, it is:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of a Default Judgment of Permanent Injunction and Other Relief against Defendant Burmaster is **GRANTED**. Default Judgment is entered against Burmaster as follows:

## I.

### SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT OF 1933

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Wayne A. Burmaster, Jr. and Burmaster's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act"), [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

### SECTIONS 17(a)(1)-(3) OF THE SECURITIES ACT OF 1933

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Wayne A. Burmaster, Jr. and Burmaster's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(1)-(3) of the Securities Act [15 U.S.C. §§ 77q(a)(1)-(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

## III.

### SECTION 10(b) and RULE 10b-5 OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Wayne A. Burmaster, Jr. and Burmaster's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading

statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

## IV.

## **DISGORGEMENT & PREJUDGMENT INTEREST**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Burmaster is jointly and severally liable with Defendants BIH Corporation and North Bay South Corporation (DE 121) for disgorgement of $1,137,106, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $212,052, for a total of $1,349,158  (with any payments made by the other Defendants or Relief Defendants proportionally reducing Burmaster's total disgorgement and prejudgment amount).  Burmaster shall satisfy this obligation by paying $1,349,158 to the Securities and Exchange Commission within 14 days after entry of this Judgment.

Burmaster may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Burmaster may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Burmaster as a Defendant in this action; and specifying that payment is made pursuant to this Judgment.

Burmaster shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Burmaster relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Burmaster.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest, by moving for civil contempt (or through other collection procedures authorized by law) at any time after fourteen days following entry of the Judgment. Burmaster shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

## CIVIL MONEY PENALTY

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Burmaster shall pay a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. The amount of civil penalty shall be determined by the Court upon motion of the Commission that the Commission must file within 120 days of the entry of this Order.

## VI.

## PENNY STOCK BAR

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Burmaster is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

## VII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED. ADJUDGED AND DECREED** that this Court shall retain jurisdiction over this matter and Burmaster for the purposes of enforcing the terms of this Judgment.

## VIII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** at Fort Myers, Florida this \_\_\_\_ day of _____, 2014.

**JOHN E. STEELE**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
Counsel and Parties of Record