IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

FILED
14 MAY 20 PM 12: 50
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:10cv577-FTM-29 DNF ) |
| BIH CORPORATION, et al, | ) ) RE: Entry 202 |
| Defendants. | ) |

## WAYNE BURMASTER'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT AGAINST WAYNE BURMASTER

Defendant Wayne Burmaster ("Burmaster") opposes the Motion for Default Judgment (Entry 202):

1. The SEC seeks a default judgment based on this Court's striking Burmaster's answer and affirmative defenses in this case.

2. However, in granting a default judgment, this Court cannot look beyond the Complaint that the SEC filed to determine what Burmaster *per se* admitted to[1] through the default.

3. Nevertheless, the SEC requests that this Court grant it judgment based on a plethora of allegations and factual scenarios that are not found within the Complaint.

## THE SEC IS NOT ENTITLED TO HAVE THIS COURT GRANT PARTIAL JUDGMENT UNTIL IT DECIDES WHAT TO RECOMMEND AS A FINE

4. Seeking to prolong this case through piecemeal judgments, the SEC suggests that this Court not make a decision as to the fine against Burmaster until it receives a "recommendation" from the Commission.

5. It appears unclear how counsel for the SEC maintains authorization to seek a judgment,

---

[1] Burmaster did not admit any of the factual averments. Burmaster believes this Court's striking the Answer and Affirmative Defenses in a case where the SEC did not stipulate that testimony would not be used in other proceedings was erroneous and contrary to case law.

but does not have authority to propose a fine.

6. Burmaster objects to this delay and suggests it constitutes a waiver of any proposed recommendation by the SEC.

## THIS COURT CANNOT ENJOIN PERSONS THAT DID NOT RECEIVE NOTICE AND AN OPPORTUNITY TO BE HEARD

7. The SEC's proposed "judgment" seeks to enjoin Burmaster's "agents, servants, employees, attorneys," etc., from purported further violations of various laws.

8. However, the SEC did not sue any "agents, servants, employees, attorneys," etc.

9. The language is so broad it could apply to any person.

10. Indeed, under the proposed language, Burmaster could hire an attorney next month, show him the judgment, and that attorney would technically be in contempt of the order if he cleared some share of stock from a third party having nothing to do with Burmaster.

11. The SEC maintained the opportunity, through discovery, to learn the identities of any person who participated in the allegations and join them in the suit. It failed to do so, yet now seeks to enjoin unnamed third parties.

12. This language is not appropriate, is not constitutional, and is unreasonably vague.

## THE SEC'S INJUNCTION LANGUAGE CONTRAVENES RULE 65(d)

13. The SEC seeks a broad injunction prohibiting Burmaster from violations of various securities registration requirements.

14. The proposed injunction language lacks any form of specificity. It is merely typical SEC boilerplate.

15. This proposed language violates the clear dictates of Rule 65(d) and the holding of *Securities and Exchange Commission v. Goble*, 682 F3d 934 (11th Cir. 2012) (*citing*

*Burton v. City of Belle Glade,* 178 F.3d 1175, 1201 (11th Cir. 1999) (stating that injunction which only instructed defendant to "obey the law" would not satisfy the specificity requirements of Rule 65(d)); *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996) ("[A]ppellate courts will not countenance injunctions that merely require someone to 'obey the law.'" (citing *Payne v. Travenol Labs., Inc.*,565 F.2d 895, 897-98 (5th Cir. 1974))). Most notably, in *SEC v. Smyth*, 420 F.3d 1225, 1233 n.14 (11th Cir. 2005), the Eleventh Circuit went out of our way to condemn these injunctions because they lack specificity and deprive defendants of the procedural protections that would ordinarily accompany a future charge of a violation of the securities laws.

16. This injunctive language is so vague that Burmaster could not possibly understand what it required him to refrain from.

