```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

SECURITIES    &    EXCHANGE
COMMISSION,

          Plaintiff,

v.                                    Case No: 2:10-cv-577-FtM-29DNF

BIH   CORPORATION,   WAYNE   A.
BURMASTER, EDWARD W. HAYTER,
NORTH BAY SOUTH CORPORATION,
THE CADDO CORPORATION, and
BEAVER   CREEK    FINANCIAL
CORPORATION,

          Defendants.
```

## OPINION AND ORDER

This matter comes before the Court on the following motions: (1) Plaintiff's Motion for Reconsideration of Certain Portions of the Court's Opinion and Order Denying Summary Judgment Against Defendant Edward W. Hayter (Doc. #195) filed on March 25, 2014; and (2) Plaintiff's Motion for Court to Reconsider Its Order Partially Granting and Partially Denying the SEC's Motion to Strike Defendant Edward Hayter's Deposition Designations and Certain of His Trial Witnesses and in the Alternative the Commission's Motion for Leave to Take Brief Depositions of Hayter's Undisclosed Witnesses (Doc. #197) filed on April 3, 2014. Defendant Edward W. Hayter filed Responses (Docs. ##201, 203) on April 9 and April 30, 2014 respectively.

I.

Plaintiff Securities and Exchange Commission (Plaintiff or SEC) filed a five-count Complaint (Doc. #1) against Defendants Wayne A. Burmaster, Jr. (Burmaster), Edward W. Hayter (Hayter), BIH Corporation (BIH), North Bay South Corporation (North Bay), Bimini Reef Real Estate, Inc. (Bimini Reef), Riverview Capital Inc. (Riverview Capital), Christopher L. Astrom (Astrom), and Damian B. Guthrie (Guthrie), and Relief Defendants Baron International, Inc. (Baron International), The Caddo Corporation (Caddo), and Beaver Creek Financial Corporation (Beaver Creek) for violations of Sections 5(a), 5(c), and 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.[1]

On March 2, 2012, the SEC moved for summary judgment against Hayter and Burmaster. (Doc. #67.) On March 4, 2014, the Court entered an Order (Doc. #185) striking Burmaster's Amended Answer and his remaining Affirmative Defenses (Doc. #93). Accordingly, the Court denied summary judgment as to Burmaster without prejudice in order to allow the SEC to move for a default and default

---

[1] On October 25, 2010, the Court entered consent judgments against Riverview Capital, Bimini Reef, Guthrie, and Astrom. (Docs. ##24, 25.) On September 26, 2012, the Court entered an Opinion and Order granting default judgments against BIH, North Bay, Caddo, and Beaver Creek; however, the Court withheld entry of the judgment pending submission of a motion by Plaintiff. (Doc. #121.) On December 19, 2012, the Court entered a default judgment against Baron International. (Doc. #132.) Therefore, Plaintiff's only pending claims are against Defendants Hayter and Burmaster.

judgment. (Doc. #189.) On March 13, 2014 the Court denied the SEC's motion for summary judgment against Hayter on the merits. (Id.) On March 3, 2014, the SEC moved to strike Hayter's deposition designations and trial witnesses. (Doc. #184.) Following oral argument at the March 17, 2014 Final Pre-Trial Conference, the Court struck from Hayter's witness list six SEC attorneys, but otherwise denied the motion. (Doc. #193.) The SEC now seeks reconsideration of (1) the Court's denial of summary judgment against Hayter; and (2) the Court's partial denial of the motion to strike Hayter's deposition designations and trial witnesses. The SEC also seeks an order requiring Hayter to make available for depositions certain trial witnesses in the event that the Court does not strike the witnesses pursuant to the motion for reconsideration.

## II.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil

Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). Unless the movant's arguments fall into one of these categories, the motion must be denied.

The motion to reconsider must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Taylor Woodrow, 814 F. Supp. at 1072–73.

A motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsborough Cnty., 149

F.R.D. 235, 235 (M.D. Fla. 1993).

### III.

**A. The Court's Order Denying The SEC's Motion for Summary Judgment**

The SEC argues that because the Court found material issues of disputed fact bearing on some (but not all) elements of its causes of action against Hayter, the Court should have granted partial summary judgment in favor of the SEC on the undisputed elements. (Doc. #195.) Hayter responds that reconsideration is not appropriate because the SEC did not seek partial summary judgment on each individual element and, therefore, Hayter's summary judgment opposition brief did not endeavor to rebut every element of every cause of action. (Doc. #201.)

