UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:10-CV-577-FTM-29 DNF

SECURITIES AND EXCHANGE COMMISSION,    )
                                       )
                        Plaintiff,     )
v.                                     )
                                       )
BIH CORPORATION,                       )
WAYNE A. BURMASTER, JR.,                )
EDWARD W. HAYTER,                      )
NORTH BAY SOUTH CORPORATION,           )
BIMINI REEF REAL ESTATE, INC.,          )
RIVERVIEW CAPITAL INC.,                 )
CHRISTOPHER L. ASTROM, and             )
DAMIAN B. GUTHRIE,                     )
                        Defendants,    )
                                       )
BARON INTERNATIONAL, INC.,              )
THE CADDO CORPORATION, and             )
BEAVER CREEK FINANCIAL CORPORATION,    )
                                       )
                        Relief Defendants.  )
_____)

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE DEFENDANT EDWARD HAYTER HAS FAILED TO IDENTIFY THE NAME OF THE INDIVIDUAL WHO WILL TESTIFY ON BEHALF OF TRUST SERVICES, S.A. AND SEC'S RENEWED MOTION TO STRIKE TRUST SERVICES FROM HAYTER'S LIST OF <u>TRIAL WITNESSES</u>**

Plaintiff Securities and Exchange Commission hereby gives Notice that Defendant Edward Hayter Failed to Identify the Name of the Individual Who Will Testify On Behalf of Trust Services, S.A. and files a Renewed Motion to Strike Trust Services from Hayter's List of Trial Witnesses. On July 10, 2014, the Court gave Hayter seven days to identify the name of the individual who will testify as a custodian of records on behalf of Trust Services.[1] [*See* DE 205,

---

[1] Hayter's listing of a custodian of records for Trust Services is puzzling, because he does not have trial exhibits (*see* DE 179 at p. 5), no documents were produced from Trust Services, and Hayter did not list any documents from Trust Services on his disclosure statement. Hence, there are no documents or exhibits for a records custodian from Trust Services to certify.

pp. 8-9]. Despite more than seven days passing, no such notice has been received from Hayter. Because Hayter failed to abide by the Court's July 10th Order, the Commission cannot depose anyone from Trust Services. Accordingly, the Court should strike Trust Services from Hayter's List of Trial Witnesses.

## BACKGROUND

On March 3, 2014, the Commission filed its Motion to Strike, among other things, Hayter's designation of a custodian of records from Trust Services, because no documents were produced from Trust Services, and Hayter did not identify in his disclosure statement any documents or individuals from Trust Services. [DE 184].

On March 17, 2014, the Court heard oral argument at the Final Pre-Trial Conference granted in part and denied in part the Commission's Motion to Strike. [*See* DE 193]. In pertinent part, the Court denied the Commission's request to strike Hayter's designation of a custodian of records from Trust Services. On April 3, 2014, the Commission filed a Motion for the Court to Reconsider its March 17th Order and in the Alternative the Commission moved for Leave to, among other things, take a deposition of the custodian of records from Trust Services. On July 10, 2014, the Court denied the pending Motions to Reconsider, but did give the Commission leave to take the deposition of the custodian of records on behalf of Trust Services and required Hayter to identify the name of such individual within seven days [DE 205, p. 9].

### A. History of Hayter's Non-Disclosure

On Hayter's Witness List (Joint Final Pre-Trial Statement, DE 179-3), he identified numerous undisclosed witnesses. Specifically, Hayter listed as witnesses, among others, a custodian of records from Trust Services, S.A., which Hayter claims is a Costa Rican trust. [*See* DE 179, at p. 5 & Ex. 3].

2

Years prior, in February 2011, *while represented by counsel*, Hayter and other Defendants provided the Commission with the disclosures required by Federal Rule of Civil Procedure 26. [*See* DE 184, Ex. A - BIH Defendants' Required Disclosures]. Therein, they listed their witnesses and documents they may rely upon, but did not include any documents or witnesses from Trust Services. [*See* DE 184-1 at pp. 1-3]. Also, they did not provide any supplemental disclosures and no documents have been produced from Trust Services.

## Legal Memorandum

### A. The Court Should Grant the Renewed Motion to Strike

Fed.R.Civ.P. 12 allows this Court to strike any pleading, such as this one, that contains any insufficient defense. In pertinent part Rule 12 states that:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Federal Rule of Civil Procedure 12(f) allows the Court to strike any legally insufficient defense or immaterial matter. *Florida Software Sys., Inc. v. Columbia/HCA Healthcare Corp.*, No. 97-2866-CIV-T-17B, 1999 WL 781812 at *1 (M.D. Fla. Sept. 16, 1999); *Bank Tejarat v. Varsho-Saz*, 723 F. Supp. 516, 517 (C.D. Cal. 1989). The Court should, therefore, strike from Hayter's witness list the custodian of records from Trust Services.

