UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:10-CV-577-FTM-29 DNF

SECURITIES AND EXCHANGE COMMISSION,　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
BIH CORPORATION,　　　　　　　　　　　　)
WAYNE A. BURMASTER, JR.,　　　　　　　　)
EDWARD W. HAYTER,　　　　　　　　　　　)
NORTH BAY SOUTH CORPORATION,　　　　　)
BIMINI REEF REAL ESTATE, INC.,　　　　　　)
RIVERVIEW CAPITAL INC.,　　　　　　　　　)
CHRISTOPHER L. ASTROM, and　　　　　　　)
DAMIAN B. GUTHRIE,　　　　　　　　　　　)
　　　　　　　　　　Defendants,　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
BARON INTERNATIONAL, INC.,　　　　　　　)
THE CADDO CORPORATION, and　　　　　　)
BEAVER CREEK FINANCIAL CORPORATION,　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Relief Defendants.　　　)
_____)

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF ITS OMNIBUS MOTION *IN LIMINE* REGARDING INVOCATIONS OF THE 5th AMENDMENT BY DEFENDANTS WAYNE BURMASTER AND EDWARD HAYTER AND CHRISTIAN GALLO**

　　　Plaintiff Securities and Exchange Commission hereby gives notice of supplemental authority in further support of its Omnibus Motion *In Limine* Regarding Invocations of the 5th Amendment by Defendants Wayne Burmaster and Edward Hayter and Christian Gallo. [DE 177]. On July 29, 2014, the Eleventh Circuit Court of Appeals issued a published opinion in *Ciquina Investments v. T.D. Bank, N.A.*, No. 12-11161, which is attached as Exhibit A. One of the issues on appeal was whether the district court abused its discretion by allowing the plaintiff to call a non-party witness to testify even though he was going to invoke his Fifth Amendment privilege against self-incrimination in response to all substantive questions. Another related

issue, was whether it was proper for the district court to give an instruction that the jury could, but was not required to, draw an adverse inference against the defendant based on the non-party's silence, and that it could, in conjunction with other evidence that was presented, consider the non-party's silence in determining the defendant's liability. [*See* Ex. A, p. 6]. The Eleventh Circuit summarily rejected the defendant's claim that the jury instructions were in error. [*See Id.*, p. 13, n. 8]. Moreover, the Eleventh Circuit affirmed the district court's decision to allow the plaintiff to call "to the stand the non-party witness for the purpose of having him invoke the privilege in the jury's presence." [*See Id.*, p. 19].

Furthermore, in the *TD Bank* case, the Eleventh Circuit enunciated four non-exclusive factors (not all of which must be satisfied) that this Court should use in this case. These factors are: (1) the nature of the relevant relationships; (2) the degree of control of the party over the non-party witness; (3) the compatibility of interests of the party and non-party witness in the outcome of the litigation; and (4) the role of the non-party witness in the litigation. [*See Id.*, p. 16-17]. Applying these factors to this case strongly supports the Court allowing the Commission to present to the jury evidence of non-party witness, Christian Gallo, invoking the Fifth Amendment to nearly all of the Commission's questions.

As to the first two factors, there is reason to believe Gallo retained loyalty to Hayter and Hayter had control over Gallo. Defendant Edward Hayter claims Gallo was the majority shareholder and CEO of BIH Corporation, and his boss. (Hayter claims Gallo hired him as a consultant and as the President of BIH Corporation). Hence, if one believes Hayter's claims, there is reason to believe that Gallo would remain loyal to his former employee. In addition, Hayter and Gallo had the same counsel during much of this litigation, and Gallo is the brother-in-law of Hayter's longtime co-Defendant Wayne Burmaster. Accordingly, Hayter would have

some control over Gallo through his familial relationship with Hayter's co-Defendant Burmaster and having the same defense counsel.

As to the third factor, Hayter and Gallo both would want the Commission's litigation to not succeed. Hayter and BIH were both Defendants in this action. Hayter claims Gallo is BIH's majority shareholder. Hence, Gallo, just like Hayter, would have a substantial financial interest in the Commission's litigation being unsuccessful.

As to the fourth factor, Gallo plays a primary role in this litigation as Hayter claims he is the person responsible for nearly all of the activities that the Commission has alleged violated the federal securities laws.

In conclusion, based on the Eleventh Circuit decision in *T.D. Bank*, the Court should: (1) allow the Commission to present to the jury evidence of Gallo invoking the Fifth Amendment to nearly all of the Commission's questions,[1] and (2) instruct the jury that it can, but is not required to, draw an adverse inference against Hayter based on Gallo's invocation of the Fifth Amendment.

Respectfully submitted,

July 30, 2014
By: s/Christopher E. Martin
Christopher E. Martin
Senior Trial Counsel
martinc@sec.gov

---

[1] If the Court were to consider Defendant Burmaster a non-party based on the default judgment entered against him, the factors enunciated in *T.D. Bank* overwhelming support the Court allowing the Commission to present to the jury evidence of Burmaster invoking the Fifth Amendment to nearly all of the Commission's questions. As to the first three factors, Hayter had a high degree of control over Burmaster and they had a very intertwined relationship. A few examples, Burmaster worked as Hayter's assistant, they shared the same office space, they were co-defendants in this case, they served as officers or directors in each other's corporations, and they shared the same defense counsel. As to the fourth factor, Burmaster's role is crucial since he and Hayter jointly carried out a fraudulent scheme to defraud BIH shareholders out of more than $1 million. Accordingly, the Court should allow the Commission to present evidence to the jury of Burmaster's invoking the Fifth Amendment and instruct the jury that it can, but is not required to, draw an adverse inference against Hayter based on Burmaster's invocation of the Fifth Amendment.

Arizona Bar No. 018486
Direct Dial No.: (305) 982-6386

Patrick R. Costello
Senior Trial Counsel
Florida Bar No. 75034
Telephone: (305) 982-6380
Facsimile: (305) 536-4154
E-mail: costellop@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Mark David Hunter, Esq.
Leser Hunter Taubman & Taubman, PLLC
255 University Drive
Coral Gables, FL 33134
Tel: (305) 629-8816
Fax: (305) 629-8877
*Counsel for Defendants Bimini Reef Real Estate, Inc.,*
*Riverview Capital Inc., Christopher L. Astrom, and Damian B. Guthrie*

and that on July 31, 2014, 2014, I served the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/ECF participants:

Edward Hayter, pro se
2167 East 21st Street, #103
Brooklyn, NY 11229

                                                               s/Christopher Martin
                                                               Christopher Martin