UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:10-CV-577-FTM-29 DNF

SECURITIES AND EXCHANGE COMMISSION,   )
                                      )
                Plaintiff,             )
                                      )
v.                                    )
                                      )
BIH CORPORATION,                      )
WAYNE A. BURMASTER, JR.,              )
EDWARD W. HAYTER,                     )
NORTH BAY SOUTH CORPORATION,          )
BIMINI REEF REAL ESTATE, INC.,        )
RIVERVIEW CAPITAL INC.,               )
CHRISTOPHER L. ASTROM, and            )
DAMIAN B. GUTHRIE,                    )
                Defendants,            )
                                      )
BARON INTERNATIONAL, INC.,            )
THE CADDO CORPORATION, and            )
BEAVER CREEK FINANCIAL CORPORATION,   )
                                      )
                Relief Defendants.     )
_____)

**PLAINTIFF'S STATUS REPORT, RENEWED MOTION RECOMMENDING
PARTICULARIZED PERMANENT INJUNCTION LANGUAGE, AND
<u>JOINT MOTION TO SET EVIDENTIARY HEARING</u>**

Plaintiff Securities and Exchange Commission files its Status Report and Renewed Motion Recommending Particularized Permanent Injunction Language against Defendant BIH Corporation, and, together with Defendants Bimini Reef Real Estate, Inc., Riverview Capital Inc., Christopher L. Astrom and Damian B. Guthrie, also files a Joint Motion to Set Evidentiary Hearing, and in support thereof, shows the Court as follows:

**I.     Status Report**

1. The Commission filed its five-count Complaint on September 20, 2010 to, among other things, restrain and enjoin Defendants Edward W. Hayter, Wayne A. Burmaster, Jr., BIH Corporation, North Bay South Corporation, Bimini Reef Real Estate, Inc., Riverview Capital Inc., Christopher L. Astrom and Damian B. Guthrie from further violating the federal securities laws in connection with a pump-and-dump scheme, which involved the unregistered offer and sale of BIH's securities. The Complaint also sought to, among other things, require the defendants to pay disgorgement with prejudgment interest and civil money penalties, and bar Defendants Hayter, Burmaster, Astrom and Guthrie from participating in any future offering of penny stock. [*See* DE 1].

2. On October 25, 2010, the Court entered Judgments of Permanent Injunction and Other Relief against Bimini Reef, Riverview Capital, Astrom and Guthrie, permanently enjoining them from further violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), ordering disgorgement with prejudgment interest and civil money penalties in amounts to be determined by the Court, and imposing penny stock bars on Astrom and Guthrie. [DE 24 & 25].

3. On September 26, 2012, following their default, the Court entered a Judgment against BIH and North Bay permanently enjoining them from further violations of Sections 5(a) and 5(c) of the Securities Act; and ordering them to pay disgorgement, jointly and severally, in the amount of $1,137,106, plus prejudgment interest of $143,421, and civil money penalties in amounts to be determined by the Court. [DE 121]. The Court directed the Commission to file separate motions recommending (i) particularized permanent injunctive language against BIH for the Commission's claims under Section 17(a) of the Securities Act, and Section 10(b) and Rule

10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"); and (ii) the amount of civil money penalties BIH and North Bay should pay. [*See id.*]

4. On March 7, 2013, pursuant to the Court's request, the Commission filed its Motion Recommending Particularized Permanent Injunction Language against BIH Corporation (the "Recommendation Motion"). [DE 140]. In the motion, the Commission proposed narrowly tailored language, consistent with the Eleventh Circuit's decision in *SEC v. Goble*, 682 F.3d 934 (11th Cir. 2012), for the permanent injunction against BIH on the Commission's claims under Section 17(a) of the Securities Act, and Section 10(b) and Rule 10b-5 of the Exchange Act. [*See id.*] Hayter filed an opposition to the Recommendation Motion on April 2, 2013. [DE 147]. Hayter claimed the proposed injunctive language was too broad insofar as it applied to BIH's "agents, servants, employees, attorneys, and all persons in active concert or participation with them," which language he contended could be read to include himself. [*See id.*]

5. By Order dated March 14, 2014 [DE 190], the Court deferred ruling on the Recommendation Motion pending disposition of the Commission's claims in this case against Hayter.

