```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

SECURITIES & EXCHANGE COMMISSION,

      Plaintiff,

v.                                  Case No: 2:10-cv-577-FtM-29DNF

BIH CORPORATION, WAYNE A. BURMASTER, EDWARD W. HAYTER, NORTH BAY SOUTH CORPORATION, THE CADDO CORPORATION, and BEAVER CREEK FINANCIAL CORPORATION,

      Defendants.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff the Securities and Exchange Commission's Renewed Motion Recommending Permanent Injunction Language (Doc. #240) filed on September 9, 2014.[1] No response has been filed and the time to respond has expired. For the reasons set forth below, Plaintiff's motion is granted.

**I.**

This case is a civil enforcement action brought by the Securities and Exchange Commission (the Commission or SEC)

---

[1] The motion also contains Plaintiff's request, jointly with Defendants Bimini Reef Real Estate, Inc., Riverview Capital Inc., Christopher L. Astrom, and Damian B. Guthrie, to set an evidentiary hearing concerning the amount of disgorgement, interest, and civil money penalties to be paid by those Defendants. The Court grants the parties' request and a separate notice will issue setting an evidentiary hearing for a date in January.

concerning a scheme to "pump and dump" shares of BIH Corporation's (BIH) stock on the investing public.  The basic underlying facts are as follows:

BIH, which traded as a penny stock, claimed to be a holding company specializing in the restaurant and hospitality industry. BIH's website stated that an individual named Cris Galo (Galo), an accomplished entrepreneur, was the president and CEO of BIH.  In reality, Defendants Hayter and Wayne A. Burmaster (Burmaster) controlled every aspect of BIH.  During 2008 and 2009, in order to effectuate the pump and dump scheme, Hayter and Burmaster issued numerous fraudulent press releases on behalf of BIH.  The press releases dramatically increased the price and trading volume of BIH shares.

During the same time period, Hayter and Burmaster sold tens of millions of unregistered shares of BIH stock to various companies for little or no consideration.  One of those companies, North Bay South Corporation (North Bay), was controlled by Burmaster.  In turn, those companies sold the newly-received stock to unwitting investors at prices inflated by BIH's fraudulent press releases.  All told, those companies sold 89.8 million BIH shares for a total of $1,121,051.  The companies retained a portion of the sales proceeds and sent the remaining funds to entities controlled by Burmaster and Hayter.

**II.**

The Commission brought a five-count Complaint against Hayter, Burmaster, BIH, North Bay, and others alleging violations of the Securities Act of 1933 (the Securities Act), the Securities Exchange Act of 1934 (the Exchange Act), and Exchange Act Rule 10b-5. Following their defaults, the Court entered Judgments against BIH, North Bay, and Burmaster which, *inter alia*, enjoined them from further violations of Sections 5(a) and 5(c) of the Securities Act. (Docs. ##121, 206.) At that time, the Court found that BIH had also violated Section 17(a) of the Securities and Section 10(b) and Rule 10b-5 of the Exchange Act and that BIH should be enjoined from further violations of those provisions as well. (Doc. #121.) However, at that time, the Commission did not yet have authority to propose particularized language concerning those violations. Accordingly, the Court deferred issuing an injunction pending the Commission's proposal.

On March 7, 2013, the Commission filed its proposed injunction language. (Doc. #140-1.) Hayter objected to the proposal, arguing that, because the Commission sought to enjoin BIH and its "agents, servants, employees, attorneys, and all persons in active concert or participation with them," he would be enjoined despite the fact that the Commission's claims against him remained pending. (Doc. #147.) As a result of Hayter's objection, the Court deferred

ruling on the proposal pending disposition of the Commission's claims against Hayter.

On August 8, 2014, a jury found Hayter liable for all of the Commission's claims against him. In particular, the jury found that Hayter violated (i) Sections 5(a) and 5(c) of the Securities Act; (ii) Section 17(a)(1) of the Securities Act; (iii) Sections 17(a)(2) and 17(a)(3) of the Securities Act; and (iv) Section 10(b) and Rule 10b-5 of the Exchange Act. The jury also found that Hayter aided and abetted BIH's violations of Section 10(b) and Rule 10b-5 of the Exchange Act. As set forth in a separate Order (Doc. #247), the Court has permanently enjoined Hayter form future Securities Act and Exchange Act violations. Accordingly, it is no longer a concern that the Commission's requested injunction against BIH might also enjoin Hayter.

### III.

As set forth in its September 26, 2012 Opinion and Order, the Court has already found that the Commission was entitled to a default judgment against BIH for violations of Section 17(a) of the Securities and Section 10(b) and Rule 10b-5 of the Exchange Act. (Doc. #121.) The Court also concluded that the Commission was entitled to an injunction enjoining BIH from future violations. (Id.) Accordingly, the sole issue now before the Court is whether the specific injunction language proposed by the Commission is appropriate.

To comport with the Federal Rules of Civil Procedure, an injunction must "state its terms specifically," and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d). However, recognizing that reliance on official statutory and regulatory language may be helpful in crafting an appropriately-specific injunction, the Eleventh Circuit has held that in the context of a SEC civil enforcement action "a broad, but properly drafted injunction, which largely uses the statutory or regulatory language may satisfy the specificity requirement of Rule 65(d) so long as it clearly lets the defendant know what he is ordered to do or not do." SEC v. Goble, 682 F.3d 934, 952 (11th Cir. 2012). Having reviewed the Commission's proposed injunction, the Court finds that it clearly sets forth the acts which BIH is ordered not to do. Accordingly, it comports with Fed. R. Civ. P. 65(d) and, therefore, the Court will grant the injunctive relief requested by the Commission.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff the Securities and Exchange Commission's Renewed Motion Recommending Permanent Injunction Language (Doc. #240) is **GRANTED.** Judgment is entered in favor of Plaintiff and against Defendant BIH Corporation as set forth in the Court's September 26, 2012 Opinion and Order (Doc. #121) and as follows:

1.  BIH Corporation (BIH) and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(1)-(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(1)-(3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    a)  to employ any device, scheme, or artifice to defraud;

    b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

    by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

2.  BIH and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    a)  to employ any device, scheme, or artifice to defraud;

    b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the

     circumstances under which they were made, not misleading; or

  c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

3. The Court will retain jurisdiction over the enforcement of the judgment upon entry.

The Clerk shall enter judgment in favor of the Commission and against Defendant BIH Corporation as set forth herein and in the Court's September 26, 2012 Opinion and Order (Doc. #121).

A separate notice will issue setting a date for an evidentiary hearing regarding the amount of disgorgement, interest, and civil money penalties to be paid by Defendants Bimini Reef Real Estate, Inc., Riverview Capital Inc., Christopher L. Astrom, and Damian B. Guthrie.

**DONE and ORDERED** at Fort Myers, Florida, this  12th  day of December, 2014.

              */s/ John E. Steele*
              JOHN E. STEELE
              UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record