UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES & EXCHANGE
COMMISSION,

    Plaintiff,

v.                                       Case No:   2:10-cv-577-FtM-29DNF

EDWARD W. HAYTER, NORTH BAY
SOUTH CORPORATION, THE
CADDO CORPORATION and
BEAVER CREEK FINANCIAL
CORPORATION,

    Defendants.
_____

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**  This action came before the Court and a decision has been rendered.

      **IT IS ORDERED AND ADJUDGED** that pursuant to the Court's Opinion and Order (Doc. #265), entered on January 28, 2015, Plaintiff Securities and Exchange Commission's Motion for Final Judgments Against Defendants Bimini Reef Real Estate, Inc., Riverview Capital Inc., Christopher L. Astrom, and Damian B. Guthrie (Doc. #149) is **GRANTED IN PART and DENIED IN PART.** The Commission's claims for civil penalties against Defendants BIH Corporation, Bimini Reef Reel Estate, Inc., and Riverview Capital Inc., are **DISMISSED.** Judgment is entered in favor of Plaintiff and against Defendants Bimini Reef Real Estate, Inc., Riverview Capital Inc., Christopher L. Astrom, and Damian B. Guthrie as set forth in the Court's October 25, 2010 Judgments (Docs. ##24-25)and as follows:

    1) Defendants Christopher L. Astrom and Bimini Reef Real Estate, Inc. are liable, jointly and severally, for disgorgement in the amount of $262,416, representing profits gained as a result of the conduct alleged in the Complaint, plus prejudgment interest calculated from June 1, 2009

to October 25, 2010, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

2) Christopher L. Astrom shall pay a civil penalty in the amount of $100, pursuant to Section 20(d) of the Securities Act of 1933.

3) Defendants Damian B. Guthrie and Riverview Capital Inc. are liable, jointly and severally, for disgorgement in the amount of $110,074.50, representing profits gained as a result of the conduct alleged in the Complaint, plus prejudgment interest calculated from June 1, 2009 to October 25, 2010, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

4) Damian B. Guthrie shall pay a civil penalty in the amount of $100, pursuant to Section 20(d) of the Securities Act.

5) All amounts ordered shall be due and payable within thirty (30) days of the Court entering this Final Judgment. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961. All payments shall be made by sending a United States postal money order, certified check, bank cashier's check or bank money order payable to the Registry of the Court of the United States District Court for the Middle District of Florida under cover letter that identifies the name and number of this action, with a copy of said cover letter and money order or check to Christopher E. Martin, Esq., Securities and Exchange Commission, Senior Trial Counsel, 801 Brickell Avenue, Suite 1800, Miami, Florida, 33131.

   a) For any payments made, the party shall relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to any of them. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System (CRIS) or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the Fund), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office

of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Funds subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

b) The party shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount they pay pursuant to this Final Judgment, regardless of whether such penalty amounts or any party thereof are added to a distribution fund or otherwise used for the benefit of investors. The party further shall not claim, assert, or apply for tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts they pay pursuant to this Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

6) The Court will retain jurisdiction over the enforcement of the judgment upon entry.

Judgment is entered in favor of the Commission and against Defendants Bimini Reef Real Estate, Inc., Riverview Capital Inc., Christopher L. Astrom, and Damian B. Guthrie as set forth herein and in the Court's October 25, 2010 Judgments (Docs. ##24-25).

January 30, 2015

                                  SHERYL L. LOESCH, CLERK

                                  s/SB, Deputy Clerk

## **CIVIL APPEALS JURISDICTION CHECKLIST**

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5:** The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).