FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

2015 FEB -3  A 10: 20

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:10cv577-FTM-29 DNF ) |
| BIH CORPORATION, et al, | ) ) |
| Defendants. | ) |

### EDWARD HAYTER'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59 AND 60 FOR A NEW TRIAL OR TO ALTER AND AMEND JUDGMENT; MOTION TO SET TWENTY-ONE DAYS TO FILE A BRIEF IN SUPPORT; AND, MOTION TO ALLOW ECF ACCESS AND TO DIRECT THE CLERK TO PROVIDE A USERNAME AND PASSWORD; OR, IN THE ALTERNATIVE, MOTION TO VACATE ALL OF THE JUDGMENTS AND ISSUE A SINGLE JUDGMENT SO THAT MOTIONS AND APPEALS ARE NOT BIFURCATED

Defendant Edward Hayter ("Hayter") moves this Court pursuant Federal Rule of Civil Procedure 59 for a new trial and/or to alter and amend the judgment against him. In addition, he requests that this Court extend the time to file a supporting brief:

1. Pursuant to Federal Rule of Civil Procedure 59, Hayter seeks a new trial and/or to amend the judgment in question for several reasons.

2. This motion is timely under Federal Rule of Civil Procedure 59. The rule does not prohibit additional time to file a brief, but only requires that the motion and affidavits be filed within 28 days. Hayter is relying on the record and will not file additional affidavits.

3. To fully brief these issues, Hayter will need additional time because he has just received the transcripts in this case in the second week of January and he had problems having the various exhibits scanned and placed onto copyable format.

4. No prejudice can be claimed because the time for filing the Rule 59 motion as to the

newly issued judgments will expire after the time Hayter needs to file his brief. Specifically, this Court just issued judgments as to the other parties on January 30, 2015. The time for the Rule 59 motion as to those judgments expire February 26, 2015. Hayter seeks to file his brief before February 26.

5. Alternatively, this Court could vacate all the final judgments and combine them so the parties can properly file a Rule 59 motion and/or a notice of appeal, if they choose to, as to all judgments, rather than having several confused bifurcated judgments.

6. In addition, the exhibits Hayter will rely on are quite lengthy and difficult to mail. Under local rules, Hayter must obtain Court permission for ECF access. Hayter is familiar with the ECF process and how to upload documents using the system; however, he needs a Court Order to allow him access to the system. He needs permission to apply for the username and password.

7. The issues that hereby raised on this motion for a new trial or to alter and amend the judgment include; (a) The SEC committed misconduct resulting in plain error in leading witness Christopher Astrom and preparing him for the hearing; (b) The SEC committed misconduct during the discovery stages by representing to this Court that depositions of its attorneys were not appropriate and then calling those same attorneys as witnesses during the trial, unfairly prejudicing Hayter; (c) The SEC's content of its witness presentation of internal staff attorney Julie Russo constituted misconduct and plain error; (d) The SEC improperly admitted foreign business records that did not meet the requirements of the Federal Rules of Evidence; (e) a new trial is warranted because this Court allowed the SEC to enter "business records," such as notes from an answering service and news publishing service that contained opinions, commentary, double hearsay and comments about suspicions, into evidence with a declaration that they were business records; (f) The disgorgement against Hayter exceeded the amount

he actually received in contrast to this Court's opinion issued as to Christopher Astrom and Damian Guthrie; (g) This Court's judgment against Damian Guthrie and Christopher Astrom include the same funds disgorged against Hayter which results in the SEC receiving funds in excess of the total amount received; (h) the verdict was against the weight of the evidence; (i) the SEC presented evidence that it knew was false or misleading and took no action to notify the Court to correct the situation; and (j) the new claims of Christopher Astrom and Damian Guthrie at the evidentiary hearing held by this Court contradicted their testimony and warrants a new trial; among other issues.

8. It would be prudent to allow Hayter to fully brief these issues.

WHEREFORE, Edward Hayter respectfully requests that this Court: (1) Allow him to access the ECF system to file his brief and supporting exhibits; (2) Issue a briefing schedule on this motion granting until February 26, 2015, to file a supporting brief; (3) Vacate the judgments issued and combine them for consistency and clarify; (4) Grant a new trial and alter or amend the judgment pursuant to Rules 59 and 60.

Respectfully submitted,

_____
Edward Hayter

## CERTIFICATE OF SERVICE

I, Edward Hayter, certify that I mailed a true copy of the foregoing to the following parties on this 2nd day of February 2015.

Christopher E Martin
Securities & Exchange Commission
Miami Branch Office
801 Brickell Ave., Suite 1800
Miami, FL 33131

Clerk of Court (original + 2 copies)
United States District Court
US Courthouse and Federal Building
2110 First Street
Fort Myers, FL  33901

*[signature]*
Edward Hayter