UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:10-CV-577-FTM-29 DNF

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BIH CORPORATION, | ) |
| WAYNE A. BURMASTER, JR., | ) |
| EDWARD W. HAYTER, | ) |
| NORTH BAY SOUTH CORPORATION, | ) |
| BIMINI REEF REAL ESTATE, INC., | ) |
| RIVERVIEW CAPITAL INC., | ) |
| CHRISTOPHER L. ASTROM, and | ) |
| DAMIAN B. GUTHRIE, | ) |
| Defendants, | ) |
| | ) |
| BARON INTERNATIONAL, INC., | ) |
| THE CADDO CORPORATION, and | ) |
| BEAVER CREEK FINANCIAL CORPORATION, | ) |
| | ) |
| Relief Defendants. | ) |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
OMNIBUS RESPONSE TO DEFENDANT EDWARD W. HAYTER'S MOTIONS FOR
NEW TRIAL OR TO ALTER OR AMEND JUDGMENT; TO SET 21 DAYS TO FILE
BRIEF IN SUPPORT; TO ALLOW ECF ACCESS; AND VACATE ALL OF THE
<u>JUDGMENTS AND ISSUE A SINGLE JUDGMENT</u>**

I.      **Introduction**

Plaintiff Securities and Exchange Commission hereby files its Omnibus Response to Defendant Edward W. Hayter's Motions: (1) for New Trial or to Alter and Amend Judgment ("Motion for New Trial"); (2) to allow Hayter 21 days to file a Brief in Support of His Motion for New Trial ("Motion to File an Additional Brief"); (3) to allow ECF access ("Motion to Allow ECF Access"); and (4) to Vacate all of the Judgments and Issue a Single Judgment ("Motion to Reissue Final Judgments").  [*See* DE 269].  The Court should deny all of Hayter's Motions (except the Commission does not take position on the Motion to Allow ECF Access).

Hayter's Motion for New Trial is baseless and does not provide any legitimate reason why the Court should upset the jury's resounding verdict against him.  Hayter's Motion for New Trial consists of a series of vague and conclusory allegations, and recycled arguments.  To the extent the Commission can even figure out what grounds Hayter is even asserting, for the reasons further stated below a new trial is not warranted.

Additionally, the Court should deny Hayter's Motion to File an Additional Brief, because his request violates Local Rule 3.01(a), which requires the movant to include his entire motion in a single document.

Moreover, the Court should also deny Hayter's Motion to Reissue Final Judgments, since Hayter lacks standing to have the Court reissue any Final Judgment to which he is not a party. Also, the Court entered the first of the Final Judgments in this case more than two years ago. Hayter's request would, therefore, improperly alter at least one Final Judgment where the appeal period has already expired.

In sum, Hayter once again tries to minimize the jury's resounding verdict against him that overwhelmingly affirmed the SEC's case.  The SEC proved at trial that Hayter illegally received

more than $480,000 by carrying out a total fraud. Hayter did this by implementing a pump-and-dump scheme, which involved creating a fake CEO, issuing a series of false press releases, and Hayter conspiring with his cronies to sell tens of millions of BIH Corporations's shares at inflated prices. The evidence at trial demonstrated that virtually every word in the press releases and other public information given to shareholders was completely fabricated, and that Hayter was the ring leader and the biggest beneficiary of the fraud. The Court should, therefore, deny all of Hayter's Motions (except the Commission does not take position on the Motion to Allow ECF Access).

## II.   Relevant Procedural Background

During the course of this case, the Court has entered a number of Final Judgments against Defendants and Relief Defendants. On or about December 17, 2012, the Court entered the first of these Final Judgments. [*See* DE 126, 131 at p. 4, & 132 (Court granted the Commission's Motion for Final Judgment Against Relief Defendant Baron International, Inc.)].

More than six months ago the jury trial against Hayter concluded and the jury returned a verdict in less than an hour in the Commission's favor. [*See* DE 220-31]. Specifically, from August 5-8, 2014, the Commission claims against Hayter were tried to a jury before this Court.[1] [*See* DE 220-31]. On August 8, 2014, the jury returned a verdict of liability against Hayter on all claims asserted by the Commission. The jury found that Hayter violated: (1) Section 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"); (2) Section 17(a)(1) of the Securities Act; (3) Section 17(a)(2) and (3) of the Securities Act; (4) Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"); and (5) Hayter aided and abetted BIH Corporation's violations of Section 10(b) and Rule 10b-5 of the Exchange Act. [*See* DE 229].

