FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

2015 MAY 15 A 10: 57

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS FLORIDA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:10cv577-FTM-29 DNF ) |
| BIH CORPORATION, et al, | ) RE: Entry 269 ) |
| Defendants. | ) |

**EDWARD HAYTER'S MEMORANDUM IN SUPPORT OF THE MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59 AND 60 FOR A NEW TRIAL OR TO ALTER AND AMEND JUDGMENT; MOTION TO SET TWENTY-ONE DAYS TO FILE A BRIEF IN SUPPORT; AND, MOTION TO VACATE ALL OF THE JUDGMENTS AND ISSUE A SINGLE JUDGMENT SO THAT MOTIONS AND APPEALS ARE NOT BIFURCATED[1]**

Defendant Edward Hayter ("Hayter") files this, his memorandum in support of the omnibus motion filed on February 3, 2015, at entry 269:

### I. This Court should enter a clear, final judgment as to all parties

In this case, the Court entered various judgments, default judgments, amended judgments, and amended default judgments as to various parties. Only the last judgment is the final judgment which is appealable (and subject to a Rule 59 and 60 motion). *See* Fed. R. Civ. Proc. 54(b); *Williams v. Bishop*, 732 F3d 885, 885-886 (11th Cir. 1984). It is unclear if all matters are now resolved or if there are additional judgments to be rendered. If the judgment against Hayter was not the final judgment in this case, his Rule 59 and 60 motion was premature and should be dismissed without prejudice for refiling

---

[1] Hayter notes in his motion he raised several other issues relating to the trial, such as the Court's acceptance of myriad documents as business records when they actually contained thoughts and opinions of undisclosed third parties, foreign records not authenticated as required by foreign law, business records without any foundation as to whether the custodian met the requirements of the rules, etc. However, these points were objected to in written memorandum at Entries 217, 218, and other filings. To the extent that the Court did not consider the written objections, Hayter requests that the matter be revisited considering the nature of the documents in question. However, if the Court fully considered the written objections when admitting the documents, then the matter can be determined by the appeals court with no further action. The same holds true for the other new trial issues that Hayter raised which are more appropriate for appeal.

1

after the final judgment.

However, due to the sheer number of judgments, amendments thereto, and parties, Hayter had no way and still has no way to determine if judgments are finished being issued. In addition, it is unclear whether the disgorgements are jointly and severely as to all parties or just some of the parties.

As a matter of clearness, this Court should enter a complete final judgment or designate which judgment was the final judgment.

## II. Contrary to the SEC's misrepresentations, the disgorgement judgment is not jointly and severally with all defendants.

Hayter objected to the judgment against him not reflecting that it is jointly and severally with all defendants. The SEC falsely asserted in its response at document 244, page 4, states that "at most the SEC could collect from all the Defendants and Relief Defendants in this case in disgorgement is the total amount raised. Hence, the SEC (or investors) would not be receiving a windfall by holding Hayter jointly and severally liable with others (with any payments by any Defendant or Relief Defendants proportionally reducing the total amount Hayter owes).

However, the judgment against Hayter only holds him jointly and severally liable with some defendants. Specifically, only some corporate defendants and Wayne Burmaster are listed. The judgment is not jointly and severally as to all defendants or worded in any way to assure that the SEC's promise that "any payments by any Defendant or Relief Defendants proportionally reducing the total amount Hayter owes).

## III. The Judgments Are Inconsistent

On the one hand, this Court held in its Opinion and Order at Document 247, page 8, that "when parties act in concerto violate securities laws, each party is jointly and severally liable for disgorgement of ill-gotten gains even if a party did not receive the proceeds." It then used this reasoning to hold Hayter liable for over one million dollars. Subsequently, in this Court's Order at entry 265, page 5-6, this Court held that money transferred to Hayter did not constitute receipt of purported ill-gotten gains.

2

This Court's latter reasoning appears correct. Therefore, the amount that Hayter should have to disgorge are amounts he actually received which is *zero*.

