**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

**CASE NO. 2:10-CV-577-FTM-29 DNF**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BIH CORPORATION, | ) |
| WAYNE A. BURMASTER, JR., | ) |
| EDWARD W. HAYTER, | ) |
| NORTH BAY SOUTH CORPORATION, | ) |
| BIMINI REEF REAL ESTATE, INC., | ) |
| RIVERVIEW CAPITAL INC., | ) |
| CHRISTOPHER L. ASTROM, and | ) |
| DAMIAN B. GUTHRIE, | ) |
| Defendants, | ) |
| | ) |
| BARON INTERNATIONAL, INC., | ) |
| THE CADDO CORPORATION, and | ) |
| BEAVER CREEK FINANCIAL CORPORATION, | ) |
| | ) |
| Relief Defendants. | ) |
| | ) |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO
DEFENDANT EDWARD W. HAYTER'S MEMORANDUM IN SUPPORT OF HIS
MOTIONS FOR NEW TRIAL OR TO ALTER OR AMEND JUDGMENT AND
<u>VACATE ALL OF THE JUDGMENTS AND ISSUE A SINGLE JUDGMENT</u>**

I.      **Introduction**

Pursuant to the Court's May 1, 2015 Order (DE 270), Plaintiff Securities and Exchange Commission hereby files its Response to Defendant Edward W. Hayter's Memorandum in Support (*see* DE 274) of His Motion: (a) for New Trial ("Motion for New Trial"); (b) Alter and Amend Judgment ("Motion to Alter or Amend the Final Judgment"); (c) to Vacate all of the Judgments and Issue a Single Judgment ("Motion to Reissue Final Judgments"). [*See* DE 269].[1] Despite being given months of extra time, Hayter's Memorandum is devoid of any case law or evidence in support of his Motions. For the foregoing reasons, the Court should deny Hayter's baseless and unsupported Motions.

Hayter has essentially abandoned his Motion for New Trial, which did not provide any legitimate reason for the Court to upset the jury's resounding verdict against him. Hayter's Motion for New Trial consisted of a series of vague and conclusory allegations, and recycled arguments.[2] [*See* DE 269]. In his Memorandum in Support, that he had months to prepare, Hayter does not provide any additional evidence, case law or clarification of what specific allegations he is making. The Court can, therefore, easily dispense with and deny Hayter's Motion for New Trial as Hayter did not provide any basis for the Court to hold a new trial.

In substance, Hayter's Motion to Alter or Amend the Final Judgment is a Motion for Reconsideration. Hayter recycles many of his same arguments the Court already denied when it entered Final Judgment against Hayter. As further discussed below, Hayter also makes a few

---

[1] Within DE 269, Hayter filed two other motions, which are now moot. He asked the Court for additional time to file a brief in support, which was granted. Additionally, he asked for ECF Access so he could file "lengthy and difficult to mail" exhibits, which was denied. [*See* DE 270]. Although, the Court did grant him leave to file with the Clerk a CD or DVD containing PDF versions of his exhibits. [*See Id.*]. However, Hayter failed to file *any* exhibits in support of his various Motions.

[2] To the extent the Commission can even figure out what grounds Hayter is even asserting, a new trial is clearly not warranted. [*See e.g.,* DE 270, pp. 3-7].

new arguments, which are also meritless. For example, he speciously claims that he was denied a hearing while knowing full well that the evidence relied upon by the Commission was introduced at the jury trial, which he attended and where he presented his own evidence. Another example, Hayter claims without any analysis that different time periods were used to calculate prejudgment interest or different approaches were used to calculate disgorgement. These vague and conclusory statements do not provide any basis to recalculate Hayter's disgorgement. The Court properly calculated Hayter's disgorgement, because, among other reasons, the Court has wide discretion in setting prejudgment interest, exactitude is not a requirement, and all is required is a reasonable approximation. [*See* DE 247, pp. 8-10]. Simply put, none of Hayter's various reasons provide any basis for the Court to grant Hayter's Motion to Alter or Amend the Final Judgment.

Moreover, the Court should also deny Hayter's Motion to Reissue Final Judgments, since Hayter lacks standing to have the Court reissue any Final Judgment to which he is not a party. Also, the appeal period has already expired on several of the Final Judgments. Hayter's request would, therefore, improperly alter several Final Judgments where the appeal period has already expired.

