UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES    &    EXCHANGE
COMMISSION,

   Plaintiff,

v.         Case No: 2:10-cv-577-FtM-29DNF

EDWARD W. HAYTER, NORTH BAY
SOUTH CORPORATION, THE CADDO
CORPORATION,   and   BEAVER
CREEK FINANCIAL CORPORATION,

   Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant Edward W. Hayter's Motion to Alter Judgment (Doc. #269) filed on February 3, 2015. Plaintiff riled a Response (Doc. #270) on February 17, 2015. With leave of the Court, Defendant filed an additional Memorandum in Support (Doc. #274) on May 15, 2015, to which Plaintiff filed a Response (Doc. #275) on May 29, 2015. For the reasons set forth below, the motion is denied.

**I.**

This case is a civil enforcement action brought by the Securities and Exchange Commission (the Commission or SEC) concerning a "pump and dump" scheme committed by Defendants Edward W. Hayter (Hayter), Wayne A. Burmaster (Burmaster), BIH Corporation (BIH), North Bay South Corporation (North Bay), and others. The Commission brought a five-count Complaint against

Hayter, Burmaster, BIH, North Bay, and others alleging violations of the Securities Act of 1933 (the Securities Act), the Securities Exchange Act of 1934 (the Exchange Act), and Exchange Act Rule 10b-5.  Hayter proceeded to trial, where a jury found him liable for all of the Commission's claims against him.  (Doc. #229.) Subsequently, the Court entered judgment against Hayter which ordered him to pay disgorgement of ill-gotten gains, assessed civil penalties, enjoined him from committing future securities violations, and barred him from making future offerings of penny stocks.  (Doc. #247)  Following its default, the Court entered similar judgments against BIH, an entity controlled by Hayter and Burmaster. (Docs. #121, 248.)  Hayter now moves to alter or amend those judgments.

## II.

"A Rule 59(e) motion to alter or amend is an extraordinary request seeking a drastic remedy." Smith v. United States, No. 10-CV-1064, 2011 WL 4002195, at *1 (M.D. Fla. Sept. 2, 2011). "Such a motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  Accordingly, the motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow Constr. Corp. v.

<u>Sarasota/Manatee Airport Auth.</u>, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993); <u>PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.</u>, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).   "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based."   <u>Taylor Woodrow</u>, 814 F. Supp. at 1072–73.

**III.**

Hayter requests (1) that the Court issue an omnibus final judgment for ease of appealability; and (2) that the Court amend the judgment entered against him to correct various errors regarding the imposition of joint and several liability, disgorgement, and prejudgment interest.[1]   (Doc. #274.)   Each request is addressed in turn.

**A.   Combined Judgments**

Hayter correctly notes that this case has resulted in the issuance of separate judgments against various Defendants and

---

[1] Hayter's initial Motion (Doc. #269) also took issue with the admittance of certain evidence at trial.   Hayter notes that he raised these issues in written pre-trial objections.   (<u>See, e.g.</u>, Docs. ##217-18.)   Those objections were denied by the Court for the reasons stated on the record on August 5, 2014.   Although he is not clear, it appears that Hayter has abandoned these arguments here and instead seeks to raise them on appeal.   (Doc. #274, p. 1 n.1.)   Accordingly, the Court will limit its analysis to the issues addressed by Hayter in his Memorandum in Support.   However, to the extent Hayter continues to seek relief based upon his contention that the Court's evidentiary rulings were incorrect, that portion of his motion is denied.

groups of Defendants.  Hayter argues that he is unable to determine whether additional judgments are forthcoming or which judgments are applicable to him.  Hayter therefore requests that the Court enter an omnibus final judgment in order to eliminate his confusion.

As an initial matter, Hayter has no basis for seeking re-issuance of judgments against Defendants other than himself or BIH (an entity which he controlled/controls).  Hayter is correct that the judgments against him and against BIH were issued separately.  However, this occurred because BIH defaulted while Hayter proceeded to trial.  Accordingly, the Commission was entitled to judgment against BIH long before the jury determined Hayter's liability.  The Court finds no grounds to vacate these judgments and issue a new omnibus judgment as requested by Hayter.  However, for the sake of clarity, the Court will provide a brief summary of the relevant Opinions and Orders underlying the judgments against Hayter and BIH.

Judgment was entered against Hayter on January 6, 2015.  (Doc. #258).  As set forth therein, judgment is entered against Hayter pursuant to the Court's December 12, 2014 Opinion and Order (Doc. #247).  An Amended Judgment was entered against BIH on March 18, 2015.[2]  (Doc. #272.)  As set forth therein, judgment is entered

---

[2] The amendment corrected a typographical error in the original Judgment (Doc. #255).

against BIH pursuant to the Court's September 26, 2012 Opinion and Order (Doc. #121) and pursuant to Court's December 12, 2014 Opinion and Order (Doc. #248).[3]  In sum, to determine the scope of the judgments applicable to Hayter, one need only review three Opinions and Orders.   (Docs. ##121, 247, 248).   While the existence of three separate Opinions and Orders may not be Hayter's preference, the Court is satisfied that the judgments are sufficiently clear to allow Hayter to understand their contents and challenge them on appeal if he so chooses.   Accordingly, this portion of Hayter's motion is denied.

## B.    Joint and Several Liability, Disgorgement, and Prejudgment Interest

In its December 12, 2014 Opinion and Order, the Court found Hayter, Burmaster, BIH, and North Bay jointly and severally liable for disgorgement of $1,121,051 (the total amount gained via the pump and dump scheme) and prejudgment interest thereon in the amount of $222,522.  (Doc. #247.)  Hayter argues that the judgment entered against him pursuant to that Opinion and Order must be amended because the Court committed various errors in arriving at the amounts Hayter must disgorge.