## THE SEC FAILED TO SHOW BURMASTER CAN BE REQUIRED TO DISGORGE FUNDS HE NEVER RECEIVED

17. Disgorgement is an equitable remedy intended to prevent unjust enrichment. *Commodity Futures Trading Comm'n v. Sidoti*, 178 F.3d 1132, 1138 (11th Cir.1999). To be entitled to disgorgement, the SEC needs to produce a reasonable approximation of the defendant's ill-gotten gains. See *S.E.C. v. Calvo*, 378 F.3d 1211, 1217 (11th Cir. 2004).

18. In this case, the SEC recognizes that Burmaster did not receive the proceeds from the purported scheme.

19. The SEC vaguely states that Burmaster had "access" to funds, but does not elaborate on how he had access to the million dollars the SEC claims was received. Burmaster denies this and there are no allegations in the Complaint that he maintained access to any funds for his personal use.

20. The SEC citing a case that did not discuss disgorgement, claims that Burmaster should

be held liable "jointly and severally," but this is not what disgorgement is for.

21. To disgorge something, it must first have been received by Burmaster.

## THIS COURT NEEDS TO TAKE BURMASTER'S FINANCIAL SITUATION INTO ACCOUNT WHEN ORDERING DISGORGEMENT

22. While this Court may order disgorgement even if a defendant cannot pay, it must take into account the financial situation.

23. Burmaster is presently in severe financial distress. His home is being foreclosed on and he is unable to timely pay his creditors.

24. This Court should examine this situation to determine if disgorgement is appropriate. *SEC v. Warren,* 534 F3d 1368 (11th Cir. 2008)(ability to pay is one factor to be considered in imposing a penalty).

## BURMASTER SHOULD NOT RECEIVE ANY BAN OR BAR

25. In order to impose such a bar, the court would need to find Burmaster unfit to serve in the capacity of an officer or director of a public company in light of the following factors: (1) the seriousness of the underlying securities violation, (2) whether the defendant is a repeat offender, (3) the defendant's role in the fraud, (4) the degree of scienter, (5) the defendant's financial stake in the violation, and (6) the likelihood of recurrence. *SEC v. Patel,* 61 F.3d 137, 141 (2d Cir. 1995).

26. There exists no allegation that Burmaster is a repeat offender.

27. Moreover, Burmaster's financial stake appears small since he received little or no remuneration.

28. The SEC cannot deny its allegations of fraud are seriously overblown because, contrary to the conclusions in the Complaint, Cris Gallo did indeed exist and was President of BIH Corp.

## NOTWITHSTANDING THE DEFAULT, THIS COURT CANNOT RELY ON THE SEC'S CONCLUSIONS IN ITS LAWSUIT

29. Many of the SEC's allegations of fraud are premised on Chris Galo not existing.

30. The SEC concludes that many statements were false simply because Gallo could not have uttered them because he did not exist.

31. It is a matter of record in this case that Gallo does exist.

32. Therefore, this Court cannot rely on the SEC's conclusions of material fraudulent statements that are based on the conclusion that Mr. Galo does not exist.

33. Default or not, this Court cannot accept the SEC's legal fraud-- to wit, the central allegation, that has never been withdrawn, that Galo had no affiliation with the company and does not exist.

## ABSENT A FACT FINDING HEARING, THIS COURT CANNOT RELY ON THE SEC'S CALCULATIONS

34. The SEC asks this Court for judgment based not on the Complaint, but affidavits of the Securities and Exchange Commission investigators and attorneys.

35. These persons were not subject to any examination and the information provided is new and surprising.

36. This Court cannot assume those facts to be true absent a hearing and discovery.

37. The allegations and amounts are not in the Complaint, so they were not admitted to by Burmaster.

WHEREFORE, the SEC's motion for judgment should be denied.

Respectfully submitted,

*[signature]*
Wayne Burmaster

## CERTIFICATE OF SERVICE

I, Wayne Burmaster, certify that I mailed a true copy of the foregoing to the following parties on this 18th day of May, 2014:

Christopher E Martin
Securities & Exchange Commission
Miami Branch Office
801 Brickell Ave., Suite 1800
Miami, FL 33131
    Via fax: 1-(305) 536-4154

Clerk of Court (original + 2 copies)
United States District Court
US Courthouse and Federal Building
2110 First Street
Fort Myers, FL 33901

_____
Wayne Burmaster