The SEC is correct that a court may grant partial summary judgment as to an element of a party's case when the element lacks any genuine issue of material fact. See Fed. R. Civ. P. 56(g). However, the SEC cites no case law *requiring* a court to do so where, as here, the SEC did not explicitly seek partial summary judgment on any particular element. To the contrary, the Advisory Committee Notes accompanying the 2010 Amendments to Rule 56 caution that:

> A nonmovant, for example, may feel confident that a genuine dispute as to one or a few facts will defeat the motion, and prefer to avoid the cost of detailed response to all facts stated by the movant. This position should be available without

> running the risk that the fact will be taken as established under subdivision (g) or otherwise found to have been accepted for other purposes.

Id. Accordingly, the SEC cannot show the requisite intervening change in controlling law, availability of new evidence, or need to correct clear error or prevent manifest injustice necessary to warrant reconsideration. Therefore, the SEC's motion for reconsideration is denied.

**B. The Court's Order Partially Denying The SEC's Motion to Strike**

The SEC argues that three of Hayter's remaining trial witnesses should be stricken because they were not timely disclosed. (Doc. #197.) The SEC further argues that Hayter's deposition designations should be stricken in their entirety because they did not comply with the Court's Case Management and Scheduling Order. (Id.) Failing that, the SEC requests that the Court strike the portions of Hayter's deposition designations in which the deponents offered unsolicited statements, and those in which deponents Christian Gallo and Burmaster offered substantive testimony despite invoking the 5th Amendment in response to the SEC's questions. (Id.) Each of these arguments was previously made in identical fashion by the SEC in its initial motion to strike, and the SEC has not identified any change in controlling law, availability of new evidence, or need to correct clear error or prevent manifest injustice necessary to warrant

reconsideration. Accordingly, the SEC's motion for reconsideration is denied.

## C. The SEC's Request That Hayter Make Certain Trial Witnesses Available for Depositions

The SEC wishes to depose three of Hayter's remaining trial witnesses: (1) Cassandra Armento, (2) Sam Israel, and (3) an unnamed Custodian of Records for Trust Services, S.A. These witnesses were not listed in Hayter's Rule 26 disclosures and were not identified as potential witnesses until February 10, 2014 when Hayter filed his Witness List in connection with the parties' Joint Pretrial Statement. (Doc. #179-3.) The SEC seeks an order requiring Hayter to make these three witnesses available for depositions. (Doc. #195.) If the witnesses do not appear for the requested depositions, the SEC argues that they should be prevented from testifying at trial. (Id.) Hayter responds that the SEC has not issued deposition notices for any of the three witnesses and, therefore, it would be unduly burdensome to require him to secure their presence for both depositions and trial. (Doc. #201.)

As the SEC has not previously sought to depose the three witnesses and there is no evidence that the witnesses are under Hayter's control, the Court will not place the burden on Hayter to secure their presence for depositions. However, given the timing of Hayter's identification of the witnesses, the Court will reopen discovery for the limited purpose of allowing the SEC to issue

deposition notices and subpoenas to the three witnesses. To facilitate this process, within seven days of the date of this order Hayter shall identify the name of the individual who will testify on behalf of Trust Services, S.A.

In the event any of the three witnesses fail to appear for properly-noticed depositions, the Court will entertain potential remedies at that time. However, the Court notes that sanctions against Hayter, such as preventing non-appearing witnesses from testifying at trial, are unlikely absent evidence that the witnesses were under his control or that he took any action to procure their failure to appear. See Hernandez v. Tregea, No. 07-CV-149, 2008 WL 3157192, at *3 (M.D. Fla. Aug. 4, 2008) (rejecting magistrate judge's recommendation that non-party witnesses be prevented from testifying at trial as sanction for failure to appear for depositions).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Reconsideration of Certain Portions of the Court's Opinion and Order Denying Summary Judgment Against Defendant Edward W. Hayter (Doc. #195) is **DENIED.**

2. Plaintiff's Motion for Court to Reconsider Its Order Partially Granting and Partially Denying the SEC's Motion to Strike Defendant Edward Hayter's Deposition Designations and Certain of

His Trial Witnesses and in the Alternative the Commission's Motion for Leave to Take Brief Depositions of Hayter's Undisclosed Witnesses (Doc. #197) is **DENIED.**

3. Discovery is reopened for the limited purpose of allowing the SEC to depose Cassandra Armento, Sam Israel, and the Custodian of Records for Trust Services, S.A. Hayter shall identify the name of the individual testifying on behalf of Trust Services, S.A. within **SEVEN (7) DAYS** of the date of this Order.

**DONE and ORDERED** at Fort Myers, Florida, this __10th__ day of July, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record