Years ago, pursuant to Fed.R.Civ.P. 26, Hayter should have disclosed the identity of his witness from Trust Service. However, even after the Court gave him another opportunity, he has failed to identify the name of any person from Trust Services. Accordingly, pursuant to Fed.R.Civ.P. 37(c)(1), Hayter faces sanctions for failing to disclose his witness from Trust Services as required by Fed. R. Civ. P. 26:

> *A party* that without substantial justification *fails to disclose information required by Rule 26(a) or 26(e)(1) shall not*, unless such failure is harmless, *be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed*. [Fed.R.Civ.P. 37(c)(1), emphasis added].

The Advisory Committee Notes for the 1993 Amendments to Rule 37 state that this is a "self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion . . . ." Fed. R. Civ. P. 37 advisory committee's note; *see Coles v. Perry*, 217 F.R.D. 1, 5 (D.D.C. 2003) (district court found that defendant did not comply with obligation to disclose documents and witnesses and invoked automatic sanction required by Fed. R. Civ. P. 37(c)(1) of excluding evidence); *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20-21 (1st Cir. 2001) (district court did not abuse its discretion in imposing Rule 37(c)(1)'s self-executing sanction). Hence, the Court should strike from Hayter's witness list the custodian of records from Trust Services.

Moreover, the Eleventh Circuit uses a three-part test in determining whether a court should allow a late-disclosed witness to testify, and the district court's decision is reviewable only for abuse of discretion. *Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 780 (11th Cir. 1982). In evaluating whether the exclusion of a late witness was an abuse of discretion, an appellate court should consider:

> (1) the explanation for the failure to disclose the witness,
> (2) the importance of the testimony, and
> (3) the prejudice to the opposing party if the witness had been allowed to testify.

*Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1321 (11th Cir. 2008); *see also R.M.R. ex rel. P.A.L. v. Muscogee Cnty. Sch. Dist.*, 165 F.3d 812, 818 (11th Cir. 1999) (no abuse of discretion for excluding witness not disclosed in pretrial witness list); *Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) (same). In the Eleventh Circuit, the first and third factors, together, can outweigh the second. *Bearint*, 389 F.3d at 1353 ("Regardless

of the importance of [the] testimony, the reasons for the delay in the . . . disclosure and the consequent prejudice that [the] testimony would have caused [the nonmoving party] require us to affirm the district court's ruling."). Even the decision to retain new counsel does not justify failure of a party to comply with orders and deadlines established by the Court. *Perez-Santiago v. Volusia Cnty.*, 2009 WL 8523925 (M.D. Fla. Oct. 30, 2009).

Here, Hayter does not have any legitimate explanation for his failure to not disclose the identity of the custodian of records from Trust Services, and it would be unduly prejudicial to the Commission to develop or rebut this witness' testimony at trial. Since Hayter has not identified the name of the custodian of records from Trust Services, even after given another opportunity to do so by the Court, the Commission cannot depose him or her. The Court should not allow Hayter to engage in litigation by ambush and benefit from failing to disclose and disregarding the Court's Order. [2] The Court should, therefore, strike from Hayter's witness list – the custodian of records from Trust Services**.**

## Certification

On July 21, 2014, undersigned counsel conferred with Hayter via email whether he opposed the relief sought in this Renewed Motion, but as of the time of filing the Commission had not received any response.

A proposed Order is submitted herewith.

                                              Respectfully submitted,

July 22, 2014                          By: s/Christopher E. Martin
                                              Christopher E. Martin
                                              Senior Trial Counsel
                                              martinc@sec.gov
                                              Arizona Bar No. 018486
                                              Direct Dial No.:  (305) 982-6386

---

[2] Hayter appears to have completely ignored the Court's Order.

Patrick R. Costello
Senior Trial Counsel
Florida Bar No. 75034
Telephone: (305) 982-6380
Facsimile: (305) 536-4154
E-mail: costellop@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Mark David Hunter, Esq.
Leser Hunter Taubman & Taubman, PLLC
255 University Drive
Coral Gables, FL 33134
Tel: (305) 629-8816
Fax: (305) 629-8877
*Counsel for Defendants Bimini Reef Real Estate, Inc.,*
*Riverview Capital Inc., Christopher L. Astrom, and Damian B. Guthrie*

and that on July 22, 2014, I served the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/ECF participants:

Edward Hayter, *pro se*
2167 East 21st Street, #103
Brooklyn, NY 11229

Wayne Burmaster, *pro se*
88 Moffitt Street
Staten Island, NY 10312

                                                  <u>s/Christopher Martin</u>
                                                  Christopher Martin