6. On April 19, 2013, pursuant to the Court's request, the Commission filed its Motion for Final Judgments against Defendants BIH Corporation, North Bay South Corporation, Bimini Reef Real Estate, Inc., Riverview Capital Inc., Christopher L. Astrom and Damian B. Guthrie (the "Final Judgment Motion"). [DE 149]. In the motion, the Commission sought to (i) hold Astrom and Bimini Reef jointly and severally liable for $262,416 of disgorgement plus $37,023 of prejudgment interest; (ii) Guthrie and Riverview Capital jointly and severally liable for $275,045 of disgorgement plus $38,805 of prejudgment interest; (3) require North Bay to pay

a civil money penalty of $102,612; and (iv) require Astrom and Guthrie each to pay a civil money penalty of $6,500.[1]

7.  By Order dated March 14, 2014 [DE 191], the Court deferred ruling on the Final Judgment Motion until such time as an evidentiary hearing could be scheduled.

8.  By Order dated July 14, 2014 [DE 206], following his default, the Court entered Judgment against Burmaster permanently enjoining him from further violations of Sections 5(a), 5(c), and 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Exchange Act; ordering him to pay disgorgement, jointly and severally with BIH and North Bay, in the amount of $1,137,106 plus prejudgment interest of $212,052, and a civil money penalty in an amount to be determined by the Court; and imposing a penny stock bar. By separate motion filed today [DE 239], the Commission is seeking a third-tier civil money penalty of $130,000 against Burmaster.

9.  The Commission's claims against Hayter were tried to a jury before this Court from August 5-8, 2014. [*See* DE 220-221 & 228]. On August 8, 2014, the jury returned a verdict of liability against Hayter on all claims asserted by the Commission. [DE 229]. The jury found Hayter (i) violated Sections 5(a), 5(c) and 17(a) of the Securities Act, and Section 10(b) and Rule 10b-5 of the Exchange Act; and (ii) aided and abetted BIH's violations of Section 10(b) and Rule 10b-5 of the Exchange Act. [*See id.*] By separate motion filed today [DE 238], the Commission is seeking (i) a permanent injunction enjoining Hayter from future violations of Sections 5(a), 5(c), and 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Exchange Act; (ii) an order finding Hayter jointly and severally liable with other Defendants for $1,121,051 of disgorgement plus $222,522 of prejudgment interest; (iii) an order imposing a

---

[1] In the Motion, the Commission also sought to dismiss its civil money penalty claims against BIH, Bimini Reef and Riverview. [*See* DE 149].

third-tier civil money penalty of $484,032 against Hayter; and (4) a penny stock bar against Hayter.

10. Accordingly, as of the filing of the instant Motion, and with the exception of the Commission's requested sanctions against Hayter and Burmaster (which, as noted above, are the subject of separate motions filed today [DE 238 & 239]), the following issues are currently outstanding in this matter:

(a) The amount of disgorgement, plus prejudgment interest, to be paid by Bimini Reef, Riverview Capital, Astrom and Guthrie, following an evidentiary hearing;

(b) The amount of civil money penalties to be paid by North Bay, Astrom and Guthrie, following an evidentiary hearing; and

(c) The particularized permanent injunction language against BIH Corporation on the Commission's claims under Section 17(a) of the Securities Act, and Section 10(b) and Rule 10b-5 of the Exchange Act; to be determined on motion of the Commission.