---

[1] Without any explanation why he waited so long to obtain the trial transcripts, Hayter claims he received them during the second week of January 2015. [*See* DE 269 at p. 1].

After post-trial briefing, the Court sanctioned Hayter for his fraud. Specifically, the Court: (1) entered a permanent injunction enjoining Hayter from future violations of Sections 5(a), 5(c), and 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Exchange Act; (2) held Hayter jointly and severally liable with Defendants Wayne A. Burmaster, Jr., BIH, and North Bay South Corporation for $1,121,051 of disgorgement and $222,522 of prejudgment interest (with any payments made by the other Defendants or Relief Defendants proportionally reducing Hayter's total disgorgement amount); (3) imposed a third-tier pecuniary gain penalty against Hayter of $484,032; and (4) entered a permanent penny stock bar against him. [*See* DE 247 & 258].

### III.   Legal Memorandum

Rule 59(a) of the Federal Rules of Civil Procedure, provides in relevant part: "(1) **Grounds for New Trial.** The Court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." "Although a comprehensive list of the grounds for granting a new trial is elusive, the Supreme Court has held that a motion for new trial may rest on the fact that 'the verdict is against the weight of the evidence, that damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.' " *Johnson v. Clark*, 484 F.Supp.2d 1242, 1246 (M.D.Fla.2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940)).

#### A.   Hayter's Motion for a New Trial is Baseless

Hayter's grounds listed in his Motion for New Trial are frivolous. The Motion is nothing more than a series of recycled arguments and a list of vague and conclusory allegations. To the

3

extent the Commission can even figure out what grounds Hayter is even asserting, they do not merit a new trial.

In total, Hayter lists, without any specifics or cites to the record, ten purported grounds why the Court should grant him a new trial. [*See* DE 269 at pp. 2-3].

First, Hayter claims the SEC committed misconduct resulting in plain error in leading witness Defendant Christopher Astrom and preparing him for the hearing. [DE 269 at p. 2]. It is unclear what exactly Hayter is referring to, but it appears he objects to the manner of questioning by the SEC of Astrom. During the SEC's questioning of Astrom, Hayter did not object to the SEC leading Astrom, except on one occasion. Hence, except to the one question he objected to, any objections to the form of the question have been waived. For the one objection Hayter made for leading during the SEC's questioning of Astrom, this objection was sustained by the Court and the Court instructed the jury to disregard Astrom's response. [*See* August 6, 2014, Trial Transcript ("T.T.") at pp. 98-101]. Accordingly, the SEC's questioning of Astrom does not provide any basis for a new trial.

Hayter's second and third claims are that the SEC "committed misconduct during the discovery stages by representing that depositions of its attorneys were not appropriate and then calling those same attorneys as witnesses during the trial," and that the content of Julie Russo's trial testimony constituted misconduct and plain error. Hayter's initial statement is factually incorrect as the SEC only called one attorney at trial, Russo,[2] and she was not subject of a Motion to Strike.[3] Moreover, the SEC properly listed Russo on its witness list (notably, Hayter

---

[2] The SEC also called at trial two other non-attorney employees as witnesses, Raynalda Milford and Timothy Galdencio, who were both listed on the SEC's witness list. [*See* DE 179-2].

[3] Before trial the SEC filed a Motion to Strike where it objected to Hayter's listing of a number of other SEC attorneys as trial witnesses. The Court granted the SEC's Motion to Strike as it related to striking these other SEC attorneys from Hayter's witness list. None of the witnesses that were stricken from Hayter's witness list were called at trial. [*See* DE 184, 188 & 193].