### IV. The SEC never proved or demonstrated that any funds constituted "profits" and, by not providing Hayter a hearing, this Court violated his due process rights.

In this case, all of the funds received were transferred to various companies that the SEC claimed that Hayter controlled. At trial, the uncontroverted testimony revealed that the purpose of the payments to the corporations was to pay debts for two restaurants sold to BIH Corporation's predecessor, Prime Restaurants. The SEC provided no evidence or claim that the money went for any profit by any person. Applying this Court's reasoning in its opinion at Document 265, page 6-7, the SEC failed to demonstrate that any funds were profits.

This Court seems to have applied the fact that other defendants defaulted to make it appear that the facts were uncontested by those entities; however, the default can only be applied to those persons.

Hayter notes that this Court entered judgment against him and determined the amounts without a hearing, which Hayter asserts was error. At a hearing, Hayter could have asked the Court to take judicial notice of the uncontroverted testimony and the fact that nothing demonstrates Hayter, BIH Corp., Caddo Corporation, or Beaver Creek Financial received any "profits" from the sale of stock or that there was any profit at all. The SEC never demonstrated or provided evidence of the cost of the shares that were sold.

### V. Any Expenses Attributable to Damian Guthries Must Also Reduce the Disgorgement Amount Against Edward Hayter

As explained above, Hayter was not afforded a hearing prior to this Court imposing the amounts of disgorgement against him. Damian Guthrie and Christopher Astrom did receive a hearing. At the hearing, Guthries successfully argued that several thousand dollars of funds were not profits, but were expenses such as brokerage fees and other costs.

Hayter's disgorgement, as admitted by the SEC at Entry 244, page 4, consists of the totality of

the alleged scheme. (On the other hand, this Court did not hold Guthrie responsible for Hayter's actions, so the "jointly and severally" only went one way). The SEC then explains that any amount paid by any defendant necessarily reduces the amounts Hayter owes. *Id.* Since the SEC is only entitled to disgorge profits, it cannot claim that Guthrie's expenses were profits for Hayter. As a result, this Court must reduce Hayter's judgment for the same expenses that Guthries incurred and that this Court reduced from the amounts in question.

### VI. The Court's prejudgment interest scheme applied at Entry 265 as to the Bimini Reef defendants differs from the scheme applied to Hayter.

In this case, at Entry 265, pages 7-9, this Court applied a prejudgment interest rate on that disgorgement amount that differs from that amount it applied to Hayter at entry 247. Hayter asserts that this is an example of the prejudice that he experienced from the bifurcated nature of the SEC treating this case as separate cases and having separate hearings. Indeed, Hayter was not afforded a hearing before this Court entered judgment against him. Had the hearings have been combined, Hayter would certainly have adopted the positions of his co-defendants. Because no hearing occurred, Hayter's due process rights were violated and inconsistent standards were applied. While the SEC pointed out that Guthrie and Astrom agreed to bifurcated judgments, *see* Entry 149, page 11, there has never been a motion filed to bifurcate the parties or separate the matters. Hayter asserts that the SEC's unilateral bifurcation prejudiced him with respect to this issue, and as demonstrated above, the jointly and severally and profits issues.

WHEREFORE, Defendant Edward Hayter respectfully requests that this Court grant the omnibus motion.


Respectfully submitted,

*/s/ Edward Hayter*
Edward Hayter

## CERTIFICATE OF SERVICE

I, Edward Hayter, certify that I mailed a true copy of the foregoing to the following parties on this 13th day of May 2015.

Christopher E Martin
Securities & Exchange Commission
Miami Branch Office
801 Brickell Ave., Suite 1800
Miami, FL 33131

Clerk of Court (original + 2 copies)
United States District Court
US Courthouse and Federal Building
2110 First Street
Fort Myers, FL  33901

*/s/ Edward Hayter*

Edward Hayter