In sum, Hayter once again tries to minimize the jury's resounding verdict against him that overwhelmingly affirmed the Commission's case. The Commission proved at trial that Hayter illegally received more than $480,000 by carrying out a total fraud. Hayter did this by implementing a pump-and-dump scheme, which involved creating a fake CEO, issuing a series of false press releases, and Hayter conspiring with his cronies to sell tens of millions of BIH Corporation's shares at inflated prices. The evidence at trial demonstrated that virtually every word in the press releases and other public information given to shareholders was completely

fabricated, and that Hayter was the ring leader and the biggest beneficiary of the fraud. The Court should, therefore, deny all of Hayter's Motions.

## II. Relevant Procedural Background

During the course of this case, the Court has entered a number of Final Judgments. On or about December 17, 2012, the Court entered the first of these Final Judgments. [*See* DE 126, 131 at p. 4, & 132 (Court granted the Commission's Motion for Final Judgment Against Relief Defendant Baron International, Inc.)]. On December 31, 2014, a Final Default Judgment was entered against Defendant Wayne Burmaster. [*See* DE 254]. On March 17-18, 2015, two Amended Judgments were entered in this matter [*See* DE 271-72 (Final Judgments against Defendants North Bay South Corporation and BIH Corporation)].

Last summer, the jury trial against Hayter concluded and the jury returned a verdict in less than an hour in the Commission's favor. [*See* DE 220-31]. Specifically, from August 5-8, 2014, the Commission claims against Hayter were tried to a jury before this Court. [*See* DE 220-31]. On August 8, 2014, the jury returned a verdict of liability against Hayter on all claims asserted by the Commission. The jury found that Hayter violated: (1) Section 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"); (2) Section 17(a)(1) of the Securities Act; (3) Section 17(a)(2) and (3) of the Securities Act; (4) Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"); and (5) Hayter aided and abetted BIH Corporation's violations of Section 10(b) and Rule 10b-5 of the Exchange Act. [*See* DE 229].

After post-trial briefing, the Court sanctioned Hayter for his fraud. Specifically, the Court: (1) entered a permanent injunction enjoining Hayter from future violations of Sections 5(a), 5(c), and 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Exchange Act; (2) held Hayter jointly and severally liable with Defendants Wayne A. Burmaster, Jr., BIH, and

North Bay South Corporation for $1,121,051 of disgorgement and $222,522 of prejudgment interest (with any payments made by the other Defendants or Relief Defendants proportionally reducing Hayter's total disgorgement amount); (3) imposed a third-tier pecuniary gain penalty against Hayter of $484,032; and (4) entered a permanent penny stock bar against him. [*See* DE 247 & 258].

### III. Legal Memorandum

Rule 59(a) of the Federal Rules of Civil Procedure, provides in relevant part: "(1) **Grounds for New Trial.** The Court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." "Although a comprehensive list of the grounds for granting a new trial is elusive, the Supreme Court has held that a motion for new trial may rest on the fact that 'the verdict is against the weight of the evidence, that damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.' " *Johnson v. Clark*, 484 F.Supp.2d 1242, 1246 (M.D.Fla.2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940)).

#### A. Hayter's Motion for a New Trial is Baseless

Hayter lists ten frivolous grounds for a new trial in his Motion for New Trial. [DE 269]. The Motion is nothing more than a series of recycled arguments and a list of vague and conclusory allegations. Despite being given amble time to bolster his grounds, Hayter's Memorandum in support of a New Trial (DE 274) does not shed any light on what specific grounds Hayter is basing his Motion for New Trial and he fails to provide any case law or evidence in support of his Motion for New Trial. To the extent the Commission can even figure

out what grounds Hayter is even asserting, they do not merit a new trial. Since the Commission already addressed Hayter's ten grounds in its Response to his Motion for New Trial (see DE 270), we will not address them here. Instead, we incorporate by reference pages 3 through 7 of the Commission's Response to Hayter's Motion for New Trial, which addresses each of Hayter's ten purported grounds why the Court should grant him a new trial. [*See Id.*, pp. 3-7]. Simply put, Hayter's did not provide any grounds for the Court to grant him a new trial and the Court should, therefore, deny his Motion for a New Trial.