---

[3] To the extent Hayter objects to the fact that the Amended Judgment against BIH references two separate Opinions and Orders, the Court notes that this was the result of *Hayter's* request that the Court delay ruling on the Commission's request for a permanent injunction against BIH until after Hayter's personal liability was resolved at trial.   The Court granted Hayter's request and, as a result, issued one Opinion and Order concerning liability and disgorgement (#121), and a second Opinion and Order concerning injunctive relief (Doc. #248) following the jury's verdict against Hayter.

First, Hayter argues that the Court must amend the judgment entered against him to specify that any disgorgement amount paid by any other Defendant proportionally reduces the disgorgement amount owed by Hayter.  The Court disagrees, as its prior Opinions and Orders clearly address this issue.  For example, in its Opinion and Order granting the Commission's motion for final judgment against Hayter, the Court explained that "any disgorgement paid by any defendant will proportionally reduce the amount owed by the remaining defendants.  Accordingly, the total disgorgement paid to the Commission[] cannot exceed $1,121,051 plus interest." (Doc. #247, p. 9 n.1.)  In that same Opinion and Order, the Court further explains that this principle applies to "any payments made by the other Defendants or Relief Defendants."  (Id. at p. 19.)  As explained above, the Judgment against Hayter (Doc. #258) specifically states that it is made pursuant to the Court's December 12, 2014 Opinion and Order (Doc. #247).  Thus, the Court sees no need to amend its judgment to reflect Hayter's requested clarification.

Second, Hayter contends that the Court erred in holding him liable for disgorgement of the entire amount gained by the pump and dump scheme ($1,121,051), while at the same time ordering other Defendants to disgorge only the amounts they personally received. Hayter argues the judgment against him should be amended to require him to disgorge only his personal profit.  According to Hayter, that amount is zero because the amounts received by BIH and other

entities he controlled were not profits from the scheme but instead legitimate payments for unrelated debts.

The law is clear that "joint and several liability is appropriate in securities laws cases where two or more individuals or entities have close relationships in engaging in illegal conduct," SEC v. Calvo, 378 F.3d 1211, 1215 (11th Cir. 2004), and "a personal financial benefit is not a prerequisite for joint and several liability." SEC v. Monterosso, 756 F.3d 1326, 1337-38 (11th Cir. 2014). At trial, the Commission demonstrated that Hayter was an integral part of a scheme in which he and Burmaster used BIH, North Bay, and other companies to dump approximately $1,121,051 of BIH stock on the investing public, and the jury found Hayter liable for each of the five securities violations alleged by the Commission. In so finding, the jury necessarily rejected Hayter's argument that the payments received by entities under his control were unrelated to the scheme. Thus, the Court finds no grounds to amend the portion of its judgment finding that Hayter is jointly and severally liable for disgorgement of the entire amount gained by the scheme he spearheaded.

Finally, Hayter argues that the Court was inconsistent in its imposition of prejudgment interest. While the motion is not clear, the Court assumes that Hayter is referring to the fact that the Court ordered Defendants Bimini Reef Real Estate Inc. (Bimini Reef), Riverview Capital Inc. (Riverview), Christopher L. Astrom (Astrom), and Damian B. Guthrie (Guthrie) to pay prejudgment

interest for the period beginning June 1, 2009 and ending October 25, 2010, while the Court ordered Hayter to pay prejudgment interest for the period beginning May 1, 2009 and ending August 31, 2014.  As an initial matter, the Court notes that Hayter did not challenge the Commission's calculation of prejudgment interest when he responded to their motion for entry of final judgment against him.  Nevertheless, even if had made such an argument, the differing prejudgment interest periods simply reflect Hayter and the other Defendants' differing circumstances.

First, Bimini Reef, Riverview, Astrom, and Guthrie each entered into consent judgments with the Commission which specified that the interest period for those Defendants would begin on June 1, 2009.  (Docs. ##24-25.)  Hayter and the Commission made no such agreement.  At trial, the Commission provided ample evidence that sales of BIH stock which generated the proceeds from the pump and dump scheme concluded in April 2009.  Therefore, Hayter (and the other Defendants) were in possession of the scheme's ill-gotten gains on or before May 1, 2009 and owe prejudgment interest beginning on that date.  See SEC v. Yun, 148 F. Supp. 2d 1287, 1293 (M.D. Fla. 2001) (The purpose of prejudgment interest is "to divest those found liable under the securities laws of any benefit accrued from the use of the ill-gotten gain."), aff'd in part and vacated in part on other grounds, 327 F.3d 1263.

Second, the Court concluded that Bimini Reef, Riverview, Astrom, and Guthrie's prejudgment interest period would end on

- 8 -

October 25, 2010, the date the consent judgments were entered against them.  Here, judgment was not entered against Hayter until January 6, 2015.  (Doc. #258.)  If, as Hayter suggests, the Court treated all Defendants equally, Hayter would owe *additional* prejudgment interest for the period beginning September 1, 2014 and ending January 6, 2015.  Thus, the Court's decision to end Hayter's prejudgment interest period on August 31, 2014 (the last full month before the Commission moved for final judgment against him) operated to Hayter's benefit, not his detriment.  Therefore, the Court finds no grounds to amend the portion of its judgment requiring Hayter to pay prejudgment interest for the period beginning May 1, 2009 and ending August 31, 2014.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion to Alter Judgment (Doc. #269) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __1st__ day of June, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record