## II. Renewed Motion for Particularized Permanent Injunction Language against BIH

11. As the trial of this matter against Hayter now has concluded, the Commission hereby respectfully renews its Motion Recommending Particularized Permanent Injunction Language against BIH Corporation. [DE 140]. As noted above, in the motion, the Commission proposed narrowly tailored language, consistent with the Eleventh Circuit's decision in *SEC v. Goble*, 682 F.3d 934 (11th Cir. 2012), for the permanent injunction against BIH on the Commission's claims under Section 17(a) of the Securities Act, and Section 10(b) and Rule 10b-5 of the Exchange Act.

12. With respect to Hayter's objections concerning the inclusion of "agents, servants, employees, attorneys, and all persons in active concert or participation with them" within the

injunction, the Commission submits the Court should overrule the objections. First, the proposed language details specifically what conduct is prohibited and also directly complies with Fed. R. Civ. P. 65(d)(2) in the identity of the persons bound by the injunction. Second, the Court already has extended the prior injunctions it has entered in this case against Burmaster, BIH, North Bay, Bimini Reef, Riverview Capital, Astrom and Guthrie to include those parties' "agents, servants, employees, attorneys, and all persons in active concert or participation with them." [*See* DE 206 at 14, 15; DE 24 at 2; DE 25 at 2; DE 121 at 4-5]. Indeed, Burmaster raised a similar objection with respect to the language of the injunction the Commission proposed against him. The Court, however, explicitly overruled that objection, finding that the language was consistent with Fed. R. Civ. P. 65. [*See* DE 206 at 8-9]. And third, as noted above, the Commission today filed its Motion for Entry of Final Judgment of Permanent Injunction and Other Relief against Hayter. [DE 238]. As part of that motion and the proposed order and final judgment submitted therewith, the Commission has asked the Court to enter a permanent injunction against Hayter with language identical to the proposed injunction against BIH. Accordingly, any concern Hayter may have as to whether the BIH injunction extends to Hayter himself would be mooted by entry of the proposed injunction against him. [*See* DE 238-2].

13. The Commission attached a proposed order and judgment against BIH to its motion [*see* DE 140-1], and the Commission respectfully requests the Court enter the order and judgment accordingly.

III. **Joint Request for Evidentiary Hearing**

14. As noted above, the Court determined an evidentiary hearing is necessary in order to set the amount of disgorgement, plus prejudgment interest, to be paid by Bimini Reef,

Riverview Capital, Astrom and Guthrie, as well as the amount of civil money penalties to be paid by North Bay, Astrom and Guthrie.

15. The Commission, Bimini Reef, Riverview Capital, Astrom and Guthrie jointly propose the Court schedule an evidentiary hearing next month in October 2014. The parties anticipate the hearing will last no longer than four (4) hours. The parties and their counsel are available on October 15 and 16, and also on October 20.

16. A proposed order setting the hearing is attached hereto.

17. Undersigned counsel for the Commission conferred with counsel for Bimini Reef, Riverview Capital, Astrom and Guthrie, and is authorized to represent that counsel consents to the joint request for evidentiary hearing.

Respectfully submitted,

September 9, 2014     By: s/Christopher E. Martin
Christopher E. Martin
Senior Trial Counsel
martinc@sec.gov
Arizona Bar No. 018486
Direct Dial No.: (305) 982-6386

Patrick R. Costello
Senior Trial Counsel
costellop@sec.gov
Florida Bar No. 75034
Direct Dial No.: (305) 982-6380

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Mark David Hunter, Esq.
    Leser Hunter Taubman & Taubman, PLLC
    255 University Drive
    Coral Gables, FL 33134
    Tel: (305) 629-8816
    Fax: (305) 629-8877
    *Counsel for Defendants Bimini Reef Real Estate, Inc.,*
    *Riverview Capital Inc., Christopher L. Astrom, and Damian B. Guthrie*

and that on September 9, 2014, I served the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/ECF participants:

    Edward Hayter, *pro se*
    2167 East 21st Street, #103
    Brooklyn, NY 11229

    Wayne Burmaster, *pro se*
    88 Moffitt Street
    Staten Island, NY 10312

                                                s/Christopher Martin
                                                Christopher Martin