4

also listed Russo as a witness on his witness list – *see* DE 179-3), and Hayter called Russo in his own case. Hence, Hayter's vague claim that the presentation of Russo as a witness provides a basis for a new trial (a witness on both parties witness list and a witness he also called) is a *non sequiter*. Lastly, Russo provided admissible, relevant testimony at trial about her firsthand knowledge of the SEC's investigation and the documents (or lack thereof) that were produced during the litigation, so Hayter's claim that there was some purported error in admitting her testimony is also baseless.[4]

Hayter's fourth and fifth claims essentially are that the SEC improperly admitted business records that did not meet the requirements of the Federal Rules of Evidence. [*See* DE 269 at p. 2]. On the first day of trial, the Court held a proceeding about the admissibility of business records and properly denied all of Hayter's objections.[5] Hayter's vague and conclusory statements (where he fails to identify what exhibit or exhibits he is even referring to) do not provide any basis for the Court to overrule its prior rulings and does not provide any basis for a new trial.

Hayter's sixth and seventh claims are that the disgorgement against him exceeded the amount he actually received and the Court's judgment against Damian Guthrie and Astrom include the same funds disgorged against Hayter which results in the SEC receiving a windfall. [*See* DE 269 at pp. 2-3]. Notably, this essential claim was made by Hayter during the post-trial briefing and the Court properly rejected it. [*See* DE 241, 244, & 247]. Once again, Hayter misconstrues what it means for a defendant, like himself, to be held jointly and severally liable.

---

[4] Notably, Hayter called Russo in his case, so he essentially making the nonsensical argument that he was prejudiced by calling his own witness to testify. [*See* August 7, 2014 TT, at pp. 78-107].

[5] At the beginning of the trial, the Court properly admitted business records that meet the requirement for admission pursuant to Federal Rules of Evidence. [*See* August 5, 2014 T.T. 3-4, Admitting Plaintiff Exs. 1, 11A, 23-24, 78, & 152-55]. For each of these exhibits the SEC properly presented a declaration from a custodian of records.

5

The Court has ruled that Hayter is jointly and severally liable with certain other Defendants for the total amount fraudulent raised, but any payment made by any Defendant or Relief Defendant proportionally reduces the total amount Hayter owes. Stated another way, at most the SEC could collect from all the Defendants and Relief Defendants in this case in disgorgement is the total amount raised. Hence, the SEC (or investors) are not receiving a windfall by holding Hayter jointly and severally liable with others (with any payments by any Defendant or Relief Defendants proportionally reducing the total amount Hayter owes).

Hayter's eighth and ninth claims are that the verdict was against the weight of the evidence; and the SEC presented evidence that it knew was false or misleading and took no action to notify the Court to correct the situation. [*See* DE 269 at p. 3]. These statements are so vague and conclusory that no response is possible except to say that Hayter's statements are completely incorrect and baseless. The weight of the evidence overwhelming demonstrated that Hayrer carried out a massive fraud and the SEC did not present any false or misleading evidence.

Hayter's tenth claim is that the "new claims" of Astrom and Guthrie at the evidentiary hearing held by this Court on January 27, 2015 contradicted their testimony and warrants a new trial. [*See* DE 269 at pp. 2-3]. Again, it is unclear what exactly Hayter is referring to. It appears Hayter is making an issue about the total amount of BIH stock proceeds Astrom and Guthrie claim they sent to Hayter.[6] However, this is not a "new claim" and this issue was known, or should have been known, to Hayter well before trial. Specifically, in May 2013 (more than a year before the trial), Astrom and Guthrie made a public filing where they claimed Guthrie additional transfers were sent to Hayter from the proceeds of BIH stock sales (in addition to the

---

[6] Contrary to Hayter's assertion that Astrom and Guthrie made "new claims", this was not a "new claim." Well before trial, the SEC and Astrom and Guthrie had a public dispute about the total amount of proceeds they sent to Hayter. The SEC's position was that Hayter received more than $480,000 from Astrom and Guthrie while their position was that they sent more than $600,000 to Hayter through additional transfers not credited by the SEC. Ultimately, the Court sided with Astrom and Guthrie on this issue. [*See* DE 265].

more than $480,000 worth of transfers the SEC showed them making to Hayter). [*See* DE 154-56, filed in May 2013]. Hence, this dispute was known, or could have been known, to Hayter before trial and was not hidden from him.