### B. Hayter's Motion to Alter or Amend the Final Judgment

In substance, Hayter's Motion to Alter or Amend the Final Judgment is a Motion for Reconsideration. Hayter recycles many of his same arguments the Court already denied when it entered Final Judgment against Hayter. For example, Hayter continues to make his dubious claim that the Commission never demonstrated that he made profits, which the Court has already denied. [*See* DE 241, p. 2; DE 247, p. 13; & DE 274, p. 3]. Another example, Hayter continues to claim that the Final Judgment is not "worded in any way to assure the SEC's promise 'any payments by any Defendant or Relief Defendants proportionally re[duces] the total amount Hayter owes.'" [*See* DE 274, p. 2]. In reality, the Final Judgment against Hayter already contains the language Hayter seeks, since it plainly states that Hayter is jointly and severally liable with Burmaster, BIH Corporation, and North Bay South Corporation "for a total of $1,343,573 (with any payments made by the other Defendants or Relief Defendants proportionally reducing Hayter's total disgorgement and prejudgment amount)." [*See* DE 247, p. 19 (emphasis added)]. The Court should not reconsider any of its prior rulings regarding Hayter and should, therefore, deny Hayter's Motion to Alter or Amend the Final Judgment.

5

Furthermore, Hayter makes a few new arguments, which also meritless. First, he speciously claims that he was denied a hearing while knowing full well that the evidence relied upon by the Commission was introduced at the jury trial, which he attended and where he presented his own evidence. Second, Hayter illogically claims additional funds sent to him, do not constitute the receipt of ill-gotten gains. Hayter's specious reasoning does not make sense.[3] Third, Hayter claims without any analysis that different time periods were used to calculate prejudgment interest or different approaches were used to calculate disgorgement. These vague and conclusory statements do not provide any basis to recalculate Hayter's disgorgement. The Court properly calculated Hayter's disgorgement, because, among other reasons, the Court has wide discretion in setting prejudgment interest, exactitude is not a requirement, and all is required is a reasonable approximation, which the Commission provided. [*See Id.*, pp. 8-10]. In sum, none of Hayter's various reasons provide any basis for the Court to grant Hayter's Motion to Alter or Amend the Final Judgment.

**C.    Hayter's Motion to Reissue Final Judgments**

For two primary reasons, the Court should deny Hayter's Motion to Reissue Final Judgments. First, Hayter is requesting the Court to reissue Final Judgments to which he is not a party. Hence, Hayter lacks standing to have the Court reissue any Final Judgment, except the Final Judgment against him. Second, Hayter's request would improperly alter Final Judgments where the appeals period has already expired. For both of these reasons, the Court should deny Hayter's Motion to reissue Final Judgments.

---

[3] Defendant Damian Guthrie testified that he sent more of the sales proceeds to Hayter (via Defendant Christopher Astrom) than the Commission credited him. The Court accepted Guthrie's testimony and reduced his disgorgement by the additional sales proceeds he claimed he sent Hayter. Based on this testimony, Hayter received more profits from his fraud - not less like he claims.

6

In conclusion, the Court should deny all of Hayter's Motions.

Respectfully submitted,

May 29, 2015                        By: s/Christopher E. Martin
                                        Christopher E. Martin
                                        Senior Trial Counsel
                                        martinc@sec.gov
                                        Arizona Bar No. 018486
                                        Direct Dial No.: (305) 982-6386

                                        Patrick R. Costello
                                        Senior Trial Counsel
                                        Florida Bar No. 75034
                                        Telephone: (305) 982-6380
                                        Facsimile: (305) 536-4154
                                        E-mail: costellop@sec.gov

                                        Attorneys for Plaintiff
                                        **SECURITIES AND EXCHANGE COMMISSION**
                                        801 Brickell Avenue, Suite 1800
                                        Miami, Florida  33131
                                        Telephone:  (305) 982-6300
                                        Facsimile:   (305) 536-4154

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Mark David Hunter, Esq.
Leser Hunter Taubman & Taubman, PLLC
255 University Drive
Coral Gables, FL 33134
Tel:  (305) 629-8816
Fax: (305) 629-8877
*Counsel for Defendants Bimini Reef Real Estate, Inc.,*
*Riverview Capital Inc., Christopher L. Astrom, and Damian B. Guthrie*

and that on May 29, 2015, I served the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/ECF participants:

7

Edward Hayter, *pro se*
2167 East 21st Street, #103
Brooklyn, NY 11229

Wayne Burmaster, *pro se*
88 Moffitt Street
Staten Island, NY 10312

s/Christopher E. Martin
Christopher Martin