At trial, Astrom and Guthrie both testified that they sent proceeds from BIH stock sales to entities under Hayter's control, which totaled more than $480,000. [*See* August 6, 2014 T.T. at 82-84, 97, 106-07 & 116-18]. In addition, during the SEC's questioning, Astrom testified that there were other payments to Hayter.[7] The SEC did not further question them about the additional transfers and despite having knowledge, or could have had knowledge, about the additional transfer issue, Hayter never cross-examined either Astrom or Guthrie about it.[8] Hence, there is no basis for a new trial based on the testimonies of Astrom and Guthrie.[9]

### B. Hayter's Motion for Additional Briefing

Apparently recognizing that his Motion for New Trial, that he had more than six months to prepare, is devoid of any substance, Hayter asks for leave to file an additional brief. However, the Court should not allow Hayter to have two bites at the apple. All of his arguments, grounds and legal authority should have been presented within a single document. His request violates

---

[7] At trial, Astrom testified there were other payments to Hayter besides the single payment the SEC presented to jury. [*See* Aug. 6, 2014 T.T. 97-98].

[8] This not surprising since the testimony of Astrom and Guthrie on this issue is unfavorable to Hayter. If they sent more to Hayter than the $484,032 claimed by the SEC at trial, then Hayter received even more money from fraud (hence, Hayter's pecuniary gain civil penalty would have been even be higher).

[9] Assuming arguendo, that there was any inconsistency between what Astrom and Guthrie testified to at trial and what they testified to at the evidentiary hearing after trial regarding the additional transfers, this evidence was known to Hayter before trial, it does not amount to anything more than potentially impeaching evidence and this evidence would not produce a different outcome at trial; therefore, this issue does not provide any basis for a new trial. For example, in the context of a motion for relief from judgment under Rule 60(b)(2) a party claiming there is new evidence must meet a strict five-part test: (1) the evidence must be newly discovered since the trial; (2) the movant must have exercised due diligence in discovering the new evidence; (3) the evidence cannot be merely cumulative or impeaching; (4) the evidence must be material; and (5) the new evidence must be such that it would produce a different outcome in the underlying action. *FTC v. First Guaranty Mortgage Corp.*, No. 09-61480-CIV, 2012 WL 1676746 at *1 (S.D. Fla. May 14, 2012); citing *Kissinger-Campbell v. C. Randall Herrell,* 418 Fed. Appx. 797, 804-05 (11th Cir. 2011).

7

Local Rule 3.01, which requires in "a motion or other application for an order, *the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include **in a single document*** not more than twenty-five (25) pages."  [Emphasis added]. The Court should, therefore, not allow Hayter to violate the Local Rules and deny his Motion for Additional Briefing.

### C. Hayter's Motion to Reissue Final Judgments

For two primary reasons, the Court should deny Hayter's Motion to Reissue Final Judgments.  First, Hayter is requesting the Court to reissue Final Judgments to which he is not a party.  Hence, Hayter lacks standing to have the Court reissue any Final Judgment, except the Final Judgment against him.  Second, the Court entered the first of these Final Judgments more than two years ago.  Hayter's request would, therefore, improperly alter Final Judgments where the appeals period has already expired.  For both of these reasons, the Court should deny Hayter's Motion to reissue Final Judgments.

In conclusion, the Court should deny Hayter's Motions (except the Commission does not take position on whether the Court should allow him ECF access).

          Respectfully submitted,

February 17, 2015      By: s/Christopher E. Martin
      Christopher E. Martin
      Senior Trial Counsel
      martinc@sec.gov
      Arizona Bar No. 018486
      Direct Dial No.:  (305) 982-6386

      Patrick R. Costello
      Senior Trial Counsel
      Florida Bar No. 75034
      Telephone: (305) 982-6380
      Facsimile: (305) 536-4154

E-mail:  costellop@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida  33131
Telephone:  (305) 982-6300
Facsimile:   (305) 536-4154

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Mark David Hunter, Esq.
Leser Hunter Taubman & Taubman, PLLC
255 University Drive
Coral Gables, FL 33134
Tel:  (305) 629-8816
Fax: (305) 629-8877
*Counsel for Defendants Bimini Reef Real Estate, Inc.,*
*Riverview Capital Inc., Christopher L. Astrom, and Damian B. Guthrie*

and that on February 17, 2015, I served the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/ECF participants:

Edward Hayter, *pro se*
2167 East 21st Street, #103
Brooklyn, NY 11229

Wayne Burmaster, *pro se*
88 Moffitt Street
Staten Island, NY 10312

 s/Christopher E. Martin
 Christopher Martin

9